# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.,*

Plaintiffs,

v.

JOHN W. HICKENLOOPER
in his official capacity as Governor of the State of Colorado,

Defendant.

## GOVERNOR'S MOTION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE COLORADO SUPREME COURT

Defendant, Governor John W. Hickenlooper, by and through undersigned counsel, hereby moves for the certification of the following questions of law pertaining to Counts II, III, and IV of the First Amended Complaint. As outlined below, Plaintiffs' complaint presents novel and uncertain constitutional questions; clear guidance from the Colorado Supreme Court as to the scope and meaning of these challenged provisions as a matter of state law will potentially be determinative of several of the questions presented in Plaintiffs' federal lawsuit. In addition, the Governor will not object to the entry of a preliminary injunction in the form of the proposed order attached hereto as Exhibit A, during the pendency of any certification proceeding.

As grounds for this motion, the Governor states as follows:

*Duty to confer*

1.  Pursuant to D.C.Colo.L.CivR. 7.1A, undersigned counsel conferred with counsel for the Plaintiffs concerning this motion during a phone conference on June 6, 2013.  Plaintiffs object to this motion and the relief requested herein.

*Standards for certification of questions to the Colorado Supreme Court*

2.  Colorado Appellate Rule 21.1 permits the Colorado Supreme Court to answer a question of law certified to it by a United States District Court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Colorado] Supreme Court." Colo. App. R. 21.1(a).

3.  Federal courts do not certify questions to "sister state courts every time an arguably unsettled question of state law comes across [their] desks." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). However, courts will certify questions "in circumstances where the question… (1) may be determinative of the case at hand and (2) is sufficiently novel that we feel uncomfortable attempting to decide it without further guidance." *Id*.

4.  Certification of questions of law to a state supreme court is particularly appropriate when a lawsuit filed in federal court alleges that a challenged state law is unconstitutionally vague. While a federal court

may of course rely on the doctrine of avoidance in order to avoid reaching unnecessary constitutional conclusions, *see, e.g., Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 346-48 (1936) (Brandeis, J., concurring), it is well-settled that federal courts should abstain from – or at least defer – deciding challenges to state law that involve unsettled questions in a "sensitive area of social policy" involving "substantial constitutional issue[s]." *R.R. Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 498 (1941). This is particularly true in situations where the constitutional issue could be "avoided if a definitive ruling on the state issue would terminate the controversy." *Id., see also Growe v. Emison,* 507 U.S 25, 32 n.1 (1993).

     5.    The advent of state-court certification procedures, which the United States Supreme Court has urged the lower federal courts to utilize, has reduced reliance on *Pullman* abstention over the past several decades. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 75-76 (1997) (noting that "[c]ertification today covers territory once dominated by a deferral device called '*Pullman*' abstention").

     6.    In cases involving an allegation that a challenged statute is void-for-vagueness, the Supreme Court has encouraged the utilization of state-court certification procedures not only as a matter of comity, but also because of the greater interpretive flexibility inherent in a state supreme court's consideration of its own state law. *See, e.g., Arizonans for Official English,* 520 U.S. at 75-77; *Babbit v. Farm Workers,* 442 U.S. 289 (1979).

7. Of course, the Supreme Court has held that certification or abstention is inappropriate in cases involving a challenged provision that is not "fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question." *Bd. of Airport Comm'rs v. Jews for Jesus, Inc.,* 482 U.S. 569, 575-76 (1989). But H.B. 13-1224 suffers from neither of these problems. Indeed, even assuming with conceding that the challenged statute does suffer from vagueness problems, the Colorado Supreme Court is well-equipped to address those questions. Indeed, it has done so before in a similar context, albeit through a case that reached it through a direct appeal. *See Robertson v. City and County of Denver,* 874 P.2d 325, 334-35 (Colo. 1994) (addressing void-for-vagueness challenge to Denver ordinance banning "assault weapons," and severing constitutionally vague portion to preserve ordinance's constitutionality).

8. The Tenth Circuit has recognized that certification is warranted where the question presented is "close, important, novel, and determinative." *Larrieu v. Best Buy Stores, L.P.* 491 Fed.Appx. 864, 866 (10th Cir. 2012) (unpublished disposition). Plaintiffs' Counts II, III, and IV, satisfy all of these criteria.

    a. First, H.B. 13-1224 is subject to a range of interpretations. Some of these might raise vagueness concerns, and others may not. But what is clear is that the vagueness question is

4

       close enough that a definitive interpretation of the law from the Colorado Supreme Court may well obviate the Plaintiffs' vagueness challenges altogether. Such an outcome is not only plausible, it is the likely outcome of a certification procedure.

  b. Second, questions of social policy and public safety, not to mention the constitutionality of a duly enacted state law, are obviously important.

  c. Third, virtually any questions raised under the Second Amendment are novel at this state. Litigation in the wake of *District of Columbia v. Heller,* 554 U.S. 570 (2008), remains a "vast *terra incognita*" that federal and state courts are only beginning to explore. *United States v. Masciandaro,* 638 F.3d 458, 475 (4th Cir. 2011).

9. Due in part to the uncertain nature of Second Amendment litigation so soon after *Heller*, certification is the best course for this Court to follow in order to ensure that its eventual constitutional decision is either narrowed substantially via a definitive ruling from the Colorado Supreme Court, or, at a minimum, based on an accurate and enforceable interpretation of Colorado state law.

10. To ensure that the Plaintiffs' concerns about vagueness are obviated during the pendency of any certification proceedings, the Governor is amenable to the entry of a preliminary injunction, in the form

of Exhibit A, that would remain in place until judgment on the merits is entered.

### *Questions to be certified*

Accordingly, the Governor respectfully requests that this Court certify the following questions to the Colorado Supreme Court pursuant to Colorado Appellate Rule 21.1:

a. Effective July 1, 2013, HB 12-1224 generally bars new acquisitions and transfers of "large-capacity magazines" in Colorado. Does the bill's definition of "large-capacity magazine" amount to a ban on functional magazines for most handguns and many rifles, or does it apply only to magazines that are principally used with extensions or devices that increase the combined capacity to more than 15 rounds?

b. Does the grandfather clause contained in HB 13-1224, which applies when an owner "maintains continuous possession" of a large capacity magazine after July 1, 2013, apply when the owner allows another person to temporarily hold, use, or share it for lawful purposes?

A draft order outlining the terms of the proposed preliminary injunction and order of certification is submitted herewith.

Respectfully submitted this 10th day of June, 2013.

JOHN W. SUTHERS
Attorney General

s/ *Daniel D. Domenico*

**Daniel D. Domenico*** 
Solicitor General
**David C. Blake*** 
Deputy Attorney General
**Kathleen Spalding*** 
Senior Assistant Attorney General
**Jonathan P. Fero*** 
Assistant Solicitor General
**Matthew D. Grove*** 
Assistant Attorney General
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on   June 10   , 2013 I served a true and complete copy of the foregoing **MOTION FOR CERTIFICATION OF QUESTIONS OF LAW TO THE COLORADO SUPREME COURT** upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

*s/ Debbie Bendell*