IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

---

PRELIMINARY INJUNCTION AND ORDER CERTIFYING QUESTIONS TO THE COLORADO SUPREME COURT UNDER COLORADO APPELLATE RULE 21.1

---

On consideration of the Defendant's motion for certification of questions of law to the Colorado Supreme Court, and being fully advised in the premises, the Court hereby grants the motion, orders the questions herein certified, and issues a preliminary injunction against enforcement of H.B. 13-1224 beyond the scope outlined below.  The Court finds and orders as follows:

1. This case involves challenges to two recently enacted Colorado laws, HB 13-1224 and HB 13-1229.  This order and preliminary injunction pertains only to HB 13-1224.

2. Subject to some exceptions, HB 13-1224 prohibits the sale, transfer, or possession of "large-capacity magazines" in the state of Colorado on or after July 1, 2013.

3. In pertinent part, the statute defines a "large-capacity magazine" as "[a] fixed or detachable magazine, box, drum, feedstrip, or similar device capable of accepting, or that is designed to be readily converted to accept, more than fifteen rounds of ammunition.

4. The statute also contains a grandfather clause that permits possession of a large-capacity magazine on or after July 1, 2013 provided that the possessor: a) owned the magazine on the statute's effective date; and b) "maintains continuous possession" of it thereafter.

5. Counts II, III, and IV of the of the Plaintiffs' First Amended Complaint allege that the statute's definition of "large-capacity magazine" and its requirement of "continuous possession" are unconstitutionally vague.

6. Counts II, III, and IV of the First Amended Complaint raise sensitive issues of social policy involving substantial constitutional issues.

7. It appears that the statutory references to "large-capacity magazine" and "continuous possession" are "fairly subject to an interpretation that will render unnecessary or substantially modify the federal constitutional question[s]" presented in Counts II, III, and IV of the First Amended Complaint. *Bd. of Airport Comm'rs v. Jews for Jesus, Inc.,* 482 U.S. 569, 575-76 (1989).

8. Only the Colorado Supreme Court may definitively interpret the challenged provisions as a matter of Colorado state law, and it appears that such an interpretation may well obviate or substantially modify the Plaintiffs' concerns about vagueness.

## Certification pursuant to Colorado Appellate Rule 21.1

9. Accordingly, the Court hereby certifies the following questions to the Colorado Supreme Court:

    a. Effective July 1, 2013, HB 12-1224 generally bars new acquisitions and transfers of "large-capacity magazines" in Colorado. Does the bill's definition of "large-capacity magazine" amount to a ban on functional magazines for most handguns and many rifles, or does it apply only to magazines that are principally used with extensions or devices that increase the combined capacity to more than 15 rounds?

    b. Does the grandfather clause contained in HB 13-1224, which applies when an owner "maintains continuous possession" of a large capacity magazine after July 1, 2013, apply when the owner allows another person to temporarily hold, use, or share it for lawful purposes?

## **Preliminary injunction**

10. Upon signing HB 13-1224 into law, the Governor requested the Colorado Attorney General and the Colorado Department of Public Safety to provide to all law enforcement agencies in the State of Colorado official written guidance on how HB 13-1224 is to be interpreted and applied in Colorado. That official guidance is attached to this Order as Attachment 1 ("Technical Guidance").

11. The Governor is the chief executive of the State of Colorado, and the Attorney General is the chief legal officer and law enforcement official of the state. *See* Colo. Const., art. IV § 2 ("The supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed."); Colo. Rev. Stat. § 24-31-101(1)(a) ("The attorney general of the state shall be the legal counsel and advisor of each department, division, board, bureau, and agency of the state government other than the legislative branch. . . . He . . . shall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor . . . .").

12. The Technical Guidance is an "official written interpretation" of HB13-1224. It has been adopted by the Governor and the Colorado Department of Public Safety. Official written interpretations of criminal laws are binding and create an affirmative defense for individuals charged under those laws. *See* Colo. Rev. Stat. § 18-1-504(2)(c) (providing an affirmative defense to criminal prosecutions contrary to "official written interpretation of the statute or law relating to the offense, made or issued by a public servant, agency, or body legally charged or empowered with the responsibility of administering, enforcing, or interpreting" it).

13. Pursuant to Fed. R. Civ. P. 65(d), the Court hereby issues a preliminary injunction binding the Governor, and any of his officers, agents, servants, employees, and attorneys, to the conclusions of the Technical Guidance as the official interpretation of the chief executive and chief legal officers of the State of Colorado.

14. Specifically, for example, consistent with the Technical Guidance, for the duration of this preliminary injunction, a magazine that accepts fifteen or

fewer rounds may not be considered a "large capacity magazine" simply because it includes a removable baseplate which may be replaced with one that allows the magazine to accept additional rounds.

15. In addition, for the duration of this injunction the grandfather clause in HB 13-1224 may not be construed as barring the temporary transfer of a large-capacity magazine by an individual who remains in the continual physical presence of the temporary transferee, unless that temporary transfer is otherwise prohibited by law.

16. This preliminary injunction shall remain in force until this Court reaches a decision on the merits in this case, whether or not the Colorado Supreme Court accepts the questions certified pursuant to Colorado Appellate Rule 21.1.

DATED this _____ day of June, 2013.

_____
United States District Judge