IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.,*

Plaintiffs,

v.

JOHN W. HICKENLOOPER
in his official capacity as Governor of the State of Colorado,

Defendant.

**GOVERNOR'S REPLY IN SUPPORT OF MOTION TO CERTIFY
QUESTIONS TO THE COLORADO SUPREME COURT**

Plaintiffs argue that certification to the Colorado Supreme Court is inappropriate for three reasons:

- According to the Plaintiffs, HB 13-1224 is "open to an indefinite number of interpretations," and certification will therefore not serve any useful purpose.  Doc. 32 at 8.

- Certification would, Plaintiffs contend, amount to an invitation to the Colorado Supreme Court to "rewrite an overbroad and vague bill."  Doc. 32 at 10.

- Certification is inappropriate because it could delay federal court proceedings.  Doc. 32 at 10–11.

None of these concerns is availing.  In fact, much of Plaintiffs' reasoning establishes precisely the reasons that certification is not only appropriate, but is the best option in this case.

1

At the threshold, Plaintiffs' choice to file their lawsuit in federal court and to name the governor raises important questions about the scope of relief that this Court could grant and who would be bound by any such order. It is axiomatic that a federal court cannot definitively interpret state law. *See, e.g., Wainwright v. Goode*, 464 U.S. 78, 84 (1983) ("[T]he views of [a] state's highest court with respect to state law are binding on the federal courts."). The certification process exists for these exact reasons, so that a federal district court can have the benefit of a legal interpretation from the only court that can issue a definitive ruling on state law.

Plaintiffs' basic approach in this case is to construct a strawman—an extreme and untenable interpretation of the challenged statute that would, in Plaintiffs' estimation, ban virtually all magazines. Thus, they argue, answering the proposed certified questions "will not be determinative in any sense," because the challenged statutes would still suffer from "substantial vagueness and uncertainty" absent a rewrite by the Colorado Supreme Court. Doc. 32 at 7, 10.

The difficulty with Plaintiffs' position is that it advocates an interpretation of the statute that the Defendant has already definitively rejected. In short, "the State will decline to defend a statute if it is read" in the manner that Plaintiffs advocate, *i.e.* as banning *all* magazines with removable baseplates. *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 396 (1988). And because "the nature and substance of plaintiffs' constitutional

2

challenge is drastically altered if the statute is read" in the manner that the Governor has advocated, it is "essential that [the Court] have the benefit of the law's authoritative construction from the [state] Supreme Court." *Id.*

Plaintiffs' motion for a preliminary injunction amply demonstrates that their assertions of vagueness in HB 1224 turn almost exclusively on what the statute means. But as the Governor's response to the PI motion will demonstrate, the parties "fundamentally disagree on the scope of the challenged statute" and resolution of their disagreement will materially change the scope of this litigation. *Am. Booksellers Found. v. Strickland*, 560 F.3d 443, 447 (6th Cir. 2009). "Rather than speculate, the better course . . . is to provide the Supreme Court of [Colorado] with the opportunity to interpret the scope of [the statute]." *Id.*

Nor would certification in this case amount to an invitation to rewrite the challenged statute. Plaintiffs' strawman notwithstanding, this is not a case where "the possibility of a limiting construction appears remote." *Erznoznik v. Jacksonville,* 422 U.S. 205, 217 (1975). The Governor has *never*, even before this lawsuit was filed, "offer[ed] several distinct justifications for the ordinance in its broadest terms." *Id.* Rather, the Governor's efforts to inform the public of the inaccuracy of the Plaintiffs' claims, among others, have been remarkably consistent. As his signing statement and the Technical Guidance demonstrate, the Governor has advocated for a narrow

3

construction that carefully balances the clear public interests at stake, the General Assembly's intent, and the constitutional rights of gun owners.

Whether HB 1224 is "readily susceptible" to a narrowing construction is "the test for determining the appropriateness of employing the certification procedure." *Dorman v. Satti*, 862 F.2d 432, 436 (2d Cir. 1988). Here, the challenged is "readily susceptible" to the narrowing construction proffered by the Governor. The Attorney General and the Department of Public Safety have, at the Governor's request, issued Technical Guidance, which is an official written interpretation of state law proffering at least one "narrowing construction" of HB 1224. (Doc. 26-2). "Surely a court cannot be expected to ignore these authoritative pronouncements in determining the breadth of a statute." *Broadrick v. Oklahoma*, 413 U.S. 601, 618 (1973). So, even if "the Attorney General does not bind the state courts or local law enforcement authorities," and the court is "unable to accept [his] interpretation of the law as authoritative," *Am. Booksellers*, 484 U.S. 383, the alternative and entirely reasonable interpretation contained in the Technical Guidance at a minimum illustrates why this case is appropriate for certification.

That the proposed questions do not precisely track the Technical Guidance or the precise terms used in HB 13-1224 is of little importance. The proposed questions were carefully crafted to permit the Colorado Supreme Court to directly answer the substantive vagueness challenges using the language that Plaintiffs employed in their complaint to describe the

4

alleged problems. But because certification is generally discretionary, *Pino v. United States*, 507 F.3d 1233, 1235–36 (10th Cir. 2007), this Court would be free to further refine or refocus any certified questions that it eventually opted to submit.

Nor is undue delay of the federal court proceedings a major concern. Most significant, the Governor has repeatedly stated that he is willing to enter into a stipulated preliminary injunction to obviate Plaintiffs' most pressing concerns. Plaintiffs have rejected these overtures, seeking instead to attempt to expand the injunction to include local and federal law enforcement agents—neither of whom are parties to this case—and narrow the statute more than the Technical Guidance.

Moreover, the case that Plaintiffs cite for the proposition that certification is disfavored due to concerns about delay says just the opposite. In *Kansas Judicial Review v. Stout,* 519 F.3d 1107, 1118–19 (10th Cir. 2008), the Court expressed concerns that applying *Pullman* abstention could cause delay that "could prolong the chilling effect on speech." The Tenth Circuit's solution to this problem is precisely what the Governor has proposed here. Certifying questions rather than abstaining entirely from them follows the preferences of the Supreme Court, which has noted that the process has the advantages of "reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response." *Id.* (citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 76 (1997)).

That said, discovery and trial preparation could move forward in this Court on the issues that will not be resolved by the certified questions: whether the Second Amendment includes a right to a firearm with a capacity of more than 15 rounds; whether the disabled Plaintiffs are entitled to an exemption from the large-capacity magazine ban under federal disability law; and whether HB 1229, the background check statute, is susceptible to Plaintiffs' claims. Although doing so might negate some of the efficiency gained by certifying the threshold legal questions to the Colorado Supreme Court, the Governor desires an expeditious ruling in this case and would not object to moving the case forward on two tracks simultaneously.

In sum, because the interpretation of the challenged statute is unsettled and potentially dispositive of at least a substantial portion of the Plaintiffs' complaint, because the statute is reasonably subject to an interpretation that would obviate many, if not all, of Plaintiffs' concerns about vagueness, and because the Colorado Supreme Court is the only judicial body that may provide such a definitive interpretation, certification is appropriate in this case. The Governor respectfully requests that the Court grant his motion and certify the questions proposed.

Respectfully submitted this 21st day of June, 2013.

**Counsel for Defendant:**
JOHN W. SUTHERS
Attorney General

*/s/ Daniel D. Domenico*
DAVID C. BLAKE*
Deputy Attorney General
Email:  david.blake@state.co.us
DANIEL D. DOMENICO*
Solicitor General
Email:  dan.domenico@state.co.us
KATHLEEN L. SPALDING*
Senior Assistant Attorney General
Email: kit.spalding@state.co.us
MATTHEW D. GROVE*
Assistant Attorney General
Email: matt.grove@state.co.us
JONATHAN P. FERO*
Assistant Solicitor General
Email: jon.fero@state.co.us

Attorneys for Secretary of State
1300 Broadway
Denver, Colorado  80203
Telephone:  720-508-6000
*Counsel of Record

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 21, 2013 I served a true and complete copy of the foregoing GOVERNOR'S REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTIONS TO THE COLORADO SUPREME COURT upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                              *s/ Debbie Bendell*