STATEMENT OF GOVERNOR JOHN W. HICKENLOOPER

ISSUED MARCH 20, 2013 UPON THE SIGNING OF HB13-1224

In signing HB13-1224, we acknowledge that some have expressed concerns about the vagueness of the law's definition of "large-capacity magazine."   By its terms, the law does make illegal any magazine manufactured or purchased after July 1, 2013 that is capable of accepting, or is designed to be readily converted to accept, more that fifteen rounds of ammunition.  Similar language is used in other states' statutes limiting large-capacity magazines.  We know that magazine manufacturers have produced and sell magazines that comply with these other state laws that limit large-capacity magazines and we are aware of no successful legal challenges to those laws.  And when a Colorado-based magazine manufacturer came to us to share their concerns about the vagueness of the definition of "large-capacity magazine" contained in the original version of the bill, we worked with the bill's sponsors to fine-tune the definition to make it more precise.

We also have heard concerns about the requirement in the law that a person who owns a large-capacity magazine prior to the law's enactment may legally possess that magazine only as long as he or she "maintains continuous possession" of it.  We do not believe a reasonable interpretation of the law means that a person must maintain continuous "physical" possession of these items.  Responsible maintenance and handling of magazines obviously contemplates that gun owners may allow others to physically hold and handle them under appropriate circumstances.  We are confident that law enforcement and the courts will interpret the statute so as to effectuate the lawful use and care of these devises.

In considering the language of HB13-1224, we have consulted with the Office of the Attorney General and we concur with its advice that the large-capacity magazine ban should be construed narrowly to ensure compliance with the requirements of the Second Amendment and the Due Process Clause of the Fourteenth Amendment.   We have signed HB13-1224 into law based on the understanding that it will be interpreted and applied narrowly and consistently with these important constitutional provisions.

To this end, today we are directing the Colorado Department of Public Safety to consult with the Office of the Attorney General and others, as necessary, with respect to the interpretation of HB13-1224's large-capacity magazine ban, and then to draft and issue, to law enforcement agencies in the State of Colorado, technical guidance on how the law should be interpreted and enforced.   This work should be done by July 1, 2013, the law's effective date.

Exhibit A