IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO


Civil Action No. 13-CV-1300-MSK-MJW


JOHN B. COOKE, Sheriff of Weld County, *et al.*,

     Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

     Defendant.


------------------------------------------------------------

## DECLARATION OF DAVID STRUMILLO

------------------------------------------------------------


Pursuant to 28 U.S.C. § 1746, I, David Strumillo, do hereby declare as follows:

1. I reside at 925 Wuthering Heights Drive, Colorado Springs, Colorado, and am a citizen of the United States.

2. I served as a police officer in the Town of Parker, Colorado Police Department from 1994 through 1999, when I was medically retired following an injury in the line of duty.

1

EXHIBIT A

3. I am authorized to carry a concealed firearm in all states and U.S. territories pursuant to the Law Enforcement Officers Safety Act, 18 U.S.C. § 926B, 926C. In order to comply with federal law, I am required to requalify each year using the firearms I carry.

4. I own and carry firearms for lawful self-defense for myself and my family. Some of the firearms I carry use magazines larger than 15 rounds.

5. From personal experience and practice, I know that these particular magazines function well with my particular guns, and are unlikely to cause misfeeds, jams, or other problems.

6. If the "continuous possession" language of HB 1224 goes into effect, I will be prevented from lending my firearms containing those magazines to my family members.

7. If the "continuous possession" language of HB 1224 goes into effect, I will also be legally barred from leaving those magazines with a gunsmith for repair, cleaning, or maintenance.

8. I also own magazines which are smaller than 16 rounds and which have removable base plates.

9. I have read the Attorney General's Technical Guidance.

10. Having done so, I do not understand which of my magazines smaller than 16 rounds are "designed to be readily converted" and which are not.

EXHIBIT A

11. If the "designed to be readily converted" language of HB 1224 goes into effect, I will not know which of my magazines under 16 rounds I can legally sell or transfer to other persons. This includes transfer to family members for self-defense, and transfer to gunsmiths for repair.

12. One of my friends is currently serving in the United States Armed Forces, overseas. His wife and children are living overseas with him. Before leaving Colorado to serve overseas, my friend and his wife gave me much of their personal property to store, including his magazines.

13. I believe that my friend chose me to store the magazines because he considered me to be a conscientious and responsible guardian.

14. I am carefully storing the magazines to ensure that they do not fall into the wrong hands, and to protect them from rust or other damage. The magazines hold more than 15 rounds.

15. On July 1, 2013, my friend and I may become in violation of the law subject to prosecution under HB 1224. The possessor of the magazines (me) will be in Colorado. The owner of the magazines will be on another continent. Hence, the owner will not be in "continuous possession" of the magazines. My friend will not be in the "continual physical presence" of me; and my friend will not have the expectation that the magazines will be promptly returned.

16. A temporary restraining order against the "continuous possession" language would allow me to continue to lawfully store the magazines for the owner.

EXHIBIT A

17. A preliminary injunction against the "transfers" ban would allow me to return the magazines to my friend if he returns to Colorado during the period the preliminary injunction is in effect.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2013.

David Strumillo

EXHIBIT A