IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, *et al.*,

    Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## DECLARATION OF GARRETT WIGGINS

Pursuant to 28 U.S.C. § 1746, I, Garrett Wiggins, do hereby declare as follows:

1. I make this Declaration in my capacity as an individual citizen of the United States of America and of Colorado, and in my official capacity as the Routt County Sheriff.

2. I have been in the law enforcement profession for approximately 26 years and have served in positions which have caused deep hatred toward me personally by many individual criminals involved in organized criminal enterprises as well as

1

EXHIBIT B

individuals involved in independent criminal activity. Many of these individuals have served long prison sentences due to my direct involvement. Not only have I received death threats, but on occasion threats have been directed toward members of my family. As a police officer, a deputy sheriff, an undercover narcotics investigator and later as the Task Force Commander for the All Crimes Enforcement Team, I have investigated individual drug dealers, Mexican Cartel organizations and a plethora of other criminals who I have had to testify against. Some of these individuals and organizations have a history of violence and or retaliation against law enforcement officials and their families.

3. I have many firearms in my residence stored in a safe and prudent manner always readily available for self-defense. Many of these firearms have standard magazines with a capacity of more than 15 rounds. These firearms are legal for me to use under current law. But in an unpredictable circumstance where a family member had to resort to the use of one of these firearms in a self-defense situation, I fear they could be in violation of HB 1224.

4. Due to the nature of my profession, there are many times I am away from home and unable to provide protection for my family. In my absence, I want my family to have the ability to protect themsevles from an imminent threat. It is my understanding that HB 1224 requires me to have continuous possession of the magazines I already own, and that if any family members who used one of my

firearms with its standard magazine for self-defense in my absence, they and I could be subject to criminal prosecution.

5. From the perspective as it relates to my official position as the Sheriff of Routt County, these new laws are perceived by many of the citizens I serve and by me to violate our Second and Fourteenth Amendment rights. I have taken an oath on several occasions to "uphold and protect the Constitution of the United States of America and the Constitution of the State of Colorado". Both Constitutions speak to the right to bear arms and that this right shall not be infringed or questioned. This oath also states that "I will faithfully perform the duties of Sheriff to the best of my ability". Enforcing the laws of the state of Colorado is a major duty of performing those responsibilities.

6. HB 1224 and 1229 create a direct conflict between upholding the US Constitution and the Colorado Constitution while at the same time performing the duties of the office of Sheriff (enforcing the laws) to the best of my ability. This conflict prevents me from honoring the full scope of my oath. If I or members of my staff enforce these new laws, then it is believed by many of my constituents and me that I have violated my oath of office by not upholding and protecting the U.S. or Colorado Constitutions. If I fail to enforce the laws, then I have failed to honor my oath of office by not performing the duties (enforcing the law) to the best of my

EXHIBIT B

ability. Either direction possibly violates my oath of office and therefore places my in peril regarding my sworn oath.

7. This conflicting situation has created harm to me personally and professionally while serving in my official capacity as Sheriff of Routt County. The lack of clarity and the vague wording of these new laws make a clear understanding of these new laws subject to individual interpretation which is inconsistent from individual to individual. One law enforcement professional interprets the laws with one narrowly focused interpretation and another will see it completely different. There is no uniformity in the understanding of how the law should be enforced between police chiefs, sheriffs and other law enforcement leaders creating a lot of confusion. If enforce HB 1224 one way, and another Sheriff or Chief of Police does so in another way, the public will perceive all of us as being arbitrary and unfair, even though all us may be doing our best to apply the HB 1224's vague wording

8. I have read the Attorney General's Technical Guidance. Having done so, I do not understand which magazines are or are not "designed to be readily converted" under HB 1224.

9. Part of my job is to help develop guidelines and procedures to implement new laws. At this time, I am unable to give clear and concise direction to my staff about what magazines are legal or illegal or how to enforce the continuous possession

requirement. There is a sense of urgency in providing clarity regarding these laws as I must be given the ability to provide factual direction to my staff.

10. If even one of my Deputies were to make a single arrest for some of the activities which are illegal under HB 1224 and the Attorney General's Technical Guidance (such as allowing a family member to borrow a magazine when the owner is not physically present), the harm to law enforcement in my County would be very serious. Even one incident would strongly alienate a very significant fraction of the County's population from the Sheriff's Office. The inevitable result would be fewer trips, fewer cooperative crime witnesses, reduced trust in the Sheriff's Office as protector of the public, and increased fear of the Office and its employees by good people.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 27, 2013.

*[signature]*
Garrett Wiggins

EXHIBIT B