IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

     Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

     Defendant.

## STIPULATED PROTECTIVE ORDER

    Pursuant to Fed.R.Civ.P. 26(c), Plaintiffs and Defendant, by their counsel of record, jointly request that this Stipulated Protective Order be entered in the above-captioned matter in order to preserve the confidentiality of confidential information.

    Good cause appearing therefor, IT IS HEREBY ORDERED as follows:

    a.    In this action, Plaintiffs and Defendant have sought, anticipate seeking, anticipate receiving, and/or anticipate disclosing, providing, or producing (collectively "disclosing"), pursuant to F.R.C.P. Rule 26, documents, testimony, and other confidential information (collectively "information") that contains financial information and other non-proprietary business, strategic, or commercial information, personnel information, or personal information (defined as "information the disclosure of which could cause invasion of the privacy of Plaintiffs or an employee or agent of either of Defendant, or could cause embarrassment for Plaintiffs or an employee or agent of Defendant"). This Protective Order shall govern the disclosure, maintenance, and use of all information, of any nature and form whatsoever, designated by either Plaintiffs or Defendant as

1



containing confidential information, financial information and other non-proprietary business, strategic, or commercial information, personnel information, or personal information (hereafter "Confidential Information").

  b.  "Confidential Information" shall include, but not be limited to, any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, that is designated in good faith by Plaintiffs or Defendant as containing confidential information because it contains, financial information and other non-proprietary business, strategic, or commercial information, personnel information, or personal information, as defined above.

  c.  Information disclosed by Plaintiffs to Defendant, or by Defendant to Plaintiffs, pursuant to F.R.C.P. 26, may be designated as confidential information in the following manner:

    (1)  By imprinting the word "Confidential" on the first page or cover of any document;

    (2)  By imprinting the word "Confidential" next to or above any response to an interrogatory or request for admission;

    (3)  With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty days after the testimony is given; and

    (4)  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten days after receipt of the transcribed testimony.

    d.    All information disclosed by Plaintiffs or Defendant designated as confidential information shall be subject to the following restrictions:

    (1)    The information shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever; and

    (2)    The information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

    (A)    The party(ies) receiving such confidential information; such party's (parties') agents, contractors, and employees in this litigation; such party's (parties') counsel, and such counsels' members, partners, agents, contractors, and employees in this litigation; provided that each such individual signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

    (B)    Experts whose opinions may be presented at trial in this litigation, who are retained or specially employed by a party for the purposes of this litigation, or who are consulted by counsel in connection with this litigation, but only to the extent the communication or disclosure of confidential information is necessary to assist counsel in the prosecution or defense of this litigation, and is necessary for the expert's rendition of services in this litigation, provided that each such expert sign an

3

undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(C)   Persons noticed for depositions to the extent reasonably necessary in preparing them to testify at their depositions in this litigation, provided that each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(D)   Deponents during the course of their depositions in this litigation;

(E)   Persons designated as trial witnesses in this litigation, to the extent reasonably necessary in preparing them to testify at trial in this litigation, provided that each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court;

(F)   Trial witnesses during the course of their trial testimony in this litigation;

(G)   The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action, or any appeal therefrom; and

4

(H)     Such other persons as the Court may specifically approve after notice and hearing in this litigation, but only subject to any terms or conditions imposed by the Court, and provided that each such person sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and consenting to the jurisdiction of this Court.

e.     Individuals authorized to review confidential information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

f.     No copies of confidential information disclosed by one party to an opposing party may be made by the party receiving the confidential information, except by or on behalf of the receiving party's (parties') counsel in this litigation.

g.     All confidential information received by a party or the party's counsel in this litigation, including all extracts, abstracts, charts, summaries, notes, recordings, transcriptions, or copies made therefrom, must be retained in the custody of counsel or other persons authorized by this Protective Order during the pendency of this litigation.

h.     In the event that a party desires to permit access to information received from an opposing party, which is identified as "confidential" hereunder, to any person or category of persons not identified in paragraphs d.(2)(A) - (H) above, the receiving party shall inform the other party(ies) in writing, and the parties shall attempt first to resolve

the matter in good faith and on an informal basis. If the parties are unable to resolve their dispute, the receiving party shall move this Court for an Order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, but only subject to any terms or conditions imposed by the Court, and provided that such person or persons sign an undertaking in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and consenting to the jurisdiction of the Court.

i.      Counsel for the parties shall be responsible for assuring compliance with the terms of this Protective Order by their respective clients and any other persons to whom such counsel and their clients disclose confidential information from an opposing party, and for obtaining the prior agreement to be bound by the terms of the Protective Order from all qualified recipients to whom any confidential information is disclosed in accordance with the Protective Order from all qualified recipients to whom any confidential information is disclosed in accordance with this Protective Order.

j.      If a party objects to an opposing party's designation of certain information as "confidential information," he/she/it shall inform the other party(ies) in writing that the information should not be deemed "confidential information," and the parties shall attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the objecting party shall present a motion to the Court objecting to such status or the objection is waived. The information at issue shall continue to have confidential information status during the pendency of any such motion.

k.      If either party intends to file documents with the Court under seal, said party shall submit a separate motion seeking leave to do so.

l.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

m.      By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of information disclosed subject to this Protective Order.

n.      Within ninety (90) days of the termination of this litigation, including any appeals, counsel for any party that received confidential information from an opposing party shall be required immediately to return to counsel for the disclosing party all confidential information disclosed subject to this Protective Order, and all extracts, abstracts, charts, summaries, recordings, transcriptions, notes, or copies made therefrom.

o.      Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

p.      The Court shall retain jurisdiction, both before and after entry of the final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this order.

WHEREFORE, the parties respectfully request the Court enter this Stipulated Protective Order.

DATED this ____ day of _____, 2013

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

Defendant.

---

## EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

I, _____, the undersigned hereby acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" in this case. Therefore, I agree to keep all such information and materials strictly and absolutely confidential, in all other respects to be bound by the terms of the Protective Order.

My current address and telephone number is: _____

_____

_____
Signature