IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## STIPULATED PRELIMINARY INJUNCTION

1. Upon signing HB 13-1224 into law, the Governor requested the Colorado Attorney General and the Colorado Department of Public Safety to provide to all law enforcement agencies in the State of Colorado official written guidance on how HB 13-1224 is to be interpreted and applied in Colorado. That official guidance is attached to this Order as Attachment 1 ("Technical Guidance").

2. The Governor is the chief executive of the State of Colorado, and the Attorney General is the chief legal officer and law enforcement official of the state. *See* Colo. Const., art. IV § 2 ("The supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed."); Colo. Rev. Stat. § 24-31-101(1)(a) ("The attorney general of the state shall be the legal counsel and advisor of each department, division, board, bureau, and agency of the state government other than the legislative branch. . . . He . . . shall appear for the state and prosecute and defend all actions and proceedings, civil and criminal, in which the state is a party or is interested when required to do so by the governor . . . .").

3. The Technical Guidance is an "official written interpretation" of HB13-1224. It has been adopted by the Governor and the Colorado Department of Public Safety. Official written interpretations of criminal laws are binding and create an affirmative defense for individuals charged under those laws. *See* Colo. Rev. Stat. § 18-1-504(2)(c) (providing an affirmative defense to criminal

prosecutions contrary to "official written interpretation of the statute or law relating to the offense, made or issued by a public servant, agency, or body legally charged or empowered with the responsibility of administering, enforcing, or interpreting" it).

4. Pursuant to Fed. R. Civ. P. 65(d), and pursuant to the agreement of the parties, the Court hereby issues a preliminary injunction binding the Governor, and any of his officers, agents, servants, employees, and attorneys, as follows:

    a. Consistent with the Technical Guidance, a magazine that accepts fifteen or fewer rounds may not be considered a "large capacity magazine" simply because it includes a removable baseplate which may be replaced with one that allows the magazine to accept additional rounds.

    b. Magazines with a capacity of 15 or fewer rounds are not large capacity magazines as defined in HB 13-1224 whether or not they have removable base plates. The baseplates themselves do not enable the magazines to be expanded, and they serve functions aside from expansion—notably, they allow the magazines to be cleaned and repaired. To actually convert them to higher capacity, one must purchase additional equipment or permanently alter their operation mechanically. Unless so altered, they are not prohibited.

    c. The grandfather clause in HB 13-1224 may not be construed as barring the temporary transfer of a large-capacity magazine by an individual who remains in the continual physical presence of the temporary transferee, unless that temporary transfer is otherwise prohibited by law.

    d. The phrase "continuous possession" in HB 1224 shall be afforded its reasonable, every-day interpretation, which is the fact of having or holding property in one's power or the exercise of dominion over property, that is uninterrupted in time, sequence, substance, or extent. "Continuous possession" does not require a large-capacity magazine owner to maintain literally continuous physical possession of the

       magazine. "Continuous possession" is only lost by a voluntary relinquishment of dominion and control.

5. This preliminary injunction shall remain in force until this Court reaches a decision on the merits in this case.

6. Accordingly, the Court GRANTS Plaintiffs' Stipulated Motion to Dismiss the Motion for Preliminary Injunction [Doc. 29].

DATED this \_\_\_\_\_ day of July, 2013.

_____
United States District Judge