**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01300-MSK-MJW

**JOHN B. COOKE**, Sheriff of Weld County, Colorado, *et al*.

    Plaintiffs,

v.

**JOHN W. HICKENLOOPER**, Governor of the State of Colorado,

    Defendant.

---

**BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY, COLORADO'S MOTION TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS SHERIFFS AS PLAINTIFFS ACTING IN THEIR OFFICIAL CAPACITY" (Doc 64, 08/01/2013)**

---

**Conferral Statement:**

    Undersigned counsel conferred with counsel for parties regarding this Motion and the proposed Brief by circulating a prior draft of the Brief and placing telephone calls. Undersigned counsel is authorized to state that counsel for the Plaintiffs, Douglas B. Kopel for the County Sheriffs and David Sturmillo; Richard A. Westfall for the Colorado Outfitters Association, Colorado Farm Bureau, Outdoor Buddies, Women for Concealed Carry, David Bayne, and Dylan Harrell; Douglas L. Abbott for the National Shooting Sports Foundation and Magpul Industries; and Anthony J. Fabian for the Colorado State Shooting Association and Hamilton Family Enterprises, Inc., consent to the relief requested. Counsel for Plaintiffs USA Liberty Arms, Rocky Mountain Shooter Supply, 2nd Amendment Gunsmith & Shooter Supply, LLC, Burrud Arms Inc., Green Mountain Guns, Jerry's Outdoor Sports, Grand Prix Guns, Specialty Sports & Supply, and Goods for the Woods have not advised of their position. Matt Grove, for Defendant Hickenlooper, stated that Defendant takes no position on the Motion or the Brief but may respond as necessary..

**D.C. Colo.LCivR 7.4 Disclosure Statement:** The Movant is a governmental entity, and under D.C. Colo.LCivR 7.4(A), exempt from filing a Disclosure Statement.

**D.C. Colo.LCivR 7.4 Statement of Related Cases**. The Movant is unaware of any related cases.

COMES NOW the Board of County Commissioners of the County of Mesa, State of Colorado ("Board" herein), which is not a party to this action, by and through the Mesa County Attorney, Maurice Lyle Dechant, and requests that the Court allow filing of the attached *Amicus Curiae* Brief of the Board, to support denial of the "Motion to Dismiss Sheriffs as Plaintiffs Acting in Their Official Capacity" contained within "Defendant's "Motion to Dismiss Plaintiffs' Claims Two, Three, and Four, and to Dismiss Sheriffs as Plaintiffs Acting in Their Official Capacity" (Doc 64, 08/01/2013, "Motion" herein). In support thereof, the Board respectfully submits:

1. The fifty-five county sheriffs who joined this action as Plaintiffs ("Sheriffs") filed for relief in both individual and official capacity. The Governor has filed a motion to dismiss the Sheriffs' claims asserted in their official capacity in Claims Two, Three and Four of the First Amended Complaint (Doc 22, 05/31/2013, "FAC" herein) for lack of standing, The Board has reviewed the Sheriffs' proposed response against the Motion.

2. The Board exercises the statutory powers of the County. The Board discharges part of its obligations to protect the health, safety and welfare of the county citizens by appropriating money to the Sheriff, so that the Sheriff may perform his separate duties to that same end.

3. The Board's interest in the litigation is that the magazine capacity limits of C.R.S. § 18-12-302(3)(b) negatively affect the Board's discharge of its duties to protect the health, safety and welfare of the citizens of Mesa County. The magazine capacity provisions of C.R.S. § 18-12-302(1) limit the Sheriff in his official capacity from discharging his duties to protect the

health, safety and welfare of citizens and his deputies, thereby limiting the Board's discharge of its duties to the citizens of Mesa County.

4. If accepted by the Court, the attached Brief will provide the Court information not provided by the parties about the duties, authority and means through which boards of county commissioners and sheriffs act, and how the legislation affects the discharge of their respective health, safety and welfare duties. The Brief further explains the official capacity nature of the Sheriff's interest in the litigation.

5. As set forth in the proposed Brief, the state constitution and statutes establish the Sheriff as an independent officer, separate and apart from the county or any other entity. *Tunget v. Bd. of County Commissioners*, 992 P.2d 650, 652 (Colo. App. 2000); *Bristol v. Bd. Of County Commissioners of Clear Creek*, 312 F.3d 1213, 1219 (10th Cir. 2002).

6. House Bill 13-1224 negatively affects the Board's discharge of its health, safety and welfare duties by enactment of C.R.S. § 18-12-302(1)(a). Since the Sheriff is not a "department, agency or political subdivision of the State of Colorado," C.R.S. § 18-12-302(3)(b) does not provide the Sheriff an exemption from the prohibition against large capacity firearm magazines.

7. The interests addressed by the proposed brief are broad. While this Motion and the Brief are couched primarily in terms of the Board of County Commissioners of Mesa County and the Mesa County Sheriff, the same statutes and circumstances apply to the officers of all statutory counties.

WHEREFORE, the Board respectfully requests that the Court grant the Board status as *amicus curiae*, authorize the filing of the attached brief, and make such other orders as may be necessary.

RESPECTFULLY SUBMITTED this 22nd day of August, 2013.

s/ Maurice Lyle Dechant
Maurice Lyle Dechant
Mesa County Attorney
Attorney for the Board of County
Commissioners of the County of Mesa,
State of Colorado
Post Office Box 20,000-5004
Grand Junction, Colorado 81502-5004
Telephone: (970) 244-1612
lyle.dechant@mesacounty.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2013, I electronically filed the foregoing **BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY, COLORADO'S MOTION TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANT'S "MOTION TO DISMISS SHERIFFS AS PLAINTIFFS ACTING IN THEIR OFFICIAL CAPACITY" (Doc 64, 08/01/2013)**, with proposed *Amicus* **Brief of Board of County Commissioners of Mesa County, Colorado**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Daniel D. Domenico | daniel.domenico@state.co.us |
| David C. Blake | david.blake@state.co.us |
| Jonathan P. Fero | jon.fero@state.co.us |
| Matthew D. Grove | matt.grove@state.co.us |
| Kathleen L. Spalding | kit.spalding@state.co.us |
| John Tien Lau Lee | jtlee@state.co.us |
| | |
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbott@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Jonathon M. Watson | jwatson@brunolawyers.com |
| Marc F. Colin | mcolin@brunolawyers.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

and I hereby certify that I have mailed or served the document or paper to the following on non-CM/EMF participants in the following manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Not Presently Applicable

s/ Maurice Lyle Dechant<br>
Maurice Lyle Dechant<br>
Mesa County Attorney<br>
Attorney for the Board of County<br>
Commissioners of the County of Mesa,<br>
State of Colorado