**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01300-MSK-MJW

John B. Cooke, Sheriff of Weld County, Colorado, *et al.*

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

_____

**[PROPOSED]
*AMICUS* BRIEF OF BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY, COLORADO, OPPOSING DEFENDANT'S MOTION TO DISMISS SHERIFFS AS PLAINTIFFS ACTING IN THEIR OFFICIAL CAPACITY**
_____

The Board of County Commissioners of Mesa County, Colorado (hereafter Board), through Counsel, submits its *Amicus* Brief of Board of County Commissioners of Mesa County, Colorado, Opposing Defendant's Motion To Dismiss Sheriffs As Plaintiffs Acting In Their Official Capacity. The Board is the duly elected Board of County Commissioners of Mesa County whose election is authorized and directed by the Colorado Constitution, Article XIV, Section 6. The authority and duties of the Board are set out, *inter alia*, and without limitation, in Titles 17, 24, 25, 29, 30, 31, 32, 42, and 43 of the Colorado Revised Statutes.

## SUMMARY

Stan Hilkey, Sheriff of Mesa County Colorado (hereafter Sheriff Hilkey) is among 55 Colorado Sheriffs who are Plaintiffs in their official capacity in this litigation. Defendant John W. Hickenlooper, Governor of the State of Colorado, has moved to dismiss the Sheriffs as plaintiffs acting in their official capacity. This *Amicus* Brief is intended to identify and discuss

the Board and Sheriff Hilkey as illustrative examples of the issues faced by all Boards and all Sheriffs of statutory counties in Colorado.

The Board discharges part of its obligations to protect the health, safety, and welfare of county citizens by carrying out its duty to fund the Sheriff's performance of his duties to that same end, as well as funding the Sheriff's duties to provide safe working conditions for his deputies. Sheriffs have an official capacity interest in this matter because HB 13-1224 prohibits the Sheriff and his deputies from using large capacity magazines. The purported exemption enacted as § 18-12-302(3)(b), C.R.S. does not include the constitutional office of sheriff because the Sheriff is not a political subdivision of the state as argued in the State's "Motion to Dismiss Plaintiffs' Claims Two, Three, and Four and to Dismiss Sheriffs as Plaintiffs Acting in Their Official Capacity" (Doc 64, 08/01/13), and is not otherwise included in the exemption because the Sheriff is not "a department or agency of any" other government.

## ARGUMENT

Sheriff Hilkey is the duly elected sheriff of Mesa County whose election is authorized and directed by the Colorado Constitution, Article XIV, Section 8. Sheriff Hilkey was first elected to the office of Sheriff in November, 2002 and first took office in January, 2003. The authority and duties of Sheriff Hilkey are set out, *inter alia*, and without limitation, in Titles 13, 16, 17, 18, 19, 24, 29, 30, and 42 of the Colorado Revised Statutes.

Long-established Colorado case law refers to counties as political subdivisions of the state. *Board of County Commissioners v. Love*, 172 Colo. 121, 470 P.2d 861, (1970). Among the Board's many statutory duties, the Board exercises the powers of the County as a body politic and corporate. §30-11-103, C.R.S. The Board is responsible for the health, safety and

welfare of County citizens, residents, and visitors pursuant to its powers set out in Article 15 of Title 30, C.R.S.; in §30-11-107, C.R.S.; and its budgetary powers set out in §30-11-107(2), C.R.S. and elsewhere.

Among Sheriff Hilkey's many statutory duties, he is responsible for the safety and welfare of County citizens, residents, and visitors. Pursuant to §30-10-516, C.R.S. "It is the duty of the sheriffs, undersheriffs, and deputies to keep and preserve the peace in their respective counties, and to quiet and suppress all affrays, riots, and unlawful assemblies and insurrections. For that purpose, and for service of process in civil or criminal cases, and in apprehending or securing any person for felony or breach of the peace, they, and every coroner, may call to their aid such person of their county as they may deem necessary."

The Sheriff is not a political subdivision of the state. Cases argued by the State in its Motion to Dismiss Sheriffs as Plaintiffs Acting in Their Official Capacity are directed toward entities and not toward individual officers and/or officials. The Colorado Constitution, Article XIV, Section 8, refers to sheriffs as both officers and officials. Counsel is not aware of any statute or case law referring to individual officers or officials as political subdivisions of the state. Sheriff Hilkey is a constitutionally authorized and elected county officer. By Colorado statutes, a sheriff is treated differently than other constitutionally authorized and elected county officers, particularly with regard to authority over deputies and personnel:

> §30-2-106, C.R.S. – Undersheriffs and deputy sheriffs shall be appointed by the sheriffs of their respective counties, and their salaries shall be paid at least once each month. In all counties, the salaries of the undersheriff and deputy sheriff shall be fixed by the sheriff, with the approval of the board of county commissioners.

> §30-10-504, C.R.S. – The sheriff of each county, as soon as may be after entering upon the duties of his office, shall appoint some proper person undersheriff of said county, who shall also be a general deputy, to serve during the pleasure of the sheriff. As often as a

vacancy occurs in the office of such undersheriff, or he becomes incapable of executing the same, another shall in like manner be appointed in his place.

§30-10-506, C.R.S. – Each sheriff may appoint as many deputies as the sheriff may think proper and may revoke such appointments at will; except that a sheriff shall adopt personnel policies, including policies for the review of revocation of appointments. Before revoking an appointment of a deputy, the sheriff shall notify the deputy of the reason for the proposed revocation and shall give the deputy an opportunity to be heard by the sheriff. Persons may also be deputized by the sheriff or undersheriff in writing to do particular acts. (It should be noted that Sheriff Hilkey maintains special policies and/or review boards which supplement and/or supersede the County Personnel and Procedures Manual.)

§16-2.5-102, C.R.S. – The following peace officers shall meet all the standards imposed by law on a peace officer and shall be certified by the peace officers standards and training board, referred to in this article as the "P.O.S.T. board": A chief of police; a police officer; a sheriff; an undersheriff; a deputy sheriff; . . ..

§16-2.5-103(1), C.R.S. – A sheriff, an undersheriff, and a deputy sheriff are peace officers whose authority shall include the enforcement of all laws of the state of Colorado. A sheriff shall be certified by the P.O.S.T. board pursuant to section 30-10-501.6, C.R.S. An undersheriff and a deputy sheriff shall be certified by the P.O.S.T. board.

Colorado case law establishes the plenary authority of a county sheriff over his certified undersheriffs and deputies:

This section (30-10-506) and §30-2-106 indicate that the general assembly intended to grant the sheriff exclusive power to appoint deputies and to fix their salaries, subject to the board of county commissioners' approval. *Tihonovich v. Williams*, 191 Colo. 144, 582 P.2d 1051, 1055 (1978).

The Sheriff, not the county or the board of county commissioners, has the right of control with respect to deputies. *Tunget v. Bd. of County Commissioners*, 992 P.2d 650, 652 (Colo. App. 2000); *Bristol v. Bd. Of County Commissioners of Clear Creek*, 312 F.3d 1213, 1219 (10th Cir. 2002).

An employee may not insist upon adherence to county or departmental policies and procedures regarding termination when this section (30-10-506) specifically provides that the employee serves only at the will of an elected official. Therefore, a policy manual did not preclude a sheriff from exercising his statutory prerogative to terminate an employee. *Seeley v. Bd. Of County Commissioners*, 771 P.2d 21 (Colo. App. 1989), aff'd 791 P.2d

696 (Colo. 1990);  *Jackson v. Johns*, 714 F. Supp. 1126, 1130 (D. Colo. 1989), citing *Seeley v. Board of County Comm'rs*, 654 F. Supp. 1309, 1312-14 (D. Colo. 1987).

Part of Sheriff Hilkey's duties is to provide for the safety and welfare of the public and his undersheriff and deputies, who he has appointed and commissioned, by properly training and equipping them to deal with issues and/or incidents which may be encountered in the wide variety of situations with which they deal.  Part of the Board's duties is to budget, levy taxes, and appropriate funds which in the Board's discretionary judgment are necessary to enable Sheriff Hilkey to perform his duties.  It is the Board's and Sheriff Hilkey's unique statutory mandate to accomplish this.  Mesa County covers approximately 3,329 square miles of territory, much of which is remote and difficult to access quickly, with a population that is spread out and averaging approximately 44 persons per square mile.  Deputies responding to incidents are often alone or with minimal backup from other officers and they must depend on their training and equipment to deal with situations and persons they encounter.

As a part of his responsibilities, Sheriff Hilkey regularly monitors law enforcement problems and issues in Mesa County, the State of Colorado, and the United States in order to ascertain trends that must be considered and reacted to locally.  Sheriff Hilkey has observed and advised the Board of a continual increase in violence and mass shootings involving perpetrators who are possibly protected by levels of body armor and equipped with firearms holding large amounts of ammunition and capable of delivering multiple shots in rapid succession.  The incidents in Aurora, Colorado and Newtown, Connecticut are recent and graphic examples of this trend and it is questionable whether either incident would have been prevented by legislation like HB 13-1224.

Among the wide variety of equipment issued to the deputies, firearms magazines with a capacity exceeding fifteen (15) rounds are routinely issued as equipment in squad cars and on SWAT Teams. As a part of his duties and responsibilities and in consultation and cooperation with other agencies and with response teams among his deputies, Sheriff Hilkey has determined to provide his deputies with firearms utilizing magazines with twenty (20) and/or thirty (30) round capacities. He has done this in his discretion and in the belief that such magazines are necessary and appropriate equipment to enable his deputies to respond to situations they may encounter and with the greatest potential to remain personally safe.

Passage of HB 13-1224 directly affects and prevents Sheriff Hilkey's statutory duty to exercise his independent judgment on how to equip his personnel. The specific statutory exemption set out in HB 13-1224 at §108-12-302(3)(b) is as follows:

> (3) The offense described in subsection (1) of this section shall not apply to: (b) An employee of any of the following agencies who bears a firearm in the course of his or her official duties: (II) A department, agency, or political subdivision of the state of Colorado, or of any other state, or of the United States Government; or . . ..

## CONCLUSION

Sheriff Hilkey's undersheriff and deputies are his employees, serving at his pleasure and will, and responsible to him. Sheriff Hilkey is the duly elected sheriff of Mesa County whose election is authorized and directed by the Colorado Constitution. Since he is a constitutional officer and, as such, not a political subdivision of the State of Colorado, Sheriff Hilkey, his undersheriff, and his deputies are not exempt from the magazine capacity limitation enacted in HB 13-1224. If Sheriff Hilkey is obligated to obey the requirements of HB 13-1224, he is faced with the issue of continuing to equip his deputies with equipment that he deems necessary for their personal protection and violate the statutory prohibition on magazines with a capacity of

over fifteen rounds, or place his deputies in personal danger of not being able to meet and deal with situations they may encounter.

As previously stated, this *Amicus* Brief is intended to identify and discuss the Board and Sheriff Hilkey as illustrative examples of the issues faced by all Boards and all Sheriffs of statutory counties in Colorado. The issues raised are not issues applicable to Sheriff Hilkey's personal capacity or the personal capacity of any other Sheriff. While Sheriff Hilkey and the other Sheriffs certainly have personal constitutional rights at issue in the instant litigation, Mesa County and Sheriff Hilkey and all Boards and all Sheriffs of statutory counties have statutorily authorized and directed official duties which are directly and negatively affected by the passage of HB 13-1224 and which cannot be protected or vindicated without participation in this litigation by Sheriff Hilkey and all other Sheriffs in their official capacity. The Board respectfully requests that the Court deny Defendant's Motion to Dismiss Sheriffs As Plaintiffs Acting In Their Official Capacity.

Respectfully submitted this 22nd day of August, 2013.

s/ Maurice Lyle Dechant
Maurice Lyle Dechant, #8948
Mesa County Attorney
P.O. Box 20,000-5004
Grand Junction, CO 81502-5004
Telephone: (970) 244-1612
lyle.dechant@mesacounty.us
