**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-1300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

    Plaintiffs,

vs.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## RESPONSE OF BACA COUNTY SHERIFF DAVE CAMPBELL TO DEFENDANT'S INTERROGATORIES

    Sheriff Campbell, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 33(b), hereby responds to Defendant's Interrogatories as follows:

### GENERAL OBJECTIONS

    Where no objection is interposed, the responses below reflect all responsive information and documents identified by Sheriff Campbell before the date of the responses, pursuant to a reasonable and diligent search and investigation conducted in connection with this discovery. To the extent the discovery purports to require more, Sheriff objects on the grounds that (a) the discovery seeks to compel him to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, and (b) compliance with the discovery would be oppressive, and would impose an undue burden or expense.

    Sheriff Campbell's discovery responses are also made subject to the ongoing discovery and trial preparation in this case. These discovery responses are made based on the best information, including facts available as of the date of such responses. Sheriff Campbell reserves the right to amend, supplement, or change these discovery responses as permitted or required under the Federal Rules of Civil Procedure based on additional information obtained through the discovery and trial preparation process.

    Sheriff Campbell makes each individual response subject to and without waiving the conditions and objections that are stated in the sections of these

responses entitled "General Objections" and "Objections to Instructions and Definitions" and that are specifically referred to in that particular individual response.

Sheriff Campbell makes each individual response without adopting in any way (unless otherwise stated) the terms and phrases that Defendant purports to define in his discovery. When Sheriff Campbell uses words or phrases that Defendant has purported to define, those words and phrases should be given either (a) the meaning set out by Sheriff Campbell in his responses, or in its objections to the specific definitions, or (b) the ordinary meaning of such words or phrases.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Defendant has purported to define several terms used in his discovery. In his responses, Sheriff Campbell gives ordinary words and phrases their ordinary meaning. By making this written response, Sheriff Campbell does not (a) adopt any purported definition, (b) waive or limit its objections to Defendant's purported definitions, or (c) concede the applicability of any such definition to any term or phrase that might be contained in written responses. Wherever these words are used in Defendant's interrogatories, these objections and these clarifications are incorporated, unless otherwise specified in the request.

Defendant purported to define "you" and "your" to include "counsel for Plaintiffs." Sheriff Campbell objects to this definition to the extent that it purports to require the disclosure of information, communications, or documents protected from disclosure by the attorney-client privilege, work product immunity, or any other privilege or immunity.

**RESPONSES**

1. With respect to each and every home invasion or "robbery in the home" to which your department has responded since January 1, 2004, please:

    a. describe the circumstances surrounding the home invasion/robbery in the home, including: the date and location (by city and county), the number of perpetrators involved, whether or not the perpetrator(s) carried firearms, and whether or not the perpetrator(s), victim(s), or others fired any shots;

**Response:** The list below provides the data available at this time:

There have been two such incidents.

**CONFIDENTIAL:**

March 4, 2012. Springfield. Three shots were fired through the window of a home. We do not have information about the type of gun or the magazine. No-one was injured.

Feb. 23, 2013. Vilas. Five individuals entered the home of some people who were known to them, and began assaulting them. One person in the home fired 6 shots from a pistol. There were no reported injuries.

> b. if a firearm was fired or otherwise used or displayed by any person, identify who used, displayed, or discharged the firearm, the manner in which they did so, whether the firearm used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired by each individual, and whether any person was shot;

**Response:**  Sheriff Campbell objects to this interrogatory on the ground that the phrase "otherwise used or displayed" is vague and ambiguous.  Subject to and without waiving this objection:

The Baca County Sheriff's Office does not information beyond what is stated above.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**

Apparently none.

2. With respect to each and every occasion when you, your predecessor(s) in office, or a sheriff's deputy has discharged a firearm in the course of duty since January 1, 2004 (not including firearm practice or training), please:

3

a. describe the circumstances surrounding the firearm discharge, including the date, location (by city and county), the reason for the firearm discharge, and whether you, your predecessor(s), or deputy were fired upon;

**Response:**  Sheriff Campbell objects to this interrogatory on the ground that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving this objection: The Baca County Sheriff's Office has not been involved in an incident that required any deputy to discharge their firearm during this time frame.

b. if a firearm was fired by any person involved in the event, identify who fired the firearm, whether the firearm used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired by each individual, and whether any person was shot;

**Response:**  Sheriff Campbell objects to this interrogatory on the ground that the word "event" is vague.  Subject to and without waiving this objection: Not applicable.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**  Not applicable.

3. With respect to the allegations of paragraph 102 of the First Amended Complaint (doc. #22), describe every instance since January 1, 1973 in which you or your predecessors in office requested the armed assistance of able-bodied adults ("posse comitatus"). In your response, state in detail the circumstances surrounding each such request, including:

a. the reason for the request, the number of individuals who responded to the request, whether such individuals were law enforcement officers or were deputized for the purposes of participating, and whether these individuals were required by you or your predecessors to carry firearms in connection with their participation;

**Response:**  The Baca County Sheriff's Office has a posse that is typically made up of 12-20 volunteer members. At the current time, there are 15 active members. The Baca County Sheriff's Posse's primary purpose is to support the Baca County Sheriff's Office during large public events, natural disasters, and incidents where the Baca County Sheriff's Office alone may be unable to provide the level of security

or safety the public requires. The Baca County Posse most frequently assists in yearly road closures for winter storms requiring manned road closures and during road closures due to large scale fires. During these events, their goal is to keep the public out of the area and provide scene security. The Baca County Posse operates under the direction of the Baca County Sheriff's Office. Posse members are required to be armed, and they provide their own firearms.

b. whether any individual who responded to the request to assist law enforcement or any individual(s) they encountered while assisting law enforcement discharged a firearm. If shots were fired, state the circumstances surrounding the discharge of the firearm(s), including: who discharged a firearm, whether the firearm(s) used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired, and whether any person was shot;

**Response:**  None.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**  None.

4. With respect to the allegations of paragraph 103 of the First Amended Complaint (doc. #22), describe every instance since January 1, 2004 when you or your predecessors appointed deputies who were not certified peace officers. In your response, state in detail:

a. the date and duration of each individual's appointment, the circumstances surrounding the need for the "non-certified" deputy, whether the non-certified deputy was required to carry a firearm, whether the "non-certified" deputy carried a firearm he/she supplied or a firearm supplied by the sheriff's office, and whether any non-certified deputy ever discharged a firearm;

**Response:**  The Baca County Sheriff's Office detention staff consists of two regular full time employees and three part time employees. The detention staff has hands on contact with all our inmates on either an individual basis or in a group setting. The jail staff performs all intakes, inmate transports, medication passes, trustee supervisions, aids with crowd control, and road closures. Those who are qualified to use a firearm and choose to carry a firearm are required to maintain the same training requirements as the Baca County Sheriff's Office deputies.

The Baca County Sheriff's Office also employs one full time and one part time non-certified peace officer for court house security. The court house security staff are

qualified to use firearms and must also maintain the same training requirements as the Baca County Sheriff's Office deputies.

b. the circumstances surrounding the discharge of the non-certified deputy's firearm, including: the date and location of the event, whether the non-certified deputy was fired upon, the number of rounds fired by the non-certified deputy, the number of rounds fired by others involved in the event, the capacities of magazines from which bullets were fired, and whether any individual was shot;

**Response:** None.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:** None.

5. Describe every occasion since January 1, 2004 when you, your predecessor sheriff(s), a sheriff's deputy, or a family member living with these individuals has discharged or otherwise used or displayed a firearm in defense of self, home, or other family members. In your response, describe the circumstances surrounding each event, including: the events leading to the use, display, or discharge of the firearm, the number of rounds fired by you or others, and the capacity of magazines used by firearms that were discharged. If any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:** Sheriff Campbell objects to this interrogatory on the ground that the phrase "otherwise used or displayed" is vague and ambiguous. Subject to and without waiving this objection: The Baca County Sheriff's Office does not know of any incident where a sheriff, deputy, or family member used, displayed or discharged a firearm in defense of self, family or home.

6. With respect to the allegations of paragraph 105 of the First Amended Complaint (doc. #22), describe every instance since January 1, 2004 in which you or your predecessors in office requested armed citizen assistance for emergencies and

natural disasters. In your response, state in detail the circumstances surrounding each such request, including:

a. the reason for the request, the number of individuals who responded to the request, and whether such individuals were law enforcement officers or were deputized for the purposes of participating, and whether these individuals were required by you or your predecessors to carry firearms;

**Response:** During certain emergencies, the Baca County Sheriff's Office may request the assistance of the Sheriff's Posse. During these events, and when the posse is utilized, they are armed while providing the necessary services.

b. whether any individual who responded to the request to assist law enforcement or any individual(s) they encountered while assisting law enforcement discharged a firearm. If shots were fired, state the circumstances surrounding the discharge of the firearm(s), including: who discharged a firearm, whether the firearm(s) used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired, and whether any person was shot;

**Response:** None.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:** Not applicable.

**AS TO OBJECTIONS:**

<u>s/David B. Kopel</u>
INDEPENDENCE INSTITUTE
727 E. 16th Avenue
Denver, CO 80203
Phone: (303) 279-6536
Fax: (303) 279-4176
david@i2i.org

**ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO**

**AS TO RESPONSES:**

    Pursuant to 28 U.S.C. § 1746, I, Dave Campbell, do hereby verify under penalty of perjury that the foregoing responses to Defendant's Interrogatories are true and correct to the best of my information and belief.

    Dated this 12th day of August, 2013.

_____
s/Sheriff Dave Campbell

8