**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-1300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

   Plaintiffs,

vs.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

   Defendant.

# RESPONSE OF FREMONT COUNTY SHERIFF JAMES L. BEICKER TO DEFENDANT'S INTERROGATORIES

Sheriff Beicker, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 33(b), hereby responds to Defendant's Interrogatories as follows:

## GENERAL OBJECTIONS

Where no objection is interposed, the responses below reflect all responsive information and documents identified by Sheriff Beicker before the date of the responses, pursuant to a reasonable and diligent search and investigation conducted in connection with this discovery. To the extent the discovery purports to require more, Sheriff objects on the grounds that (a) the discovery seeks to compel him to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, and (b) compliance with the discovery would be oppressive, and would impose an undue burden or expense.

Sheriff Beicker's discovery responses are also made subject to the ongoing discovery and trial preparation in this case. These discovery responses are made based on the best information, including facts available as of the date of such responses. Sheriff Beicker reserves the right to amend, supplement, or change these discovery responses as permitted or required under the Federal Rules of Civil Procedure based on additional information obtained through the discovery and trial preparation process.

Sheriff Beicker makes each individual response subject to and without waiving the conditions and objections that are stated in the sections of these responses entitled "General Objections" and "Objections to Instructions and

1

Definitions" and that are specifically referred to in that particular individual response.

Sheriff Beicker makes each individual response without adopting in any way (unless otherwise stated) the terms and phrases that Defendant purports to define in his discovery. When Sheriff Beicker uses words or phrases that Defendant has purported to define, those words and phrases should be given either (a) the meaning set out by Sheriff Beicker in his responses, or in its objections to the specific definitions, or (b) the ordinary meaning of such words or phrases.

## **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Defendant has purported to define several terms used in his discovery. In his responses, Sheriff Beicker gives ordinary words and phrases their ordinary meaning. By making this written response, Sheriff Beicker does not (a) adopt any purported definition, (b) waive or limit its objections to Defendant's purported definitions, or (c) concede the applicability of any such definition to any term or phrase that might be contained in written responses. Wherever these words are used in Defendant's interrogatories, these objections and these clarifications are incorporated, unless otherwise specified in the request.

Defendant purported to define "you" and "your" to include "counsel for Plaintiffs." Sheriff Beicker objects to this definition to the extent that it purports to require the disclosure of information, communications, or documents protected from disclosure by the attorney-client privilege, work product immunity, or any other privilege or immunity.

**RESPONSES**

1. With respect to each and every home invasion or "robbery in the home" to which your department has responded since January 1, 2004, please:

   a. describe the circumstances surrounding the home invasion/robbery in the home, including: the date and location (by city and county), the number of perpetrators involved, whether or not the perpetrator(s) carried firearms, and whether or not the perpetrator(s), victim(s), or others fired any shots;

**Response:**

We have only one case of home invasion or robbery/ burglary since January 1, 2004. It is a current and ongoing investigation. Because this information involves an open case with an ongoing prosecution, it is privileged from discovery. The incident did not involve more than 16 shots fired.

> b. if a firearm was fired or otherwise used or displayed by any person, identify who used, displayed, or discharged the firearm, the manner in which they did so, whether the firearm used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired by each individual, and whether any person was shot;

**Response:** Sheriff Beicker objects to this interrogatory on the ground that the phrase "otherwise used or displayed" is vague and ambiguous. Subject to and without waiving this objection, the only incident is the one described in 1.a. above.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**

None.

2. With respect to each and every occasion when you, your predecessor(s) in office, or a sheriff's deputy has discharged a firearm in the course of duty since January 1, 2004 (not including firearm practice or training), please:

a. describe the circumstances surrounding the firearm discharge, including the date, location (by city and county), the reason for the firearm discharge, and whether you, your predecessor(s), or deputy were fired upon;

**Response:** Sheriff Beicker objects to this interrogatory on the ground that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection: With the research I conducted and to my knowledge, there have been no occasion in which myself or past or current officers have discharged their firearms in the line of duty since January 1, 2004.

b. if a firearm was fired by any person involved in the event, identify who fired the firearm, whether the firearm used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired by each individual, and whether any person was shot;

**Response:** Sheriff Beicker objects to this interrogatory on the ground that the word "event" is vague. Subject to and without waiving this objection: With the research I conducted and to my knowledge, there have been no occasion in which

3

myself or past or current officers have discharged their firearms in the line of duty since January 1, 2004.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**

None.

3. With respect to the allegations of paragraph 102 of the First Amended Complaint (doc. #22), describe every instance since January 1, 1973 in which you or your predecessors in office requested the armed assistance of able-bodied adults ("posse comitatus"). In your response, state in detail the circumstances surrounding each such request, including:

a. the reason for the request, the number of individuals who responded to the request, whether such individuals were law enforcement officers or were deputized for the purposes of participating, and whether these individuals were required by you or your predecessors to carry firearms in connection with their participation;

**Response:**

I was unable to make contact with any of the previous Sheriffs of Fremont County, to my knowledge and with research I was unable to find any evidence that past Sheriffs have requested the help of civilians for any emergency or law enforcement related matter. I myself have not requested the help of civilians to date and have been Sheriff of Fremont County since January 2003.


b. whether any individual who responded to the request to assist law enforcement or any individual(s) they encountered while assisting law enforcement discharged a firearm. If shots were fired, state the circumstances surrounding the discharge of the firearm(s), including: who discharged a firearm, whether the firearm(s) used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired, and whether any person was shot;

**Response:**

I was unable to make contact with any of the previous Sheriffs of Fremont County, to my knowledge and with research I was unable to find any evidence that past Sheriffs have requested the help of civilians for any emergency or law enforcement related matter. I myself have not requested the help of civilians to date and have been Sheriff of Fremont County since January 2003.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**

I was unable to make contact with any of the previous Sheriffs of Fremont County, to my knowledge and with research I was unable to find any evidence that past Sheriffs have requested the help of civilians for any emergency or law enforcement related matter. I myself have not requested the help of civilians to date and have been Sheriff of Fremont County since January 2003.

4. With respect to the allegations of paragraph 103 of the First Amended Complaint (doc. #22), describe every instance since January 1, 2004 when you or your predecessors appointed deputies who were not certified peace officers. In your response, state in detail:

a. the date and duration of each individual's appointment, the circumstances surrounding the need for the "non-certified" deputy, whether the non-certified deputy was required to carry a firearm, whether the "non-certified" deputy carried a firearm he/she supplied or a firearm supplied by the sheriff's office, and whether any non-certified deputy ever discharged a firearm;

**Response:**

Since being elected in January of 2003 I have never appointed any deputy that was not a certified peace officer in Colorado, other than Detention deputies.

b. the circumstances surrounding the discharge of the non-certified deputy's firearm, including: the date and location of the event, whether the non-certified deputy was fired upon, the number of rounds fired by the non-certified deputy, the number of rounds fired by others involved in the event, the capacities of magazines from which bullets were fired, and whether any individual was shot;

**Response:**

None.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**

5

None.

5. Describe every occasion since January 1, 2004 when you, your predecessor sheriff(s), a sheriff's deputy, or a family member living with these individuals has discharged or otherwise used or displayed a firearm in defense of self, home, or other family members. In your response, describe the circumstances surrounding each event, including: the events leading to the use, display, or discharge of the firearm, the number of rounds fired by you or others, and the capacity of magazines used by firearms that were discharged. If any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:** Sheriff Beicker objects to this interrogatory on the ground that the phrase "otherwise used or displayed" is vague and ambiguous. Subject to and without waiving this objection: In my research I can find no incidents where deputies or family members that discharged or displayed or used a firearm of any kind in defense of home or self since January 1, 2004.

6. With respect to the allegations of paragraph 105 of the First Amended Complaint (doc. #22), describe every instance since January 1, 2004 in which you or your predecessors in office requested armed citizen assistance for emergencies and natural disasters. In your response, state in detail the circumstances surrounding each such request, including:

a. the reason for the request, the number of individuals who responded to the request, and whether such individuals were law enforcement officers or were deputized for the purposes of participating, and whether these individuals were required by you or your predecessors to carry firearms;

**Response:**

Since January 1, 2004 I have requested the assistance of the Colorado Mounted Rangers" J Troop." The majority of these individuals are not POST certified peace officers, but my understanding is that a few members of their organization are.

I have used their assistance on four wildfires in my county: Duckett Fire/ Park Fire/ Wetmore Fire/ Royal Gorge Fire. On these incidents they were assigned to road closures, manning road blocks for evacuated areas.

They were allowed, but not required to carry firearms for this duty. I have no documented evidence of who did carry or did not carry during these events.

The Fremont County Sheriff's Office has also utilized the J Troop Rangers for some annual community events: Canon City Music and Blossom Festival/ Penrose Apple Days. Once again they were authorized to carry weapons for these events, but I have no documentation or records of how many Rangers were assigned or who they were individually.

I have also used the Colorado Department of Corrections personnel to assist in locating wanted persons in my County. The personnel assigned to these situations have been the search and tracking teams and the SORT team personnel. These staff are considered level II peace officers in Colorado and are acting under the color of duty for the Director of the Colorado Department of Corrections. They are authorized to carry firearms, and there have been no reports of the use of firearms during any of these events.

b. whether any individual who responded to the request to assist law enforcement or any individual(s) they encountered while assisting law enforcement discharged a firearm. If shots were fired, state the circumstances surrounding the discharge of the firearm(s), including: who discharged a firearm, whether the firearm(s) used a magazine, the capacity of any magazines from which bullets were fired, the number of rounds fired, and whether any person was shot;

**Response:**

There are no known incidents of the use of firearms during any of these events.

c. if any person was shot, identify the individuals who inflicted and suffered any gunshot injuries and state whether any individual was killed.

**Response:**

None.

**AS TO OBJECTIONS:**

7

                               s/David B. Kopel
                               INDEPENDENCE INSTITUTE
                               727 E. 16th Avenue
                               Denver, CO 80203
                               Phone: (303) 279-6536
                               Fax: (303) 279-4176
                               david@i2i.org

                               **ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO**

**AS TO RESPONSES:**

       Pursuant to 28 U.S.C. § 1746, I, James Beicker, do hereby verify under penalty of perjury that the foregoing responses to Defendant's Interrogatories are true and correct to the best of my information and belief.

       Dated this 12th day of August, 2013.

                               _____
                               s/Sheriff James Beicker