IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*,

Plaintiffs,

v.

JOHN W. HICKENLOOPER
in his official capacity as Governor of the State of Colorado,

Defendant.

**UNOPPOSED MOTION FOR DISCOVERY STATUS CONFERENCE WITH MAGISTRATE JUDGE**

Defendant, by and through the Attorney General of the State of Colorado, requests that this Court set a status conference before Magistrate Judge Michael J. Watanabe to resolve a discovery impasse. In support thereof, Defendant states as follows:

1. *Duty to confer:* Undersigned counsel has conferred with counsel for Plaintiffs regarding this motion. As detailed below, the parties have not yet been unable to resolve the dispute that forms the basis of this motion. The parties plan to meet later this week for further conferral. Plaintiffs have stated that they do not oppose this request for a status conference.

2. Since the commencement of this action, Plaintiffs and Defendant have disagreed on the quantity and quality of discovery necessary. (*See, e.g.*, Civil Scheduling Order, Doc. 33 at 9, 12–13.)

3. On June 10, 2013, counsel for Plaintiffs and Defendant appeared before Magistrate Judge Watanabe for the Scheduling Conference. Prior to appearing on the record, counsel met with Magistrate Judge Watanabe in chambers. All counsel were admonished that no witnesses would be permitted to testify unless there had been an opportunity for a deposition. Counsel for Plaintiffs acknowledged that not all of the named plaintiffs would be allowed to testify. It was discussed that counsel for Plaintiffs would designate pools of potential witnesses from each party group (i.e., sheriffs, individuals, dealers, organizations, and shooting range) for depositions. Counsel for Defendant understood this designation would allow an opportunity to depose all potential trial witnesses while enabling the relatively limited and brief discovery Plaintiffs sought.

4. Magistrate Judge Watanabe granted each side 15 depositions and set the discovery cut-off for November 1, 2013. (*Id.*, Doc. 33, at 11–12.) The Civil Scheduling Order is silent, however, with respect to the understanding reached at the Scheduling Conference concerning Plaintiffs' identification of potential witnesses.

5. On August 13, 2013, counsel for Defendant emailed counsel for Plaintiffs and requested "the pool of potential trial witnesses you have selected out

2

of the 55 sheriffs and their availability for depositions." Counsel for Defendant and Plaintiffs discussed this request by telephone on or about August 19, 2013.

6. On August 28, 2013, counsel for Plaintiffs provided the availability of plaintiff Sheriff Justin Smith. The following day, counsel for Defendant responded and asked if this meant Sheriff Smith was in the pool of potential sheriff witnesses. Counsel for Defendant also asked when the remaining sheriffs would be designated and reiterated that this information was needed as soon as possible. Counsel for Plaintiffs responded that it was "impossible . . . to designate a pool of potential Sheriff witnesses," and it would be a "long time before [counsel would] have a sense of which one or two of them might be the best witness(es)." Counsel for Defendant then replied that making sheriffs available piecemeal would not afford the defense with a fair opportunity to depose all party witnesses. Counsel for Defendant again requested the pool of potential sheriff witnesses and indicated the defense would bring this issue to the Court's attention if necessary.

7. On September 5, 2013, counsel for Defendants requested that Plaintiffs identify the pool of potential licensed firearms dealer witnesses. Today, September 17, 2013, Plaintiffs identified two such witnesses, though counsel reserved the right "to add or change this determination."

8. On September 6, 2013, counsel for Defendants again tried to resolve this issue, proposing that each side designate no more than 11 potential trial witnesses for depositions. Although counsel for Plaintiffs promised to give this

3

proposal "serious consideration," it was rejected on September 12, 2013. Counsel stated that Plaintiffs could not "agree to limit their number of trial witnesses to 15, nor can they be compelled now to identify all of their trial witnesses" because "[a]ll of the plaintiffs are presently working on developing their cases."

9. The parties are at an impasse, and Defendant brings this issue to the Court. The plaintiffs comprise 55 elected sheriffs, 9 licensed firearms dealers, 7 organizations, 3 individuals, 1 manufacturer, and 1 shooting facility. Each side is limited to 15 depositions, inclusive of experts. When Plaintiffs' 4 designated experts are subtracted, Defendant has just 11 depositions at his disposal to allocate amongst all of the named plaintiffs. The only way for Defendant to have any opportunity to depose all potential party witnesses within the current schedule and limitations is for plaintiffs to designate pools of potential witnesses from each party group.

10. Counsel for Defendant has diligently and repeatedly requested Plaintiffs to designate a sheriff pool, but to date, they have not done so. The November 1, 2013 discovery cut-off is rapidly approaching. Consequently, it is imperative that this matter be heard at the earliest possible date.

WHEREFORE, Defendant asks this Court to set a discovery status conference before Magistrate Judge Watanabe.

Respectfully submitted this 17th day of September, 2013.

JOHN W. SUTHERS
Attorney General

*s/ Jonathan P. Fero*
**Daniel D. Domenico***
Solicitor General
**David C. Blake***
Deputy Attorney General
**Jonathan P. Fero***
Assistant Solicitor General
**Kathleen Spalding***
Senior Assistant Attorney General
**Matthew D. Grove***
Assistant Attorney General
**John T. Lee***
Assistant Attorney General
**Molly Allen Moats***
Assistant Attorney General

Attorneys for Governor John W. Hickenlooper
1300 Broadway, 10th floor
Denver, Colorado  80203
Telephone:  720-508-6000

*Counsel of Record

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, I served a true and complete copy of the foregoing Motion for Discovery Status Conference upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| | |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbott@hollandhart.com |
| | |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| | |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| | |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                              *s/ Debbie Bendell*