# Richard Westfall

| | |
|---|---|
| From: | Richard Westfall |
| Sent: | Thursday, September 12, 2013 2:32 PM |
| To: | 'Jon Fero'; 'David B. Kopel' |
| Cc: | John T. Lee; Matt Grove; Peter Krumholz; David Blake; Kit Spalding; Dan Domenico; Marc Colin (MColin@brunolawyers.com); Doug Abbott (DAbbott@hollandhart.com); 'Tony Fabian' (fabianlaw@qwestoffice.net); Jonathon Watson (jwatson@brunolawyers.com); 'jmanderson@hollandhart.com'; Molly Moats |
| Subject: | RE: Michael Shain deposition availability |

Jon:

For convenience, I have attached below various emails from you and Dave Kopel that I believe frame the issues upon which we're presently conferring. I believe they are: (1) whether the Plaintiffs and Defendants are limited to 15 trial witnesses each because that is the number of depositions being allowed all plaintiffs as well as defendant; (2) the timing for identifying these witnesses/deponents; (3) whether the Governor can be deposed; (4) whether the CBI executives can be treated as parties given their status as Executive Branch employees; and (5) the number of discovery requests made so far and whether they have been exceeded.

The fifth item Dave and I intend to respond to in a separate email. I would like here to address the first four issues.

Regarding the first and second issues, I do not believe that plaintiffs can agree to limit their number of trial witnesses to 15, nor can they be compelled now to identify all of their trial witnesses. All of the plaintiffs are presently working on developing their cases. You already know about our four experts and there are a number of sheriffs that Dave has already identified. Our two disabled plaintiffs will likely testify, and I believe we'll have at least a few Colorado Farm Bureau witnesses. I anticipate Elisa Dahlberg will testify who is with Women for Concealed Carry, Magpul will likely have one or more witnesses, as will the FFLs. It is, however, very likely that there will be other witnesses identified for trial.

Plaintiffs would consider on a case by case basis if witnesses are identified after the discovery deadline that are material (there may be a number of witnesses testifying as to a narrow area where a simple proffer should be sufficient and no deposition should be taken) where plaintiffs would agree to have these certain trial witnesses deposed out of time. We would expect the same courtesy from the Defendant. Plaintiffs will insist that the discovery cut-off remain.

Re the third item, the Governor is not a nominal party but an active participant in the subject matter of the litigation. His deposition is entirely appropriate. Are you really going to resist having his deposition taken? If so, on what basis?

Re the fourth item, there were numerous representations made throughout the preliminary injunction phase of the case, including ones made regarding the Technical Guidance and that it was binding on the Executive Branch. These representations were made based upon the status of the Governor as the Chief Executive of the Executive Branch of Government. In our context, the Governor is no different than the CEO of a defendant that was a large corporation. Here, there can be no question either that the depositions sought are of agents of the Governor, nor can there be any question on relevance. (For example, the Executive Director of the Agency in which the deponents work was the addressee of the Technical Guidance.)

Let's continue to work through our issues as best we can before involving the Court.

1

**EXHIBIT B**