IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## MOTION FOR PROTECTIVE ORDER

    Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, by and through undersigned counsel, hereby moves for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.Colo.LCivR 30.2.

    1.    *Duty to confer*: Pursuant to D.C. Colo.LCivR 7.1(A) and Fed. R. Civ. P. 26(c)(1), undersigned counsel has conferred with Richard Westfall, the attorney who issued the notice of deposition for Governor Hickenlooper, in a good faith effort to resolve the dispute without court action. Mr. Westfall indicates that Plaintiffs oppose this motion.

### BACKGROUND

    2.    The Governor is named as a defendant in his official capacity in this case, which primarily raises questions of law regarding whether recent

1

state legislation violates the Second Amendment to the United States Constitution.

3. Plaintiffs issued the attached notice of deposition of the Governor (Exhibit A), on September 19, 2013.

4. By this motion, the Governor seeks a protective order barring the Plaintiffs from requiring him to sit for a deposition.

## LEGAL STANDARDS

5. Pursuant to Fed. R. Civ. P. 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."

6. Upon a showing of good cause, the court may issue an order that forbids the disclosure or discovery, specifies terms for the disclosure, or forbids inquiry into certain matters, or limits the scope of disclosure or discovery to certain matters. *Id.*

7. The decision to issue a protective order is within the sound discretion of the court. *Shirley v. Chestnut,* 603 F.2d 805, 806 (10th Cir. 1979).

## ARGUMENT

8. High-ranking government officials generally have immunity from being deposed in matters about which they have no personal knowledge. *In*

2

*re United States,* 985 F.2d 510, 512 (11th Cir. 1993); *Warzon v. Drew,* 155 F.R.D. 183, 185 (E.D. Wis. 1994); *Monti v. State,* 563 A.2d 629, 631, n.4, n.5 (Vt. 1989) (collecting state and federal cases).

9. In order to rebut the presumptive application of this immunity, a party seeking the deposition of a high-ranking government official bears the burden of demonstrating that: 1) the particular official's testimony will likely lead to the discovery of admissible evidence, and 2) is *essential* to that party's case. *Sweeney v. Bond,* 669 F.2d 542, 546 (8th Cir. 1982).

10. Even if the high-ranking official's testimony is essential, a party seeking to depose that official must additionally demonstrate that the information sought is not available through an alternative source or via less burdensome means. *Warzon,* 155 F.R.D. at 185; *see also Shirley,* 603 F.2d at 807 (affirming district court's issuance of protective order for governor's deposition).

11. The act of compelling "high level public officials of a coequal branch of the government exercising power entrusted to them by both the legislative and executive departments" also raises issues "with separation of powers overtones, and warrants more sensitive judicial scrutiny" than if an ordinary individual were compelled to testify. *United States v. Winner*, 641 F.2d 825, 830 (10th Cir. 1981) (referring to *United States v. Nixon,* 418 U.S. 683, 691-92 (1974) (finding an exception to the general rule that a subpoena

would not be quashed, in light of the "constitutional confrontation between two branches of Government" arising from enforcement of a subpoena issued to the United States President)).

12.   Plaintiffs have not alleged that they named the Governor as a defendant in this matter because he has any direct connection to, or personal knowledge of, the allegations in the complaint.

13.   Rather, Plaintiffs named the Governor as the defendant because, they allege, "[a]s Colorado's Chief Executive, Governor Hickenlooper is the proper defendant to actions to enjoin or invalidate a state statute." *Second Amended Complaint,* Doc. 62, *citing Developmental Pathways v. Ritter,* 178 P.3d 524, 529 (Colo. 2008) (holding that for the purposes of challenging constitutionality of law in state courts, "the governor is the embodiment of the state").

14.   It is axiomatic that when the governor signs or vetoes legislation, he is acting in a substantive legislative role. *See Bogan v. Scott-Harris,* 523 U.S. 44, 55 (1998); *Bagley v. Blagojevich,* 646 F.3d 378 (7th Cir. 2011); 73 Am. Jur.2d 254, Statutes, § 32 (2001) ("[i]n passing on laws that are submitted for approval, the executive is regarded as a component part of the lawmaking body, and as engaged in the performance of a legislative, rather than an executive duty").

4

15. The fact that the Governor signed House Bills 1224 and 1229 and issued a related signing statement does not establish that his deposition would likely lead to the discovery of admissible evidence.

16. This is because a signing statement, like the Governor's signature itself, is considered part of the legislative process. *See, e.g. Perez v. Rent-A-Center, Inc.,* 892 A.2d 1255, 1272 (N.J. 2006).

17. Similar to the individual opinions of the legislators who voted for or against House Bills 1224 and 1229, the Governor's reasons for signing the legislation in question are irrelevant. *See, e.g., Soon Hing v. Crowley,* 113 U.S. 703, 710 (1885) ("[The] rule is general with reference to the enactments of all legislative bodies that the courts cannot inquire into the motives of the legislators in passing them, except as they may be disclosed on the face of the acts, or inferrible from their operation, considered with reference to the condition of the country and existing legislation"); *County of Los Angeles v. Superior Court,* 532 P.2d 495, 497-99 (Cal. 1975) (affirming the "historically enshrined legal principle that precludes any judicially authorized inquiry into the subjective motives or mental processes of legislators," and holding that because "the validity of legislation does not turn on legislative motive, the mental processes of individual legislators become irrelevant to the judicial task").

18. Moreover, even assuming *arguendo* that the Plaintiffs were able to make a showing that the Governor's deposition would be likely to lead to the discovery of admissible evidence, a protective order should nonetheless be issued based upon application of the deliberative process privilege.

19. The deliberative process privilege arises from the Supreme Court's acknowledgment that the judiciary is not authorized "to probe the mental processes of [an executive] in reaching his conclusions." *Morgan v. United States,* 304 U.S. 1, 18 (1938); *see also City of Colorado Springs v. White,* 967 P.2d 1042, 1047 (Colo. 1998); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318, 326 (D.D.C. 1966). The privilege is grounded in support for the "policy of frank expression and discussion among those upon whom rests the responsibility for making the determinations that enable government to operate." *Carl Zeiss,* 40 F.R.D. at 324.

20. Plaintiffs have not stated the reasons underlying their demand to depose the Governor. However, the only conceivable reason they could have for doing so would be to inquire about his reasons for approving the challenged legislation, and/or any negotiations that occurred concerning amendments and potential amendments to the bills. As would be the case

6

with any piece of legislation, however, such inquiry would fall squarely within the deliberative process privilege.[1]

21.     Particularly given these restrictions on the Governor's testimony, the Governor should not be required to sit for a deposition in this case.  Such a deposition would needlessly disrupt the Governor's official duties and distract from pressing matters of vital state business, including flood disaster recovery.

## CONCLUSION

Good cause exists for a protective order.  Plaintiffs are unable to carry their burden of establishing that the Governor's testimony is likely to lead to the discovery of admissible evidence that is available from no other source, and the Governor's testimony concerning his exercise of a legislative function is both irrelevant and subject to the deliberative process privilege.  Accordingly, the Governor hereby requests that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1) barring the Plaintiffs from taking his deposition.

---

[1] If these topics were deemed relevant and admissible, such a conclusion would likely require the disqualification of Plaintiffs' attorney David Kopel from continued participation in the case, and perhaps other counsel as well.  Mr. Kopel was heavily involved in the legislative process, and personally participated in lobbying efforts attempting to amend or kill the subject bills. In the unlikely event that the Governor's testimony would be deemed relevant, the Defendant would seek to call Mr. Kopel as a witness.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General


*s/ Matthew D. Grove*
**Daniel D. Domenico***
Solicitor General
**David C. Blake***
Deputy Attorney General
**Kathleen Spalding***
Senior Assistant Attorney General
**Matthew D. Grove***
Assistant Attorney General
**Jonathan P. Fero***
Assistant Solicitor General
**John T. Lee***
Assistant Attorney General
**Molly Moats***
Assistant Attorney General

Attorneys for Governor John W. Hickenlooper
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000
*Counsel of Record

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2013 I served a true and complete copy of the foregoing MOTION FOR PROTECTIVE ORDER upon all counsel of record including those listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbot@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

*s/Debbie Bendell*

9