IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado;
TERRY MAKETA, Sheriff of El Paso County, Colorado;
JUSTIN SMITH, Sheriff of Larimer County, Colorado;
DAVID A. WEAVER, Sheriff of Douglas County, Colorado:
BRUCE W. HARTMAN, Sheriff of Gilpin County, Colorado;
KEN PUTNAM, Sheriff of Cheyenne County, Colorado;
DENNIS SPRUELL, Sheriff of Montezuma County, Colorado;
TIM JANTZ, Sheriff of Moffat County, Colorado;
JERRY MARTIN, Sheriff of Dolores County, Colorado;
MIKE ENSMINGER, Sheriff of Teller County, Colorado;
SHAYNE HEAP, Sheriff of Elbert County, Colorado;
CHAD DAY, Sheriff of Yuma County, Colorado;
FRED D. MCKEE, Sheriff of Delta County, Colorado;
LOU VALLARIO, Sheriff of Garfield County, Colorado;
FRED HOSSELKUS, Sheriff of Mineral County, Colorado;
BRETT L. POWELL, Sheriff of Logan County, Colorado;
JAMES FAULL, Sheriff of Prowers County, Colorado;
LARRY KUNTZ, Sheriff of Washington County, Colorado;
BRIAN E. NORTON, Sheriff of Rio Grande County, Colorado;
DUKE SCHIRARD, Sheriff of La Plata County, Colorado;
JIM BEICKER, Sheriff of Fremont County, Colorado;
RONALD BRUCE, Sheriff of Hindsdale County, Colorado;
CHRIS S. JOHNSON, Sheriff of Otero County, Colorado;
FRED JOBE, Sheriff of Custer County, Colorado;
DONALD KRUEGER, Sheriff of Clear Creek County, Colorado;
JAMES CRONE, Sheriff of Morgan County, Colorado;
SI WOODRUFF, Sheriff of Rio Blanco County, Colorado;
TOM RIDNOUR, Sheriff of Kit Carson County, Colorado;
TOM NESTOR, Sheriff of Lincoln County, Colorado;
STAN HILKEY, Sheriff of Mesa County, Colorado;
FORREST FRAZEE, Sheriff of Kiowa County, Colorado;
RICK DUNLAP, Sheriff of Montrose County, Colorado;
TED B. MINK, Sheriff of Jefferson County, Colorado;
DAVE STONG, Sheriff of Alamosa County, Colorado;
FRED WEGENER, Sheriff of Park County, Colorado;
BRUCE NEWMAN, Sheriff of Huerfano County, Colorado;
RANDY PECK, Sheriff of Sedgwick County, Colorado;
DOMINIC MATTIVI, JR., Sheriff of Ouray County, Colorado;
JOHN MINOR, Sheriff of Summit County, Colorado;
SCOTT FISCHER, Sheriff of Jackson County, Colorado;
PETER GONZALEZ, Sheriff of Archuleta County, Colorado;
RICK BESECKER, Sheriff of Gunnison County, Colorado;
CHARLES "ROB' URBACH, Sheriff of Phillips County, Colorado;

ROD FENSKE, Sheriff of Lake County, Colorado;
GRAYSON ROBINSON, Sheriff of Arapahoe County, Colorado;
DAVID D. CAMPBELL, Sheriff of Baca County, Colorado;
MIKE NORRIS, Sheriff of Saguache County, Colorado;
AMOS MEDINA, Sheriff of Costilla County, Colorado;
MILES CLARK, Sheriff of Crowley County, Colorado;
DAVID ENCINIAS, Sheriff of Bent County, Colorado;
SUE KURTZ, Sheriff of San Juan County, Colorado;
JAMES (JIM) CASIAS, Sheriff of Las Animas County, Colorado;
GARRETT WIGGINS, Sheriff of Routt County, Colorado;
DOUGLAS N. DARR, Sheriff of Adams County, Colorado;
RODNEY JOHNSON, Sheriff of Grand County, Colorado;
COLORADO OUTFITTERS ASSOCIATION;
COLORADO FARM BUREAU;
NATIONAL SHOOTING SPORTS FOUNDATION;
MAGPUL INDUSTRIES;
COLORADO YOUTH OUTDOORS;
USA LIBERTY ARMS;
OUTDOOR BUDDIES, INC.;
WOMEN FOR CONCEALED CARRY;
COLORADO STATE SHOOTING ASSOCIATION;
HAMILTON FAMILY ENTERPRISES, INC., d/b/a FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK;
DAVID STRUMILLO;
DAVID BAYNE;
DYLAN HARRELL;
ROCKY MOUNTAIN SHOOTERS SUPPLY;
2ND AMENDMENT GUNSMITH & SHOOTER SUPPLY, LLC;
BURRUD ARMS INC. D/B/A JENSEN ARMS;
GREEN MOUNTAIN GUNS;
JERRY'S OUTDOOR SPORTS;
GRAND PRIX GUNS;
SPECIALTY SPORTS & SUPPLY;
GOODS FOR THE WOODS;

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

Defendant.

# ORDER REGARDING
# DEFENDANT HICKENLOOPER'S MOTION FOR PROTECTIVE ORDER
# (DOCKET NO. 82)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Hickenlooper's Motion for Protective Order (docket no. 82). The court has reviewed the subject motion (docket no. 82), the response (docket no. 86), and the reply (docket no. 87). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order

In the subject motion (docket no. 82), Defendant Hickenlooper seeks a protective order from this court pursuant to Fed. R. Civ. P. 26(c)(1) barring the Plaintiffs from taking his deposition. In opposition, the Plaintiffs argue that the subject motion (docket no. 82) should be denied and that they should be permitted to take Defendant Hickenlooper's deposition. Plaintiffs assert that they should be permitted to depose Defendant Hickenlooper concerning his post-signing actions and pronouncements that relate to concerns over the constitutionality and alleged benefit to public safety afforded by the challenged legislation [i.e., HB 13-1224 and HB 13-1229]. In addition, Plaintiffs argue that they should be permitted to depose Defendant Hickenlooper on his adoption of what Plaintiffs characterize as inconsistent and confusing "Technical Guidance" letters. Plaintiffs contend that these matters have nothing to do with the legislative process leading up to enactment of the challenged laws [i.e., HB 13-1224 and HB 13-

1229] and everything to do with their subsequent enforcement. Furthermore, Plaintiffs seek to depose Defendant Hickenlooper on facts concerning the enforcement of HB 13-1224 and HB 13-1229 rather than on who helped Defendant Hickenlooper make any particular decision about enforcement. Plaintiffs argue that these areas of inquiry listed above are not covered by the deliberative process privilege because the Plaintiffs seek to depose Defendant Hickenlooper concerning the meaning of statements that he has made publicly, and such statements post-date Defendant Hickenlooper's decision to sign HB 13-1224 and HB 13-1229 into law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs' Second Amended Complaint (docket no. 62) alleges in the **First Claim for Relief** regarding HB 13-1224 that there has been a violation of the Second and Fourteenth Amendments based on the prohibition of magazines larger than 15 rounds. The **Second Claim for Relief** concerning HB 13-1224 alleges a violation of the Second and Fourteenth Amendments based on prohibition of magazines "designed to be readily converted." The

5

**Third Claim for Relief** regarding HB 13-1224 asserts a violation of the Fourteenth Amendment right to due process based on the ambiguity of language regarding magazines 15 rounds or smaller. The **Fourth Claim for Relief** concerning HB 13-1224 alleges a violation of the Second and Fourteenth Amendments based on the requirement for "continuous possession" of magazines owned on the effective date. The **Fifth Claim for Relief** regarding HB 13-1224 and HB 13-1229 asserts a violation of the Americans With Disabilities Act ("ADA"), and the **Sixth Claim for Relief** concerning HB 13-1229 alleges a violation of the Second and Fourteenth Amendments based on restrictions of firearms sales and temporary transfers - Individuals;

5. That Plaintiffs seek the following relief in this lawsuit:

   A. Enter a declaratory judgment that the provisions of HB 13-1224, to be codified at C.R.S. § 18-12-301, that prohibit the sale, transfer, or possession of magazines with larger than a 15-round capacity are a violation of the Second and Fourteenth Amendments of the United States Constitution, and are therefore void;

   B. Enter a declaratory judgment that the provisions of HB 13-1224, to be codified at C.R.S. §§ 18-12-301, *et. seq.*, that ban the sale, transfer, or possession of magazines of less

6

than a 15-round capacity violate the Second and Fourteenth Amendments to the United States Constitution, and are therefore void;

C. Enter a declaratory judgment that the provision of HB 13-1224, to be codified at C.R.S. § 18-12-302, that requires continuous possession of magazines acquired before the effective date of the provision violates the Second and Fourteenth Amendments to the United States Constitution, and is therefore void;

D. Enter a declaratory judgment that the provision of HB 13-1224, to be codified at C.R.S. § 18-12-302, prohibiting the sale, transfer, or possession of magazines smaller than 15 rounds that are "designed to be readily converted to accept more than 15 rounds" is vague, fails to give adequate notice of the conduct that may result in criminal penalties, may result in inconsistent enforcement, and prevents free exercise of Second Amendment rights in violation of Plaintiffs' rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

E. Enter a declaratory judgment that HB 13-1224 and HB 13-1229 violate Title II of the ADA;

F. Enter a declaratory judgment that HB 13-1229 violates the Second and Fourteenth Amendments to the United States

    Constitution, and is therefore void;

G. Issue preliminary and permanent injunctions enjoining Defendant John W. Hickenlooper and any officers, agents, and employees of the State of Colorado from administering or enforcing any provisions of HB 13-1224 and HB13-1229 found to violate the United States Constitution or the ADA; and

H. Award Plaintiffs attorney's fees and costs and grant other such relief as the Court deems proper.

See pages 51-53 in the Second Amended Complaint (docket no. 62);

6. That a decision to issue a protective order is within the sound discretion of the court. Shirley v. Chestnut, 603 F.2d 805, 806 (10th Cir. 1979);

7. That high-ranking government officials generally have limited immunity from being deposed in matters about which they have no personal knowledge. See In re United States, 985 F.2d 510, 512 (11th Cir. 1993); Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wis. 1994). In order to rebut the presumption application of this immunity, a party seeking the deposition of a high-ranking government official bears the burden of demonstrating that: (1) the particular official's testimony will likely lead to the discovery of admissible evidence, and (2) is *essential* to the party's case.

8

Sweeney v. Bond, 669 F.2d 542, 546 (8th Cir. 1982).  Even if the high-ranking official's testimony is essential, a party seeking to depose that official must additionally demonstrate that the information sought is not available through an alternative source or via less burdensome means.  Warzon, 155 F.R.D. at 185; and

8. That this lawsuit filed by Plaintiffs challenges the constitutionality of HB 13-1224 and HB 13-1229 and alleges this legislation violates the ADA.  Plaintiffs have not alleged that they named Governor Hickenlooper as a defendant in this action because he has a direct connection to, or personal knowledge of, the allegations in the Complaint.  This lawsuit is against Colorado Governor Hickenlooper in his official capacity and not in his individual capacity.  Furthermore, Governor Hickenlooper has no direct enforcement role.  Accordingly, his personal thoughts, opinions, and beliefs, including any post-enactment statements, have no bearing on the ultimate questions of law on whether the challenged legislation [i.e., HB 13-1124 and HB 13-1229] meets constitutional standards or violates the ADA.  I thus find that the Plaintiffs have not shown that the Governor's testimony will likely lead to the discovery of admissible evidence and that such evidence is essential to their case.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1. That Defendant Hickenlooper's Motion for Protective Order (docket no. 82) is **GRANTED**. Plaintiffs are not permitted to take the deposition of Defendant Governor John W. Hickenlooper; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 28th day of October 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE