IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

   Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

   Defendant.

## GOVERNOR'S REPLY TO *AMICUS* BRIEF OF BOARD OF COUNTY COMMISSIONERS OF MESA COUNTY

**COMES NOW** Defendant, Governor John Hickenlooper, by and through undersigned counsel, states as follows in response[1] to the *Amicus* brief submitted by the Board of County Commissioners of Mesa County [Doc. 68-1] (filed on 8/22/13):

### INTRODUCTION

Nothing in the Board of County Commissioners of Mesa County's ("Board") amicus brief diminishes the contradiction between the Sheriffs' attempt to bring suit in their official capacities and the Board's position that the Sheriffs are not political subdivisions of the State. The only reasonable reading

---

[1] On October 10, 2013, the Court granted leave to file an *Amicus* Brief to the Board of County Commissioners of Mesa County and permitted Defendant fourteen days in which to respond. On October 25, 2013, the Court granted the Defendant's request for an extension of time, to and including, November 1, 2013.

1

of the Colorado Constitution and Colorado law is that the Sheriffs are political subdivisions of the State.

Likewise, the Board's attempt to argue that the Sheriffs have standing because they suffer a direct injury fails as a matter of law and is procedurally improper. The claim that the Sheriffs do not fall within HB 1224's express exemption because they cannot be classified as a department, agency, or political subdivision of the State has never been asserted by the Sheriffs; moreover, it is plain that in practice the Sheriffs consider themselves and their deputies to be exempt from Colorado's limitation on magazine capacity. The Sheriffs' understanding that they are exempt is undoubtedly correct. Colorado case law confirms that the Sheriffs enjoy civil protection under the substantially similar classification necessary to benefit from State governmental immunity. As such, this Court should dismiss the Sheriffs to the extent they are bringing suit in their official capacities.

## ARGUMENT

### A. An officer suing in an official capacity on behalf of a political subdivision— as the sheriffs have done in this case—have no greater standing to maintain a lawsuit than a political subdivision.

There is no dispute that counties are political subdivisions of the State. *See* Doc. 68-1, at 2. Under the doctrine of political subdivision standing, federal courts lack jurisdiction over certain controversies between political subdivisions and their parent states. *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 628

(10th Cir. 1998). According to the Board, the Sheriffs are not political subdivisions because they are independent from both their respective counties and the State. The Colorado Constitution belies their claims.

Article XIV of the Colorado Constitution establishes counties in the State of Colorado and sets forth their organization. In particular, that Article creates a number of officers for each county, including the "sheriff." Colo. Const. Art. XIV, § 8.[2] The Colorado Constitution further directs that county officers' salaries are to be paid from county funds. Colo. Const. Art. XIV, § 8. The authority to determine the qualifications and salaries for the Sheriffs is also delegated to the General Assembly. *See* Colo. Const. Art. XIV, § 8.5; Colo. Const. Art. XIV, § 15. Under the Constitution, therefore, the Sheriffs are arms of the counties and subject to the authority of the General Assembly. *See, e.g.*, Colo. Rev. Stat. § 30-10-504 (requiring that "the salaries of the undersheriff and deputy sheriff shall be fixed by the sheriff, *with the approval of the board of county commissioners*"); *see also Skidmore v. O'Rourke*, 383 P.2d 473, 474 (Colo. 1963) (in case decided under art. XIV, 8, holding that "the powers and duties of [elected county officials] are prescribed by the Constitution or by statute, or both").

Alternatively, the Board insists that the Sheriffs are not a political subdivision of the State because they are bringing suit as elected officials and not as "entities." *See* Doc. 68-1, at 3 ("Cases argued by the State in its Motion to

---

[2] In addition to the sheriff, elected county officers include the clerk and recorder, the coroner, the treasurer, the county surveyor, and the county assessor. Colo. Const. art. XIV, § 8.

3

Dismiss Sheriffs as Plaintiffs Acting in Their Official Capacity are directed towards entities and not toward individual officers and/or officials"). However, "[i]t is illogical to presume that an officer suing in an official capacity on behalf of a political subdivision might have greater standing to maintain a lawsuit than would the political subdivision that official represents." *Williams v. Corbett*, 916 F. Supp. 2d 593, 598 (M.D. Pa. 2013); *cf. City of Hugo v. Nichols*, 656 F.3d 1251, 1255 n.5 (10th Cir. 2011) (the principle of the political subdivision doctrine "applies equally to suits against state officials in their official capacity . . ."). Accordingly, considering that the Board correctly recognizes that a county office is barred from suing its parent state, so too are county officers precluded from suing on behalf of their county offices.

Indeed, the various statutes cited by the Board highlight that the Sheriffs are political subdivisions of the State. *See, e.g.*, *United States v. Alabama*, 791 F.2d 1450, 1454-55 (11th Cir. 1986) ("creatures of the state have no standing to invoke certain constitutional provisions in opposition to the will of their creator"). As the Board admits, State statutes outline the Sheriffs' duties, Colo. Rev. Stat. § 30-10-516, grant the Sheriffs the authority to appoint undersheriffs and deputy sheriffs, Colo. Rev. Stat. § 30-2-106, and mandate that a Sheriff must meet all the standard imposed by the Peace Officers Standard and Training Board, Colo. Rev. Stat. § 16-2.5-102. Therefore, far from supporting the Board's contention that the Sheriffs are independent from the State, the fact

4

that the Sheriffs' duties, salaries, and training are all determined by the General Assembly confirm that the Sheriffs are political subdivisions of the State.

In any event, even granting the Board's premise that constitutional officers are not responsible to the State, the result in this case would be the same. Like the Sheriffs, the Governor is a constitutional officer. Colo. Const. Art. IV, § 1. If, as the Board claims, constitutional officers are independent from the State, a suit against the Governor would not redress their alleged claims. Thus, accepting the test that the Board proposes would mean that the Governor is the wrong defendant and would require dismissal of the entire action.[3] *Cf. Peterson v. Martinez,* 707 F.3d 1197, 1206-07 (10th Cir. 2013) (dismissing claim on Eleventh Amendment grounds against state official who did not have statutory authority to enforce the challenged statute).

## B. The Board's attempt to raise a new claim of injury on behalf of the Sheriffs is barred as a procedural matter and irreconcilable with the applicable facts and law.

The Board's remaining factual argument is no more persuasive than their legal argument and entirely ignores the allegations in the complaint. The Board argues that the Sheriffs have standing in their official capacity because they do not fit under the exemption set forth in HB 1224. Doc. 68-1, at 5-6. The large capacity magazine ban challenged in this case exempts "[a]n employee of any of the following agencies who bears a firearm in the course of his or her official

---

[3] The Governor has asserted Eleventh Amendment immunity, *see* Doc. 65 at p. 56, and intends to raise that issue at the summary judgment stage.

duties," including (II) A department, agency, or political subdivision of the State of Colorado . . ." Colo. Rev. Stat. § 18-12-302(3)(b).

At the outset, the Board's argument ignores that the Governor has not moved to dismiss the Sheriffs through their individual capacities. *See* Doc. 64, at 15 n.3. The Governor has never argued that the Sheriffs are barred from bringing suit in their individual capacities. As a result, the argument that the Sheriffs do not fall under the HB 1224's law enforcement exception is inapposite.

The Board's claim also fails as a procedural matter. Unlike a factual attack, a facial attack may not rely on documentary evidence outside the complaint. *See Paper, Allied-Indust., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292-93 (10th Cir. 2005). The Sheriffs have never argued that they are not a department, agency, or political subdivision of the State of Colorado. The Board is foreclosed from raising a claim of injury never presented in the complaint.

Regardless, Colorado case law confirms that the Sheriffs are political subdivisions of the State and fit within HB 1224's exception. In Colorado, absent express exceptions, "sovereign immunity shall be a bar to any action against a public entity for injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant." Colo. Rev. Stat. § 24-10-108. Colorado law defines "public entity" as including "any county" and any "kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to the law." Colo. Rev. Stat. § 24-10-

6

103(5). Colorado courts have repeatedly concluded that Colorado Sheriffs are "public entities" as defined in the Governmental Immunity Act. Therefore, under Colorado law the Sheriffs should also be classified as a "department, agency, or political subdivision of the State of Colorado" for the purposes of HB 1224's law enforcement exception. *See, e.g., Corsentino v. Cordova*, 4 P.3d 1082, 1087 (Colo. 2000) (analyzing whether *under* the exceptions to the Governmental Immunity Act, a sheriff waived immunity); *Young v. Jefferson County Sheriff*, 292 P.3d 1189, 1191-92 (Colo. App. 2012) (same); *Cordova v. Pueblo West Metro. Dist.*, 986 P.2d 976, 979-80 (Colo. App. 1998) (same).

This conclusion finds substantial support in the simple fact that Sheriffs are subject to both county and State authority. For example, although the Board correctly points out that the Sheriff has authority to appoint deputies and fix their salaries, a Sheriff's budget is subject to his county commissioners' "exclusive power to adopt the annual budget for the operation of the county government[.]" § 30-11-107, C.R.S. (2013). And State statutes not only set qualifications for election to office, but also impose many other duties on the sheriff of each county. As the Board points out, there are a host of statutes that bind, empower, protect and apply to Sheriffs, all of which are "set out, inter alia, and without limitation, in Titles 13, 16, 17, 18, 19, 24, 29, 30, and 42 of the Colorado Revised Statutes." *Amicus Brief*, p. 2.

7

## CONCLUSION

Based on the foregoing reasoning and authorities, this Court should reject the Board's suggestion that the Sheriffs are not barred from maintaining their suit by the political subdivision doctrine, and dismiss the Sheriffs in their official capacities pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General

*s/ John T. Lee*
**David C. Blake\***
Deputy Attorney General
**Jonathan P. Fero\***
Assistant Solicitor General
**Kathleen Spalding\***
Senior Assistant Attorney General
**Stephanie Scoville\***
Senior Assistant Attorney General
**Matthew D. Grove\***
Assistant Attorney General
**John T. Lee\***
Assistant Attorney General
**Molly Moats\***
Assistant Attorney General

Attorneys for Governor John W. Hickenlooper
1300 Broadway, 10th floor
Denver, Colorado  80203
Telephone:  720-508-6000
\*Counsel of Record

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013 I served a true and complete copy of the foregoing **Governor's Reply to *Amicus* Brief** upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

    *s/ John T. Lee*

9