IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

JOHN B. COOKE, *et al.*,

    Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## PLAINTIFFS' UNOPPOSED MOTION TO ALTER OR AMEND ORDER (#96) ON MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 59(e) and 60(a), Plaintiffs move this Court to correct one aspect of its Order (#96) on Defendant's motion to dismiss. In particular, Plaintiffs respectfully request this Court to amend the Order to clarify that the Plaintiff Sheriffs have already asserted claims in their respective individual capacities in the Second Amended Complaint, and that they remain in this case as Plaintiffs in their individual capacities only.

**Certification.** Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel certifies that he has conferred with counsel for Defendant concerning the relief sought in this motion. Defendant's counsel has stated that Defendant does not oppose this motion to seek clarification of the Court's Order.

## BACKGROUND

In its Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order"), this Court granted Defendant's motion with respect to the Plaintiff Sheriffs, holding that they do not have standing in their official capacities to sue the State of Colorado.

1

Order, at 21-22. In the course of reaching that conclusion, this Court's order contained two statements that indicate a misunderstanding concerning the Sheriffs' claims. Page 16 of the Order stated: "Here, the Court understands the parties to agree that the claims asserted by the Sheriffs in the Second Amended Complaint are all intended to be brought as official capacity claims." Similarly, at page 21, the Order stated that "no individual claims have been asserted in the Second Amended Complaint."

Based on the premise that the Sheriffs had not asserted individual claims in this action, and indeed that all the parties agreed that they had not done so, this Court held that Defendant's motion to dismiss the Sheriffs in their official capacities was granted "with respect to *all* claims asserted by the Sheriffs." Order at 22. The Order gave the Sheriffs 14 days from the date of the Order in which to seek to join in the action in their individual capacities. *Id.*

As further discussed below, the Sheriffs have already asserted individual claims in the Second Amended Complaint. Indeed, all the parties, including Defendant and his counsel, understood that pursuant to the Second Amended Complaint, the Sheriffs had asserted claims in both their official and individual capacities. Accordingly, Plaintiffs respectfully request that this Court amend its Order to state that while the Sheriffs' official claims are dismissed for the reasons detailed by this Court, they remain in the case in their individual capacities only.

## **ARGUMENT**

Rule 59(e) of the Federal Rules of Civil Procedure allows for a motion to alter or amend a judgment. Since specific grounds for such a motion are not listed in the rule, this Court enjoys considerable discretion in whether to grant such a motion. 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE, § 2810.1 (3d ed.). In addition, Rule 60(a) states that "[t]he

2

court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."[1]  Here, a correction or alteration of the record is warranted because the Sheriffs had asserted individual claims in the Second Amended Complaint, and therefore should remain in this case for purposes of asserting their own individual Second Amendment rights.

On July 1, 2013, Plaintiffs filed a motion for leave to file a Second Amended Complaint. Doc.43.  In that motion, Plaintiffs explained that the Sheriffs in the First Amended Complaint had asserted claims premised on their personal Second and Fourteenth Amendment rights:

> 6.   [I]n the First Amended Complaint, the Sheriffs, as members of the category of the Plaintiffs in general, and as members of the category of individual Plaintiffs, had raised their personal Second and Fourteenth Amendment rights as American citizens. See First Amended Complaint, ¶¶ 95, 137, 158, 187, 207, 214, 217, and 231.
>
> 7.   Defendant, in his Response Brief, expressed surprise that the Sheriffs are asserting their individual rights. Response at 14.
>
> 8.   Therefore, in the interest of absolute clarity, Plaintiffs seek to amend paragraph 105, in the section on the Plaintiff Sheriffs' interests, to further state the Sheriffs' individual rights and interests, even though those rights and interests had already been repeatedly stated in the First Amended Complaint.

*Id.* ¶¶ 6-8. Because Defendant's counsel had indicated surprise that the Sheriffs were asserting rights in their individual capacities, Plaintiffs sought to amend the complaint to clarify and "further state the Sheriffs' individual rights and interests, even though those rights and interests had already been repeatedly stated in the First Amended Complaint." *Id.* ¶ 8.  Defendant's

---

[1] Although Rule 60(b)(1) also contemplates motions for relief from a final order for, among other things, mistake or inadvertence, there is some doubt concerning the circumstances under which relief can be sought for an error of the court  WRIGHT, ET AL., § 2858.1

3

counsel were fully aware that this was one of Plaintiffs' purposes in filing the Second Amended Complaint, and indeed Defendant's counsel did not oppose the motion.

Paragraph 105 of the Plaintiffs' proposed Second Amended Complaint, which this Court subsequently accepted for filing on July 10, 2013 (#58), contains the following pertinent allegations:

> As described in paragraphs 95, 137, 158, 187, 207, 214, 217, and 231, ***the Sheriffs, like all Plaintiffs, are injured by the infringements of their individual rights under the Second and Fourteenth Amendments***. The infringements of the Sheriffs' rights are particularly harmful because of the heightened danger that the Sheriffs and their families presently face and will continue to face after retirement as the result of the Sheriffs' public service.

Second Amended Complaint, ¶ 105 (emphasis added). Thus, the Second Amended Complaint explicitly contained an assertion by the Sheriffs of violations of their own individual rights under the Second and Fourteenth Amendments.

The fact that all parties agreed that the Sheriffs had asserted claims in both their official and personal capacities was later illustrated in Defendant's Motion to Dismiss Plaintiffs' Claims Two, Three, and Four, and to Dismiss Sheriffs as Plaintiffs Acting in Their Official Capacity (#64). At footnote 3 of that motion, Defendant stated as follows: "Defendants [sic] do not contend that the sheriffs lack standing in their individual capacities." Doc.64 at 15 n.3. Of course, that assurance only made sense if the Sheriffs had in fact asserted claims in their individual capacities – which they had.

Defendant in his Reply Brief for his Motion to Dismiss (#75), at 18, emphatically restated that the Sheriffs would remain in the case in their individual capacities: "As an initial matter, Sheriffs [sic] claim for third-party standing ignores that Defendant has not moved to dismiss Sheriffs through their individual capacities. Defendant has never disputed that Sheriffs can bring

4

the claims through their individual capacities." (Internal citation omitted.) Similarly, in an e-mail sent on July 31, 2013 (attached as Ex. A), Assistant Attorney General David Blake acknowledged: "We are not moving to remove sheriffs *in their personal capacity* . . . ." (Emphasis added.)

The Sheriffs' briefing has always been consistent with the Sheriffs' dual capacities. In response to Defendant's Motion "To Dismiss Sheriffs As Plaintiffs Acting In Their Official Capacity" the Sheriffs of course addressed only issues of official capacity, since those were the only issues relevant to the Motion.

Previously, when this Court asked the Plaintiffs for supplemental briefing on Plaintiffs' standing for the preliminary injunction motion, the Plaintiffs filed a joint brief in which one section was titled "The Sheriffs' Individual Second and Fourteenth Amendment Rights." The next section of the brief was captioned "The Sheriffs in their Official Capacity," and began, "Besides having standing as individual American citizens, the Sheriffs also have standing in their official capacity." Plaintiffs' Supplemental Brief Regarding Plaintiff's Standing and Other Issues Raised by the Court (#37), at 21-22.

Not only have the parties documented their understanding that the Sheriffs were proceeding in their individual and official capacities, but discovery proceeded on the common understanding of the parties that the Sheriffs were asserting both individual and official capacity claims. In every Sheriff's deposition, Defendant's counsel questioned the Sheriffs at length concerning purely personal issues, including questions relating to, among other things, every single firearm in their personal collections, the shooting ability of their spouses and children,

their experience as hunters, their recreational use of firearms, and any personal home defense situations the Sheriffs and their family members had faced.

## **CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request this Court to amend its Order to clarify that while the Sheriffs have been dismissed in their official capacities for the reasons stated in the order,[2] they remain Plaintiffs in this case as parties asserting their own individual rights.

Dated this 6th day of December, 2013.

                Respectfully submitted,

                s/Richard A. Westfall
                Richard A. Westfall
                Peter J. Krumholz
                HALE WESTFALL LLP
                1445 Market Street, Suite 300
                Denver, CO 80202
                Phone: (720) 904-6022
                Fax: (720) 904-6020
                rwestfall@halewestfall.com

                **ATTORNEYS FOR DISABLED CITIZENS, OUTDOOR BUDDIES, INC. THE COLORADO OUTFITTERS ASSOCIATION, COLORADO FARM BUREAU, AND WOMEN FOR CONCEALED CARRY**

---

[2] By this motion, it is not Plaintiffs' intention to waive for appellate purposes the issue of the Sheriffs' standing in their official capacities.

s/David B. Kopel
INDEPENDENCE INSTITUTE
727 E. 16th Avenue
Denver, CO 80203
Phone: (303) 279-6536
Fax: (303) 279-4176
david@i2i.org
**ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO**

s/Douglas Abbott
Jonathan M. Anderson
Douglas Abbott
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO 80201-8749
Phone: (303) 295-8566
Fax: (303) 672-6508
jmanderson@hollandhart.com
**ATTORNEYS FOR MAGPUL INDUSTRIES AND THE NATIONAL SHOOTING SPORTS FOUNDATION**

s/Marc F. Colin
BRUNO COLIN JEWELL & LOWE PC
1999 Broadway, Suite 3100
Denver, CO 80202-5731
Phone: (303) 831-1099
Fax: (303) 831-1088
mcolin@bcjlpc.com
**ATTORNEY FOR LICENSED FIREARMS DEALERS**

s/Anthony J. Fabian
LAW OFFICES OF ANTHONY J. FABIAN PC
510 Wilcox Street, Suite C
Castle Rock, CO 80104
Phone: (303) 663-9339
Fax: (303) 713-0785
fabianlaw@qwestoffice.net
**ATTORNEY FOR COLORADO STATE SHOOTING ASSOCIATION AND HAMILTON FAMILY ENTERPRISES, INC. D/B/A FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2013, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| Matthew Groves | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | Stephanie.Scoville@state.co.us |
| John Lee | jtlee@state.co.us |

s/Peter J. Krumholz
HALE WESTFALL LLP
1445 Market Street, Suite 300
Denver, CO 80202
Phone: (720) 904-6022
Fax: (720) 904-6020