IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, *et al.*,

Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

Defendant.

---

**GOVERNOR'S RESPONSES TO FEDERAL LICENSED FIREARMS DEALERS, MAGPUL INDUSTRIES, COLORADO STATE SHOOTING ASSOCIATION, AND HAMILTON FAMILY ENTERPRISES FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, by and through undersigned counsel, hereby submits his responses to the interrogatories, requests for admission, and requests for production propounded by the Plaintiff federal licensed firearms dealers, Magpul Industries, Colorado State Shooting Association, and Hamilton Family Enterprises.

## AUTHENTICATION

The names and positions of each and every person who assisted in answering these requests for admission are as follows:

(a) Kathleen Spalding, Senior Assistant Attorney General
(b) Stephanie Scoville, Senior Assistant Attorney General
(c) Matthew Grove, Assistant Attorney General
(d) Jack Finlaw, Chief Legal Counsel, Office of the Governor

## GENERAL OBJECTIONS AND RESPONSES

The Governor makes the following general objections and responses to the non-profit and individual Plaintiffs' first set of requests for admission:

1

1.     The Governor objects to each Discovery Request to the extent that it:

    (a)  is overly broad and/or unduly burdensome;

    (b)  is vague, ambiguous, and/or fails to describe with reasonable particularity the information sought;

    (c)  seeks information that exceeds the scope of, or is inconsistent with permissible discovery;

    (d)  seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence; and/or

    (e)  contains undefined terms which are ambiguous and/or prejudicial.

2.     The above-captioned written discovery requests do not, by their terms, exclude privileged or protected communications from production.  The Governor therefore objects to each discovery request to the extent that it seeks the disclosure of any information that is privileged or protected for any reason, including but not limited to information protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, and any other applicable privileges or protections.

3.     The Governor objects to each request for admission to the extent it seeks the disclosure of information gathered and/or documents prepared by or for the Governor or the Governor's attorneys in anticipation of litigation or in preparation for trial that contains or discloses the theories, mental impressions, or litigation strategy of the Governor's attorneys.

4.     The Governor objects to each request for admission to the extent it requests information not in the Governor's possession, custody or control.  The Governor further objects to each request for admission to the extent that it seeks information in the possession, custody, or control of others.  More specifically, Plaintiffs purport to define the terms "you," "your" and "defendant" to include all persons and departments within the executive branch of Colorado state government.  This definition inaccurately reflects the scope of this litigation.  Plaintiffs have sued the Governor in his official capacity.  The Court has recognized that for the purposes of this litigation, the Governor's Office does not include either executive departments or the thousands of state employees who work in those departments.  The Governor objects to the definition of "you," "your," and "defendant" to the extent that the definition purports to require the disclosure of

information or documents from entities or persons who are not within the Governor's Office and not within the custody or control of the Governor's Office.

5.      The Governor objects to each request for admission to the extent it seeks the disclosure of any confidential information, and will seek an appropriate protective order prior to disclosing any such information (to the extent that the current protective order does not encompass such information).  However, attorney-client privileged communications and work product will not be disclosed.

6.      The Governor responds to the instant discovery requests as required by the Federal Rules of Civil Procedure and applicable case law.  The Governor therefore objects to each request for admission to the extent it seeks to impose obligations on the Governor other than those authorized by the Federal Rules of Civil Procedure and applicable case law.  Any purported instructions, definitions, requirements, or requests to the contrary are disregarded.

7.      By disclosing information and/or materials responsive instant discovery requests, the Governor does not stipulate or otherwise admit that any such information and/or materials is authentic, relevant, or admissible.  The Governor expressly reserves all objections to the admission of such information and/or materials as provided by the rules of procedure and evidence.

8.      The Governor's general objections and responses to the instant discovery requests shall be deemed continuing as to each Discovery Request and are not waived or in any way limited by the following specific objections and responses to each request for admission.  Further, the Governor's general objections and responses shall be deemed incorporated into the following specific objections and responses to each request for admission.

9.      The Governor's responses to the instant discovery requests are based upon information presently available and specifically known to the Governor in his official capacity.  The Governor is aware of his obligation under Fed.R.Civ.P. 26(e), and consistent therewith, will timely supplement any specific response with additional or corrective information if the Governor learns that in some material respect the original response was incomplete or incorrect.

10.     Defendant objects to Plaintiffs' interrogatories to the extent they request all facts or information upon which Defendant may rely. Defendant's

3

responses are made subject to the ongoing discovery and trial preparation in this case and are based on the best information presently available.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION

**Interrogatory 1:** Are you aware of any occasions since 1993 to present, when individuals, law enforcement agencies, courts, or any other person or organization has violated or taken action contrary to a Technical Guidance, including any Guidance issued to clarify or provide an interpretation of Colorado legislation, regardless of whether it was styled "Technical Guidance" (hereinafter "Guidance") including but not limited to the Guidances issued relating to HB 1224 and HB 1229? If so, please describe:

    (a) The Guidance that was violated;
    (b) The date of the violation;
    (c) The events and circumstances surrounding the violation; and
    (d) How the violation was addressed by the Governor, Colorado Attorney General, law enforcement agencies, and/or other individual(s).

***Objection*:** Defendant objects to this Interrogatory on the ground that it seeks twenty years of data, the majority of which predate Defendant's administration, and therefore is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the ground that it seeks information relating to "individuals, law enforcement agencies, courts, or any other person or organization," and therefore, is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant similarly objects to this Interrogatory on the ground that it asks "How the violation was addressed by the Governor, Colorado Attorney General, law enforcement agencies, and/or other individual(s)" and therefore, is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that a request for information relating to "any other person or organization" or "other individual(s)" is too vague and ambiguous to permit a meaningful response, and is also overbroad and unduly burdensome and oppressive.

*__Response__*:  Subject to and without waiving the foregoing general and specific objections, the Governor is aware of no such occasions during his administration.

**Request for Production 1:** Produce any and all documents utilized in answering Interrogatory 1.

*__Objection__*:  The Governor hereby incorporates the objections to Interrogatory 1.

*__Response__*: The Governor has no documents responsive to this request.

**Interrogatory 2:** Identify every instance in which any Colorado Governor, Colorado Attorney General, or anyone at their direction, has issued Guidance since 1993 to present.

*__Objection__*: Defendant objects to this Interrogatory on the ground that it seeks twenty years of data, the majority of which predate Defendant's administration, and therefore is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the ground that it seeks information relating to "any Colorado Governor, Colorado Attorney General, or anyone at their direction" and therefore, is overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory on the ground that a request for information relating to "anyone at their direction" is too vague and ambiguous to permit a meaningful response, and is also overbroad and unduly burdensome and oppressive. The Governor objects further because this interrogatory seeks information that is subject to the attorney-client privilege, work product privilege, and deliberative process privilege, and because it seeks information outside the custody and control of the Governor's office.

*__Response__*:  Subject to and without waiving the foregoing general and specific objections the Governor's office has not issued any Technical Guidance during the current administration.  Consistent with the Governor's signing statement, the Attorney General issued Technical Guidance concerning HB 1224 on May 17, 2013, and July 10, 2013. The Governor has no knowledge of whether previous administrations or other state agencies have issued Technical Guidance on any occasion since 1993.

5

**Request for Production 2:** Produce any and all documents related to any Guidance identified in your response to Interrogatory 2, including copies of the Guidance.

**_Objection_:** The Governor hereby incorporates the objections to Interrogatory 2.

**_Response_:** The Governor's signing statement for HB 1224 and the Technical Guidance letters of May 17 and July 10, 2013, are submitted herewith. To the extent that Request for Production 2 seeks documents that are subject to the attorney-client privilege, work product privilege, deliberative process privilege, or any other applicable privilege, such documents will not be produced.

**Interrogatory 3:** Identify any and all occasions when a Guidance has been modified, removed, or altered, as well as the occasions when more than one Guidance has been issued for the same legislation.

**_Objection_:** This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Because there is no temporal limitation on this interrogatory, it is also overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

**_Response_:** The Governor's office has no knowledge of an occasion upon which "a Guidance has been modified, removed, or altered" during his administration, and is aware of only one occasion during his administration upon which "more than one Guidance has been issued for the same legislation." The Attorney General's office issued two Technical Guidance letters relating to HB 1224.

**Request for Production 3:** Produce any and all documents related to any Guidances identified in your response to Interrogatory 3, including copies of the Guidance.

**_Objection_:** The Governor hereby incorporates the objections to Interrogatory 3.

**_Response_:** The Governor's signing statement for HB 1224 and the Technical Guidance letters of May 17 and July 10, 2013, are submitted herewith. To the extent that Request for Production 2 seeks documents that are subject to the attorney-client privilege, work product privilege, deliberative process privilege, or any other applicable privilege, such documents will not be produced.

**Interrogatory 4:** Identify any and all alleged governmental interests served by HB 1224's 15-round limitation on the capacity of magazines and describe in detail how the 15-round limitation serves or addresses that interest.

___**Objection**___:  This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g., Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

___**Response**___: Subject to and without waiving the foregoing general objections, the governmental interests served by HB 1224 are the protection of public safety and public health.  The manner in which limiting magazine size achieves that governmental interest is, without limitation, identified in the following documents:

- The expert report of Jeffery Zax, Ph.D., submitted August 2, 2013, and publications cited therein.
- The supplemental expert report of Jeffery Zax, Ph.D., submitted September 13, 2013, and publications cited therein.
- The rebuttal expert report of Douglas S. Fuchs, submitted September 6, 2013, and publications cited therein.
- The rebuttal expert report of John Cerar, submitted September 5, 2013, and publications cited therein.
- Legislative history for H.B. 1224.
- Testimony of Laurence Tribe before the Senate Judiciary Committee, February 2013.
- Christopher S. Koper, An Updated Assessment of the Federal Assault Weapons Ban: Impacts on Gun Markets and Gun Violence, 1994-2003, Report to the National Institute of Justice, June 2004.
- Christopher S. Koper, America's Experience with the Federal Assault Weapons Ban, 1994-2004, Key Findings and Implications, in Reducing Gun Violence in America, D. Webster and J. Vernick, eds., Johns Hopkins University Press (2013).
- David S. Fallis and James V. Grimaldi, In Virginia, High-Yield Clip Seizures Rise, Washington Post, January 23, 2011, page A-1.
- David S. Fallis, High-capacity magazines saw drop during ban, data indicate, Washington Post, January 13, 2013, page A-4.
- Richmond T, Branas C, Cheney R, Schwab C. The case for enhanced data collection of gun type. J Trauma, 2004; 57(6):1356-1360.
- Reedy DC, Koper CS. Impact of handgun types on gun assault outcomes: a comparison of gun assaults involving semiautomatic pistols and revolvers. Inj. Prev., 2003; 9(2):151-155.
- Firearm Injury in the U.S., Firearm & Injury Center at Penn (Version 2011).

- Wintemute GJ. The relationship between firearm design and firearm violence. Handguns in the 1990s. JAMA, 1996; 275(22):1749-53.
- Gotsch KE, Annest JL, Mercy JA, Ryan GW. Surveillance for fatal and nonfatal firearm-related injuries—United States, 1993-1998. MMWR, 2001; 50(SS-2): 1-34.
- Hargarten SW, Karlson TA, O'Brien M, Hancock J, Quebbeman E. Characteristics of firearms involved in fatalities. JAMA, 1996; 275(1):42-5.

**Request for Production 4:** Provide any and all documents, information, or other evidence that supports your claimed governmental interests outlined in your response to Interrogatory 4.

**_Objection_**:  The Governor hereby incorporates the objections to Interrogatory 4.

**_Response_**: Subject to and without waiving the foregoing specific and general objections, copies of the documents identified in response to Interrogatory 4 have either been previously disclosed or are provided herewith.

**Request for Admission 1:** Admit that HB 1224's 15-round limitation on the capacity of magazines is not narrowly tailored and/or substantially related to meet the governmental interests you identified in Interrogatory 4.

**_Objection_**: In the event that a trial is necessary, and assuming that a fifteen-round limit on magazine capacity implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1224 is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1224 does not impose any burden on core Second Amendment protections, much less a severe burden.

**_Response_**:  Denied.

**Interrogatory 5**: If you deny Request for Admission 1, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224's 15-round limitation on the capacity of magazines is narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 4.

**_Objection_**: This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.  In the

event that a trial is necessary, and assuming that a fifteen-round limit on magazine capacity implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1224 is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1224 does not impose any burden on core Second Amendment protections, much less a severe burden.

**_Response_**: Subject to and without waiving the foregoing general and specific objections, there is, at a minimum, a substantial relationship between the magazine capacity limit and the state's interest in ensuring public safety and public health. This relationship will be demonstrated through the expert testimony of Jeffery Zax, Douglas Fuchs, and John Cerar, whose conclusions are outlined in their previously disclosed expert and rebuttal reports. The expert testimony will be supported by extensive testimony from civilians, witnesses associated with law enforcement, and the submission of various studies relating to the allegations in the complaint.

**Request for Production 5**: Provide any and all documents, information, legislative records, or other materials and evidence that supports your response to Interrogatory 5.

**_Objection_:** The Governor hereby incorporates the objections to Interrogatory 5 and RFA 1.

**_Response_**:  Subject to and without waiving the foregoing general and specific objections, see the documents identified and provided in response to Interrogatory 4 and RFP 4.

**Interrogatory 6:** Identify any and all alleged governmental interests served by HB 1224's prohibition of magazines "designed to be readily converted" to hold greater than 15 rounds and describe in detail how the prohibition serves or addresses that interest.

**_Objection_:** This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory. *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face"). It is also a premature contention interrogatory.

**_Response_**: See Response to Interrogatory 4.

**Request for Production 6:** Provide any and all documents, information, or other evidence that supports your claimed governmental interests outlined in your response to Interrogatory 6.

 **_Objection_**: The Governor hereby incorporates the objections to Interrogatory 6.

 **_Response_**: See Response to RFP 4.

**Request for Admission 2:** Admit that HB 1224's prohibition of magazines "designed to be readily converted" to hold greater than 15 rounds is not narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 6.

 **_Objection_:** In the event that a trial is necessary, and assuming that a fifteen-round limit on magazine capacity implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1224 is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1224 does not impose any burden on core Second Amendment protections, much less a severe burden.

 **_Response_**: Denied.

**Interrogatory 7:** If you deny Request for Admission 2, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224's prohibition of magazines "designed to be readily converted" to hold greater than 15 rounds is narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 6.

 **_Objection_:** This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory. *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face"). It is also a premature contention interrogatory. In the event that a trial is necessary, and assuming that a fifteen-round limit on magazine capacity implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1224 is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1224 does not impose any burden on core Second Amendment protections, much less a severe burden.

10

*__Response__*:  Subject to and without waiving the foregoing general and specific objections, magazines that are "designed to be readily converted" to hold more than fifteen cartridges implicate the same public safety and health concerns as magazines that hold more than fifteen cartridges.  *See* Response to Interrogatory 5.

**Request for Production 7:** Provide any and all documents, information, legislative records, or other materials and evidence that supports your response to Interrogatory 7.

*__Objection__*:  The Governor hereby incorporates the objections to Interrogatory 7.

*__Response__*:  Subject to and without waiving the foregoing general and specific objections, see the documents identified and provided in response to Interrogatory 4 and RFP 4.

**Interrogatory 8:** Identify any and all alleged governmental interests served by HB 1224's continuous possession clause and describe in detail how the clause serves or addresses that interest.

*__Objection__*: This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

*__Response__*: Subject to and without waiving the foregoing general and specific objections, HB 1224's "continuous possession" requirement, as construed by the May 17, 2013 and July 10, 2013 Technical Guidance documents, provides that the owner of a grandfathered LCM must maintain dominion or control of the magazine in order to maintain its grandfathered status.

**Request for Production 8:** Provide any and all documents, information, or other evidence that supports your claimed governmental interests outlined in your response to Interrogatory 7.

*__Objection__*:  The Governor hereby incorporates the objections to Interrogatory 7.

***Response***: Subject to and without waiving the foregoing general and specific objections, see the documents identified and provided in response to Interrogatory 4 and RFP 4.

**Request for Admission 3:** Admit that HB 1224's continuous possession clause is not narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 8.

***Objection***:  In the event that a trial is necessary, and assuming that a fifteen-round limit on magazine capacity implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1224 is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1224 does not impose any burden on core Second Amendment protections, much less a severe burden.

***Response***: Denied.

**Interrogatory 9:** If you deny Request for Admission 3, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224's continuous possession clause is narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 8.

***Objection***: This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory. Assuming that a fifteen-round limit on magazine capacity implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1224's continuous possession clause is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1224 does not impose any burden on core Second Amendment protections, much less a severe burden.

***Response***: Subject to and without waiving the foregoing general and specific objections, in the event that a trial is necessary, there is, at a minimum, a substantial relationship between the continuous possession requirement, as interpreted by the Technical Guidance issued on May 17, 2013, and July 10, 2013, and the state's interest in ensuring public safety and public health.  In short, the continuous possession requirement is necessary to safeguard the integrity of the

grandfather clause and to ensure that grandfathered magazines will not be transferred.  This relationship will be demonstrated through the expert testimony of Jeffery Zax, Douglas Fuchs, and John Cerar, whose conclusions are outlined in their previously disclosed expert and rebuttal reports.  The expert testimony will be supported by extensive testimony from civilians, witnesses associated with law enforcement, and the submission of various studies relating to the allegations in the complaint.

**Request for Production 9:** Provide any and all documents, information, legislative records, or other materials and evidence that supports your response to Interrogatory 9.

***Objection***: The Governor hereby incorporates the objections to Interrogatory 9.

***Response***: Subject to and without waiving the foregoing general and specific objections, see the documents identified and provided in response to Interrogatory 4 and RFP 4.

**Interrogatory 10:** Identify and any all alleged governmental interests served by HB 1229's restriction of firearms sales and temporary transfers between individuals, and describe in detail how the restrictions serve or address those interests.

***Objection***: This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, \*6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

***Response***:  HB 1229 does not place "restriction[s]" on firearms sales.  It has always been illegal for an individual who is prohibited by law from owning or possessing a firearm to purchase one.  HB 1229 does not extend these prohibitions, but instead extends existing background check requirements to private sales in an effort to ensure compliance with already-existing state and federal prohibitions on firearm ownership and possession.  There are many exceptions to HB 1229's background check requirement that amply protect any Second Amendment rights that may be affected by the expansion of the background check requirement, including, without limitation, among family members, temporary transfers within the home, while hunting, and for any reason for a period of up to 72 hours.

13

Universal background check requirements enhance public safety by, among other things, ensuring compliance with existing prohibitions on firearm acquisition by individuals who are prohibited by state or federal law. This is described more completely in the expert report of Daniel Webster.

**Request for Production 10:** Provide any and all documents, information, or other evidence that supports your claimed governmental interests outlined in your response to Interrogatory 10.

_**Objection**_: The Governor hereby incorporates the objections to Interrogatory 10.

_**Response**_: Subject to and without waiving the foregoing general and specific objections, see the documents identified and provided in response to Interrogatory 4 and RFP 4.  See also:

- The expert report of Daniel Webster, Sc.D., MPH, submitted August 1, 2013, and publications cited therein.
- Documents provided by the Colorado Bureau of Investigation InstaCheck unit in response to the Plaintiffs' subpoena duces tecum.

**Request for Admission 4:** Admit that HB 1229's restriction on firearms sales and temporary transfers between individuals is not narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 10.

_**Objection**_:  Assuming that the implementation of a background check requirement for private sales implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that such requirement is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1229 does not impose any burden on core Second Amendment protections, much less a severe burden.

_**Response**_: Denied.

**Interrogatory 11:** If you deny Request for Admission 4, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1229's restriction of firearms sales and temporary transfers between individuals is narrowly tailored and/or substantially related to meet the governmental interests you identified in response to Interrogatory 10.

***Objection***: This interrogatory is an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory. Assuming that requiring background checks for all private sales implicates Second Amendment protections at all, the Governor will not bear the burden of demonstrating that HB 1229 is "narrowly tailored and/or substantially related" to the government's interest in ensuring public safety and public health because HB 1229 does not impose any burden on core Second Amendment protections, much less a severe burden.

***Response***: Subject to and without waiving the foregoing general and specific objections, in the event that a trial is necessary, the evidence at trial will show that universal background check requirements enhance public safety and health by, among other things, making firearms more difficult for prohibited persons to acquire.  Expert testimony from Daniel Webster will establish the effectiveness of universal background check requirements in reducing rates of violent crime and/or homicide. Testimony from James Spoden and/or Ronald Sloan will establish that HB 1229 has, in fact, prevented many transfers to a prohibited individual in a private sale from taking place.

**Request for Production 11:** Provide any and all documents, information, legislative records, or other materials and evidence that supports your response to Interrogatory 11.

***Objection***: The Governor hereby incorporates the objections to Interrogatory 11.

***Response***: Subject to and without waiving the foregoing general and specific objections, see the documents identified and provided in response to Interrogatory 4 and RFP 4.  See also:

- The expert report of Daniel Webster, Sc.D., MPH, submitted August 1, 2013, and publications cited therein.
- Documents provided by the Colorado Bureau of Investigation InstaCheck unit in response to the Plaintiffs' subpoena duces tecum.

**Interrogatory 12:** Provide annual totals for calendar years 2004-2012, citing the reasons for insta-check denials that are listed in the Colorado Bureau of Investigation's reports under the category "Other."

**_Objection_:** This request seeks information outside the Governor's custody and control. It is therefore unduly burdensome and oppressive.

**_Response_:** To the extent that this information exists, it has been produced by CBI in response to Plaintiffs' subpoena duces tecum.

**Interrogatory 13:** Provide monthly sales totals for hunting licenses from January 2004 to the present. As part of your response to this Interrogatory, please report the sales for Colorado residents and non-residents separately. Also, please include in your response to this Interrogatory the type of licenses provided, e.g., small game, antelope, elk, etc.

**_Objection_:** This request seeks information outside the Governor's custody and control.

**_Response_:** To the extent that this information exists, it has been produced by CBI in response to Plaintiffs' subpoena duces tecum.

**Request for Admission 5:** Admit that Defendant was aware prior to July 1, 2013 that HB 1224 would have an adverse economic impact on Magpul Industries and the Licensed Firearms Dealer Plaintiffs.

**_Objection_:** The Governor is not required to respond to this request for admission because it calls for information concerning the role of the Governor's Office, if any, in deliberations concerning the ultimate content of HB 1224 and HB 1229. This information is protected from discovery by the deliberative process privilege, "which covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

**Interrogatory 14:** If you deny Request for Admission 5, explain the basis for your denial and identify any and all attempts you made prior to July 1, 2013 to determine if HB 1224 would have an adverse economic impact on Magpul Industries and the Licensed Firearms Dealer Plaintiffs as well as the results of those attempts.

**_Objection_:** The Governor is not required to respond to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible

evidence, and calls for information concerning the role of the Governor's Office, if any, in deliberations concerning the ultimate content of HB 1224 and HB 1229. This information is protected from discovery by the deliberative process privilege, "which covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

**Request for Admission 6:** Admit that HB 1224 and HB 1229 apply to all classes of people in Colorado.

*Objection:* This request for admission is vague, ambiguous, and uncertain. The meaning of "all classes of people in Colorado" cannot be ascertained from the plain language of the question, its context, or the definitions accompanying this set of written discovery. *Carmichael Lodge No. 2103, Benevolent & Protective Order of Elks of the United States of Am.*, No. 07-2665 LKK GGH, 2009 U.S. Dist. LEXIS 39223, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009) (a party is not required to speculate about a request for admission that contains genuinely vague or ambiguous statements). The phrase "all classes" is also overbroad.

*Response:* Without waiving the foregoing general and specific objections, and to the extent a response is required, the language of HB 1224 and 1229 speaks for itself.

**Interrogatory 15:** If you deny Request for Admission 6, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224 and HB 1229 apply to a narrow class of persons within the Colorado population, not all classes of people in Colorado.

*Objection:* This interrogatory cannot be answered because Request for Admission 6 is too vague, ambiguous, and uncertain to admit or deny.

*Response:* Without waiving the foregoing general and specific objections, and to the extent a response is required, the language of HB 1224 and 1229 speaks for itself.

**Request for Admission 7:** Admit that you have previously interpreted HB 1224's "designed to be readily converted" clause to outlaw at least some magazines that accept fewer than 16 rounds and have removable base plates.

*Objection:* This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  It also calls for information concerning the role of the Governor's Office, if any, in deliberations concerning the ultimate content of HB

1224 and HB 1229. This information is protected from discovery by the deliberative process privilege, "which covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

> ***Response***: Without waiving the foregoing general and specific objections, the request for admission is denied.

**Interrogatory 16:** If you deny Request for Admission 7, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that you have not previously interpreted HB 1224's "designed to be readily converted" clause to outlaw at least some magazines that accept fewer than 16 rounds and have removable base plates.

> ***Objection***: This interrogatory requests the Governor to prove a negative and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  It also calls for information concerning the role of the Governor's Office, if any, in deliberations concerning the ultimate content of HB 1224 and HB 1229. This information is protected from discovery by the deliberative process privilege, "which covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

> ***Response***: Subject to and without waiving the foregoing general and specific objections, see the Governor's signing statement and the Technical Guidance issued on May 17, 2013, and July 10, 2013.

**Request for Production 12:** Provide any and all documents, information, or other materials and evidence that supports your response to Interrogatory 16.

> ***Objection***: The Governor hereby incorporates the objections to Interrogatory 16.

> ***Response***: Subject to and without waiving the foregoing general and specific objections, see the Technical Guidance issued on May 17, 2013, and July 10, 2013.

**Request for Admission 8:** Admit that HB 1224 imposes a burden on conduct falling within the scope of the Second Amendment's guarantee.

> ***Response***: Denied.

**Interrogatory 17:** If you deny Request for Admission 8, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224 does not impose a burden on conduct falling with the scope of the Second Amendment's guarantee.

**_Objection_:** This interrogatory calls for a legal conclusion.  It is also an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

**_Response_:** Subject to and without waiving the foregoing general and specific objections, a large-capacity magazine is not an "arm" that is protected by the Second Amendment.  It is an accessory.

**Request for Production 13:** Provide any and all documents, information, or other materials and evidence that supports your response to Interrogatory 17.

**_Objection_:** The Governor hereby incorporates the objections to Interrogatory 17.

**_Response_:** The Governor anticipates presenting legal argument on this point.

**Request for Admission 9:** Admit that HB 1229 imposes a burden on conduct falling within the scope of the Second Amendment's guarantee.

**_Response_:** Denied.

**Interrogatory 18:** If you deny Request for Admission 9, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1229 does not impose a burden on conduct falling with the scope of the Second Amendment's guarantee.

**_Objection_:** This interrogatory calls for a legal conclusion.  It is also an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

**_Response_:** The Governor anticipates presenting legal argument on this point.

19

**Request for Admission 10:** Admit that HB 1224 is not based on longstanding and historical regulations to the Second Amendment.

    ***Response***: Denied.

**Interrogatory 19:** If you deny Request for Admission 10, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224 is based on longstanding and historical regulations to the Second Amendment, including, specifically, which longstanding regulations HB 1224 is based.

    ***Objection***: This interrogatory calls for a legal conclusion.  It is also an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.  This interrogatory also calls for information concerning the role of the Governor's Office, if any, in deliberations concerning the ultimate content of HB 1224 and HB 1229. This information is protected from discovery by the deliberative process privilege, "which covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

**Request for Production 14:** Provide any and all documents, information, or other materials and evidence that supports your response to Interrogatory 19.

    ***Objection***: The Governor hereby incorporates the objections to Interrogatory 19.

**Request for Admission 11:** Admit that HB 1229's restrictions on temporary transfers of firearms are not based on longstanding and historical regulations to the Second Amendment.

    ***Response***: Denied.

**Interrogatory 20:** If you deny Request for Admission 11, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1229's restrictions on temporary transfers of firearms are based on longstanding and historical regulations to the Second Amendment, specifically, which long standing regulations this section of HB 1229 is based.

*__Objection__*:  This interrogatory calls for a legal conclusion.  It is also an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.  This interrogatory also calls for information concerning the role of the Governor's Office, if any, in deliberations concerning the ultimate content of HB 1224 and HB 1229. This information is protected from discovery by the deliberative process privilege, "which covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975).

**Request for Production 15:** Provide any and all documents, information, or other materials and evidence that supports your response to Interrogatory 20.

*__Objection__*: The Governor hereby incorporates the objections to Interrogatory 20.

**Request for Admission 12:** Admit that HB 1224 prohibits the possession of certain handguns.

*__Objection__*:  The term "certain" is too vague and ambiguous to permit a meaningful response.

*__Response__*: Denied.

**Interrogatory 21:** If you deny Request for Admission 12, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that HB 1224 does not prohibit the possession of any handguns, specifically, those handguns that are only compatible with magazines that hold greater than 15 rounds.

*__Objection__*:  The Governor hereby incorporates the objections to RFA 12.  It is also an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

*__Response__*: Subject to and without waiving the foregoing general and specific objections, HB 1224 applies to detachable magazines, not handguns, and therefore

by definition does not "prohibit the possession of any handguns."  Magazines that were possessed prior to July 1, 2013, are not affected by HB 1224.  Assuming that there are in fact any models of handguns that are incompatible with a commercially manufactured magazine that holds 15 or fewer rounds, such commercially manufactured magazines of a higher capacity could be permanently altered to comply with the capacity limitations of Colorado law.

**Request for Production 16:** Provide any and all documents, information, or other materials and evidence that support your response to Interrogatory 21.

*__Response__:* *See* Shooter's Bible, 105th Edition; Lee, Jerry, 2013 Standard Catalog of Firearms, 23rd Ed; HB 13-1224.

**Request for Admission 13:** Admit that HB 1224's 15-round limitation on the capacity of magazines completely bans the possession, purchase, sale, and ownership of some firearms and related magazines that are commonly used for lawful purposes, such as self-defense, hunting, and sport shooting.

*__Objection__*: Whether a particular firearm or magazine is "commonly used for lawful purposes" is a legal conclusion.

*__Response__*: Denied.

**Interrogatory 22:** If you deny Request for Admission 13, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that that HB 1224's 15-round limitation on the capacity of magazines does not completely ban the possession, purchase, sale, and ownership of some firearms and related magazines that are commonly used for lawful purposes.

*__Objection__*: The Governor hereby incorporates the objections to RFA 13.  It is also an overly broad and unduly burdensome "blockbuster" interrogatory.  *See, e.g. Bat v. A.G. Edwards & Sons, Inc.,* 2005 U.S. Dist LEXIS 47995, 2005 WL 6776838, *6-7 (D. Colo. 2005) (holding interrogatory that seeks "each and every fact" supporting party's position "overbroad and burdensome on its face").  It is also a premature contention interrogatory.

*__Response__*: Subject to and without waiving the foregoing general and specific objections, HB 1224 does not ban the possession or ownership of any magazine or firearm that was acquired prior to July 1, 2013.  HB 1224 does ban the purchase or sale of large-capacity magazines after its effective date, unless such large-capacity magazines are permanently altered to hold 15 rounds or fewer.  It does not ban the purchase or sale of any firearm because even those rare firearms with internal (non-

detachable) magazines that hold 16 or more rounds may be permanently altered to reduce their capacity to hold 15 or fewer rounds.

**Request for Production 17:** Provide any and all documents, information, or other materials and evidence that support your response to Interrogatory 22.

> ***Response***: *See* Shooter's Bible, 105th Edition; Lee, Jerry, 2013 Standard Catalog of Firearms, 23rd Ed,; HB 13-1224.

**Request for Admission 14:** Admit that magazines are often capable of holding one more round than it is advertised as holding. For example, a 15-round magazine may be capable of holding 16 rounds, even though it is advertised as only a 15-round magazine.

> ***Objection***: The terms "often," "capable," and "advertised" are too vague, ambiguous, and uncertain to permit a response. In addition, this is the subject of Plaintiffs' expert testimony in this case and is outside the scope of the Governor's knowledge.  This RFA is therefore unduly burdensome and oppressive.

**Interrogatory 23:** If you deny Request for Admission 14, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that a magazine is not capable of holding one more round than it is advertised as holding.

> ***Objection***: This interrogatory calls for speculation because, in part, it is based on a request for admission that is vague, ambiguous, and uncertain.   "As a general rule, a party is not required to answer interrogatories calling for speculation."  10A Fed. Proc. L. Ed. § 26:581; *see also American Oil Co. v. Penn. Petroleum Prod. Co.,* 23 F.R.D. 680 (D.R.I. 1959); *Gregg v. Local 305 IBEW*, 2010 WL 556526, at *4 (N.D. Ind. Feb 9, 2010).  This is also the subject of Plaintiffs' expert testimony in this case and is outside the scope of the Governor's knowledge. This interrogatory is therefore unduly burdensome and oppressive.

> ***Response***:  Because Request for Admission 14 was too vague, ambiguous and uncertain to answer, no response is required to this interrogatory.

**Request for Production 18:** Provide any and all documents, information, or other materials and evidence that supports your response to Interrogatory 23.

> ***Response***: The Governor hereby incorporates the objections to Interrogatory 23.

**Request for Admission 15:** Admit that any "blocking" or "limiting" device that may be attached to a magazine to limit the number of rounds it is capable of holding may not be visible from the outside of the magazine.

**_Objection_:** The term "any" and the phrase "may not be visible from the outside of the magazine" are vague, ambiguous, and uncertain, and are the subject of expert testimony that is outside the scope of the Governor's knowledge.

**_Response_:** Denied.

**Interrogatory 24:** If you deny Request for Admission 15, explain the basis for your denial and identify any and all evidence you intend to use at trial to establish that "blocking" or "limiting" devices that may be attached to a magazine to limit the number of rounds it is capable of holding is visible from the outside of the magazine.

**_Objection_:** This interrogatory calls for speculation because, in part, it is based on a request for admission that is vague, ambiguous, and uncertain.  "As a general rule, a party is not required to answer interrogatories calling for speculation."  10A Fed. Proc. L. Ed. § 26:581; _see also American Oil Co. v. Penn. Petroleum Prod. Co.,_ 23 F.R.D. 680 (D.R.I. 1959); _Gregg v. Local 305 IBEW_, 2010 WL 556526, at *4 (N.D. Ind. Feb 9, 2010).

**_Response_:** Subject to and without waiving the foregoing objections, the Governor admits that some blockers or limiters may not be visible from outside the magazine, although it depends on the design of the magazine, whether the magazine is attached to a firearm, whether the magazine is loaded, whether any special equipment is used to make the observations, and whether the permanent installation of a blocker or limiter would also modify the external characteristics of the magazine in question.

**Request for Production 19:** Provide any and all documents, information, or other materials and evidence that support your response to Interrogatory 24.

**_Objection_:** The Governor hereby incorporates the objections to Interrogatory 24.

**_Response_:** The Governor is not in possession of any responsive documents.

**AS TO OBJECTIONS:**

JOHN W. SUTHERS
Attorney General

s/ *Matthew D. Grove*
_____
DANIEL D. DOMENICO
Solicitor General*
DAVID C. BLAKE*
Deputy Attorney General
KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE *
Assistant Attorney General
JONATHAN P. FERO*
Assistant Solicitor General
JOHN T. LEE*
Assistant Attorney General
MOLLY MOATS*
Assistant Attorney General
Attorneys for Governor John W. Hickenlooper
*Counsel of Record
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000

**AS TO RESPONSES:**

Pursuant to 28 U.S.C. § 1746, I, Jack Finlaw, do hereby verify under penalty of perjury under the laws of the United States of America that the foregoing responses to the Non-Profit and Individual Disabled Plaintiffs' First Set of Requests for Admission are true and correct to the best of my information and belief.

Dated this 30th day of October, 2013.

s/ Jack Finlaw
Chief Legal Counsel
Office of the Governor
State of Colorado

## CERTIFICATE OF SERVICE

I hereby certify that on   October 30, 2013 I served a true and complete copy of the foregoing Discovery Responses upon all counsel of record including those listed below via email:

David B. Kopel                          david@i2i.org

Jonathan M. Anderson              jmanderson@hollandhart.com
Douglas L. Abbott                     dabbot@hollandhart.com

Richard A. Westfall                    rwestfall@halewestfall.com
Peter J. Krumholz                     pkrumholz@halewestfall.com

Marc F. Colin                           mcolin@brunolawyers.com
Jonathan Watson                      jwatson@brunolawyers.com

Anthony J. Fabian                     fabianlaw@qwestoffice.net


                              *s/Matthew Grove*