

**STATE OF COLORADO**

# Refered to you by AG of Colorado

**Spoden - CDPS, James** <james.spoden@state.co.us>                    Thu, Jun 6, 2013 at 1:01 PM
To: titanium68@yahoo.com
Cc: Paula Williams - CDPS <paula.williams@state.co.us>, Bob Brown - CDPS <robertd.brown@state.co.us>

Dear Sir,

Thank you for contacting the Colorado Bureau of Investigation. I can confirm that by transporting your firearms in the manner described below there would not be a conflict with state law. However, due to a new high capacity magazine law that will become effective in Colorado on July 01, 2013, I cannot confirm how this new law may apply to your magazines that have a capacity of more than 15 rounds.

As this law is currently subject to litigation, I am unable to provide an interpretation of how this may impact your trip. Currently we are directing these questions to the Attorney Genera's Office and the Colorado Governor's signing statement related to the high capacity magazine law.

Please have a safe and enjoyable trip!

**James Spoden**
**Supervisor InstaCheck/CHP Unit**
**Colorado Bureau of Investigation**
**Ph:** (303) 239-5850
**Fax:** (303) 239-5848
**Email:** James.Spoden@state.co.us


From: **Victor Huntley** <titanium68@yahoo.com>
Date: Wed, Jun 5, 2013 at 12:41 PM
Subject: Refered to you by AG of Colorado
To: cdps_cbi_denver@state.co.us


Traveling with Personal Firearms?

Dear Sir / Madam,
I be embarking on a cross country road trip that is scheduled to leave
Florida in early July and be out for at least 3 months, and planning to
visit nearly all of the Continental US, several National Parks and parts of
Canada. While on my trip I was hoping to visit a couple of the premier
shooting academies across the US, there for I will be transporting several
different firearms. The list is as follows:
AR-15 with 4-30 round magazines, 12 Gauge Pump action shotgun, Ruger 280
Bolt action rifle, 22 Caliber Semi-Automatic rifle with 2-25 round
magazines and a Taurus 40 Cal Semi-automatic pistol with 2-10 round
magazines.
I have been doing some research and found that while the federal law is
pretty clear on how I go about transporting these firearms, State and Local
laws very. So as a solution, I would like to verify that if I disassemble
these firearms (essentially, transporting firearm components) during my

CBI-00031

travels and ONLY reassemble them at the appropriate locations for various classes. This should meet the letter of the law and abide by and State or Local jurisdictions requirements.

Please let me know if there are any additional requirements that I need to be concerned with or any additional persons I need to contact. Thank you in advance for your time and consideration.

Sincerely,
William "Victor" Huntley
7415 W. Lemonade Lane
Dunnellon, Florida 34433

From: **Victor Huntley** <titanium68@yahoo.com>
Date: Wed, Jun 5, 2013 at 12:41 PM
Subject: Refered to you by AG of Colorado
To: cdps_cbi_denver@state.co.us

Traveling with Personal Firearms?

Dear Sir / Madam,
I be embarking on a cross country road trip that is scheduled to leave Florida in early July and be out for at least 3 months, and planning to visit nearly all of the Continental US, several National Parks and parts of Canada. While on my trip I was hoping to visit a couple of the premier shooting academies across the US, there for I will be transporting several different firearms. The list is as follows:
AR-15 with 4-30 round magazines, 12 Gauge Pump action shotgun, Ruger 280 Bolt action rifle, 22 Caliber Semi-Automatic rifle with 2-25 round magazines and a Taurus 40 Cal Semi-automatic pistol with 2-10 round magazines.
I have been doing some research and found that while the federal law is pretty clear on how I go about transporting these firearms, State and Local laws very. So as a solution, I would like to verify that if I disassemble these firearms (essentially, transporting firearm components) during my travels and ONLY reassemble them at the appropriate locations for various classes. This should meet the letter of the law and abide by and State or Local jurisdictions requirements.
Please let me know if there are any additional requirements that I need to be concerned with or any additional persons I need to contact. Thank you in advance for your time and consideration.
Sincerely,
William "Victor" Huntley
7415 W. Lemonade Lane
Dunnellon, Florida 34433

CBI-00032



**STATE OF COLORADO**

# High Capacity Magazines

**Spoden - CDPS, James** <james.spoden@state.co.us>　　　　　　　　Thu, Jun 6, 2013 at 12:07 PM
To: Bob Brown - CDPS <robertd.brown@state.co.us>

Bob,

Here's the situation, the last direction we had was to refer all questions to the AG's office regarding HCM (and Universal Background Checks as well). However, what is happening is the AG's office is directing them to contact CBI and they get sent right back to us.

Do we have any information regarding "the direction" we were to receive on this issue?
Can we please get a phone number that we can provide to callers with questions on HCM?


**James Spoden
Supervisor InstaCheck/CHP Unit
Colorado Bureau of Investigation
Ph:** (303) 239-5850
**Fax:** (303) 239-5848
**Email:** James.Spoden@state.co.us

CBI-00033



**STATE OF COLORADO**

# HB-1224 & 1229

**Spoden - CDPS, James** <james.spoden@state.co.us>     Fri, May 17, 2013 at 3:31 PM
To: CDPS_CBI_Instacheck_All_Users@state.co.us
Cc: Bob Brown - CDPS <robertd.brown@state.co.us>, Karl Wilmes - CDPS <karl.wilmes@state.co.us>, Ron Sloan - CDPS <ron.sloan@state.co.us>

Attention all personnel, specifically those employees who assist in covering the Unit Hot Line or answering either the appeals or CHP phones, please review the following information related to our handling of questions concerning HB13-1224 and HB13-1229. Please contact your supervisor if you have any questions.

James Spoden
Supervisor InstaCheck/CHP Unit
Colorado Bureau of Investigation
Ph: (303) 239-5850
Fax: (303) 239-5848
Email: James.Spoden@state.co.us


\*Effective Immediately: 05/17/13: Anyone having questions regarding technical guidance, interpretation and/or implementation of HB-1224 High Capacity Magazines will be directed to review the Governors Signing Statement issued on March 20, 2013 (see below) and/or to the Attorney General's Office for and additional information. The CBI is unable to provide legal interpretation regarding this bill, to include possible CBI rule making noted in the bill as well.

- Calls from the public:     Refer to Gov. signing statement and/or AGs Office.
- Calls from FFLs:           Refer to Gov. signing statement and/or AGs Office.
- Calls from LEAs:           Refer to Contact their appropriate departmental legal advisors.

\*Effective Immediately: 05/17/13: CBI will not be providing interpretation and/or technical guidance for HB-1229 Universal Background Checks. Please advise anyone with questions that they will need to contact the Attorney General's Office for additional information, interpretation or technical guidance related to this bill. This includes questions from the public, FFLs and LEAs.

- Calls from the public:     Refer to AGs Office.
- Calls from FFLs:           Refer to AGs Office.
- Calls from LEAs:           Refer to AGs Office and/or their own departmental legal advisors.

The following HB13-1224 signing statement is being provided for your information only, it is the responsibility of whoever is questioning the bill, to research and/or review this information themselves.

CBI-00071

## STATEMENT OF GOVERNOR JOHN W. HICKENLOOPER

### ISSUED MARCH 20, 2013 UPON THE SIGNING OF HB13-1224

In signing HB13-1224, we acknowledge that some have expressed concerns about the vagueness of the law's definition of "large-capacity magazine." By its terms, the law does make illegal any magazine manufactured or purchased after July 1, 2013, that is capable of accepting, or is designed to be readily converted to accept, more than 15 rounds of ammunition. Similar language is used in other states' statutes limiting large-capacity magazines. We know that magazine manufacturers have produced and sell magazines that comply with these other state laws that limit large-capacity magazines and we are aware of no successful legal challenges to those laws. And when a Colorado-based magazine manufacturer came to us to share their concerns about the vagueness of the definition of "large-capacity magazine" contained in the original version of the bill, we worked with the bill's sponsors to fine-tune the definition to make it more precise.

We also have heard concerns about the requirement in the law that a person who owns a large-capacity magazine prior to the law's enactment may legally possess that magazine only as long as he or she "maintains continuous possession" of it. We do not believe a reasonable interpretation of the law means that a person must maintain continuous "physical" possession of these items. Responsible maintenance and handling of magazines obviously contemplates that gun owners may allow others to physically hold and handle them under appropriate circumstances. We are confident that law enforcement and the courts will interpret the statute so as to effectuate the lawful use and care of these devices.

In considering the language of HB13-1224, we have consulted with the Office of the Attorney General and we concur with its advice that the large-capacity magazine ban should be construed narrowly to ensure compliance with the requirements of the Second Amendment and the Due Process Clause of the 14th Amendment. We have signed HB13-1224 into law based on the understanding that it will be interpreted and applied narrowly and consistently with these important constitutional provisions.

To this end, today we are directing the Colorado Department of Public Safety to consult with the Office of the Attorney General and others, as necessary, with respect to the interpretation of HB13-1224's large-capacity magazine ban, and then to draft and issue, to law enforcement agencies in the State of Colorado, technical guidance on how the law should be interpreted and enforced. This work should be done by July 1, 2013, the law's effective date.

CBI-00072



# Questions Regarding New Firearm Legislation

**Spoden - CDPS, James** <james.spoden@state.co.us>     Wed, Jun 26, 2013 at 12:37 PM
To: CDPS_CBI_Instacheck_All_Users@state.co.us, Ron Sloan - CDPS <ron.sloan@state.co.us>, Karl Wilmes - CDPS <karl.wilmes@state.co.us>

Please see the attached memo regarding current procedure(s) on how to answer questions or direct calls related to the recently passed firearm statutes: HB13-1224, HB13-1228 and HB-1229.

We will also be covering this as an agenda item during our Unit meeting on July 1st, 2013.

If you have any questions you may contact a supervisor or ask them at the meeting on Monday morning.

Thank you!

**James Spoden**
**Supervisor InstaCheck/CHP Unit**
**Colorado Bureau of Investigation**
**Ph:** (303) 239-5850
**Fax:** (303) 239-5848
**Email:** James.Spoden@state.co.us


**Unit Memo 2013.docx**
18K

## Attention All Personnel.

Effective immediately, we will no longer be referring any calls regarding Large Capacity Magazines, Brady Fee or Universal Background checks to the Attorney General's Office <u>for any reason.</u>

We will instead be providing the following direction and/or information regarding any questions or calls received regarding there three firearm laws. Please see each law listed below and the basic information or steps that we will take in answering questions.

**HB13-1224-** Large Capacity Magazines- Effective July 1st, 2013 those magazines that are capable of holding more than 15 rounds are illegal in CO; however the statute does contain exceptions to this law that they want to review.

1) Law Enforcement Agency:
- Refer them to the technical guidance posted on the CDPS web site.
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own agency legal counsel for further interpretation of the law, exceptions, definitions, enforcement...etc.
- Refer to supervisor if necessary.

2) FFL:
- Refer them to the technical guidance posted on the CDPS web site.
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
- Refer them to their local law enforcement agency for questions pertaining to actual enforcement of the law.
- Refer to supervisor if necessary.

3) Public:
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
- Refer them to their local law enforcement agency for questions pertaining to actual enforcement of the law.
- Refer to supervisor if necessary.

**HB13-1228-** Effective March 20, 2013 a $10.00 fee will be assessed to any Brady check submitted by an FFL to CBI. It is the responsibility of the FFL to collect the fee from the buyer and remit payment to the Bureau on a monthly basis.

1) Law Enforcement Agency:
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.

- Refer to supervisor if necessary.
2) FFL:
    - Refer them to the Financial Section, 303-239-5728.
    - Refer them to the Colorado General Assembly's web site to review the actual law.
    - Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
    - Refer to supervisor if necessary.
3) Public:
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
- Refer to supervisor if necessary.

**HB13-1229-** Effective July 1st, 2013 Universal background checks will be required on both private and dealer firearm sales in the state of CO. Gun dealers will charge a $10.00 Brady fee for the transaction and, if they so choose, may charge an additional $10.00 fee for administrative costs associated with the processing of a private firearm transaction.

1) Law Enforcement Agency:
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
- Refer to supervisor if necessary.
2) FFL:
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
- Refer to supervisor if necessary.
3) Public:
- Refer them to the Colorado General Assembly's web site to review the actual law.
- Refer them to their own legal counsel for further interpretation of the law, exceptions, definitions...etc.
- Refer to supervisor if necessary.



**STATE OF COLORADO**

# Fwd: FW: Magazine transfers between Police Officers

**Williams - CDPS, Paula** <paula.williams@state.co.us>  Wed, Aug 21, 2013 at 9:45 AM
To: James Spoden - CDPS <james.spoden@state.co.us>

---------- Forwarded message ----------
From: **Allen, Terrance** <tallen@auroragov.org>
Date: Wed, Aug 21, 2013 at 9:41 AM
Subject: FW: Magazine transfers between Police Officers
To: "cdps_cbi_denver@state.co.us" <cdps_cbi_denver@state.co.us>


-----Original Message-----
From: Attorney General [mailto:Attorney.General@state.co.us]
Sent: Wednesday, August 21, 2013 9:34 AM
To: Allen, Terrance
Subject: RE: Magazine transfers between Police Officers

This issue can be more appropriately addressed by the Colorado Bureau of Investigations (CBI). For your convenience we are including the contact information for CBI.

   Colorado Bureau of Investigation
   690 Kipling Street, Suite 3000
   Denver, Colorado  80215
   Phone Number:  (303) 239 - 5850
   Website:  http://cbi.state.co.us

-----Original Message-----
From: Allen, Terrance [mailto:tallen@auroragov.org]
Sent: Wednesday, August 21, 2013 8:26 AM
To: Attorney General
Subject: Magazine transfers between Police Officers

Good Morning,

We are seeking some guidance on transferring/selling/trading high capacity magazines with fellow officers.
No one here wants to make a mistake or violate the law.
Please advise if this is possible under HB13-1224.

Your response is appreciated.

Respectfully,

Detective Terrance Allen
Aurora Police Department
Traffic Investigations

CBI-00124

15001 E. Alameda Pkwy.
Aurora, CO 80012
303-739-6351 Office
303-739-6685 Fax
tallen@auroragov.org

**Paula Williams**
**Colorado Bureau of Investigation**
**690 Kipling St, Denver, CO 80215**
office: 303-239-4202  fax: 303-235-0568
email: paula.williams@state.co.us

---

**Spoden - CDPS, James** <james.spoden@state.co.us>  Wed, Aug 21, 2013 at 10:15 AM
To: Bob Brown - CDPS <robertd.brown@state.co.us>

For your review and response. We should meet to discuss.

**James Spoden**
**Supervisor InstaCheck/CHP Unit**
**Colorado Bureau of Investigation**
**Ph:** (303) 239-5850
**Fax:** (303) 239-5848
**Email:** James.Spoden@state.co.us

[Quoted text hidden]

---

**Brown - CDPS, Bob** <robertd.brown@state.co.us>  Wed, Aug 21, 2013 at 10:29 AM
To: "Spoden - CDPS, James" <james.spoden@state.co.us>

I sent this to Karl for review and feedback.  The AG was to no longer forward these calls to us.  But...........we have another one.

[Quoted text hidden]

> **Robert Brown**
> **Agent in Charge**
> State of Colorado, Colorado Bureau of Investigation
> 690 Kipling Street, Lakewood, CO 80215
> office: 303.239-4212 | cell: 303.912-1207 | fax: 303.239-5848
> email: robertd.brown@state.co.us
> *Please note: As of Oct. 8, 2012, my email changed to robertd.brown@state.co.us Please update your address book accordingly. Thank you!

---

**Spoden - CDPS, James** <james.spoden@state.co.us>  Wed, Aug 21, 2013 at 10:41 AM

CBI-00125

To: "Brown - CDPS, Bob" <robertd.brown@state.co.us>

Understood,

James Spoden
Supervisor InstaCheck/CHP Unit
Colorado Bureau of Investigation
Ph: (303) 239-5850
Fax: (303) 239-5848
Email: James.Spoden@state.co.us

[Quoted text hidden]