# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado *et al.*,

    Plaintiffs v.

JOHN W. HICKENLOOPER, Governor of the State of

    Colorado, Defendant.

---

**DEFENDANT'S RESPONSES TO NON-PROFIT AND INDIVIDUAL DISABLED PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION**

---

    Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, by and through undersigned counsel, hereby submits his responses to the second set of interrogatories and requests for admission propounded by the non-profit and individual plaintiffs.

## AUTHENTICATION

    The names and positions of each and every person who assisted in answering these requests for admission are as follows:

    (a) Kathleen Spalding, Senior Assistant Attorney General
    (b) Stephanie Scoville, Senior Assistant Attorney General
    (c) Matthew Grove, Assistant Attorney General
    (d) Jack Finlaw, Chief Legal Counsel, Office of the Governor

## GENERAL OBJECTIONS AND RESPONSES

    The Governor makes the following general objections and responses to the non-profit and individual Plaintiffs' second set of interrogatories and requests for admission:

    1.    The Governor objects to each Discovery Request to the extent that it:

        (a) is overly broad and/or unduly burdensome;
        (b) is vague, ambiguous, and/or fails to describe with reasonable particularity the information sought;

1

    (c)  seeks information that exceeds the scope of, or is inconsistent with permissible discovery;

    (d)  seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence; and/or

    (e)  contains undefined terms which are ambiguous and/or prejudicial.

2. The above-captioned written discovery requests do not, by their terms, exclude privileged or protected communications from production. The Governor therefore objects to each discovery request to the extent that it seeks the disclosure of any information that is privileged or protected for any reason, including but not limited to information protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, and any other applicable privileges or protections.

3. The Governor objects to each interrogatory request for admission to the extent it seeks the disclosure of information gathered and/or documents prepared by or for the Governor or the Governor's attorneys in anticipation of litigation or in preparation for trial that contains or discloses the theories, mental impressions, or litigation strategy of the Governor's attorneys.

4. The Governor objects to each interrogatory or request for admission to the extent it requests information not in the Governor's possession, custody or control. The Governor further objects to each request for admission to the extent that it seeks information in the possession, custody, or control of others. More specifically, Plaintiffs purport to define the terms "you," "your" and "defendant" to include all persons and departments within the executive branch of Colorado state government. This definition inaccurately reflects the scope of this litigation. Plaintiffs have sued the Governor in his official capacity. The Court has recognized that for the purposes of this litigation, the Governor's Office does not include either executive departments or the thousands of state employees who work in those departments. The Governor objects to the definition of "you," "your," and "defendant" to the extent that the definition purports to require the disclosure of information or documents from entities or persons who are not within the Governor's Office and not within the custody or control of the Governor's Office.

5. The Governor objects to each interrogatory or request for admission to the extent it seeks the disclosure of any confidential information, and will seek an appropriate protective order prior to disclosing any such information (to the extent

that the current protective order does not encompass such information).  However, attorney-client privileged communications and work product will not be disclosed.

      6.     The Governor responds to the instant discovery requests as required by the Federal Rules of Civil Procedure and applicable case law.  The Governor therefore objects to each request for admission to the extent it seeks to impose obligations on the Governor other than those authorized by the Federal Rules of Civil Procedure and applicable case law.  Any purported instructions, definitions, requirements, or requests to the contrary are disregarded.

      7.     By disclosing information and/or materials responsive instant discovery requests, the Governor does not stipulate or otherwise admit that any such information and/or materials is authentic, relevant, or admissible.  The Governor expressly reserves all objections to the admission of such information and/or materials as provided by the rules of procedure and evidence.

      8.     The Governor's general objections and responses to the instant discovery requests shall be deemed continuing as to each Discovery Request and are not waived or in any way limited by the following specific objections and responses to each request for admission.  Further, the Governor's general objections and responses shall be deemed incorporated into the following specific objections and responses to each request for admission.

      9.     The Governor's responses to the instant discovery requests are based upon information presently available and specifically known to the Governor in his official capacity.  The Governor is aware of his obligation under Fed.R.Civ.P. 26(e), and consistent therewith, will timely supplement any specific response with additional or corrective information if the Governor learns that in some material respect the original response was incomplete or incorrect.

      10.    Defendant objects to Plaintiffs' interrogatories to the extent they request all facts or information upon which Defendant may rely. Defendant's responses are made subject to the ongoing discovery and trial preparation in this case and are based on the best information presently available.

## INTERROGATORIES

     1. If an individual privately transfers a firearm to another individual, and a background check is performed pursuant to HB 1229, would you consider that

background check sufficient to cover any subsequent transfers of the same firearm between the same two individuals?

>Objection: Defendant objects to this Interrogatory based on the Court's order of October 28, 2013 [Dkt. #91], which stated, "Governor Hickenlooper has no direct enforcement role." As a result, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome and oppressive.

2. If an employer loans an employee a firearm for more than 72 hours and conducts the necessary background check pursuant to HB 1229, would you require the employee to conduct another background check upon returning the firearm to his or her employer?

>Objection: Defendant objects to this Interrogatory based on the Court's order of October 28, 2013 [Dkt. #91], which stated, "Governor Hickenlooper has no direct enforcement role." As a result, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome and oppressive.

3. Please describe the process for conducting a background check under HB 1229 when the transferee of the firearm is not a natural person, such as a limited liability company or corporation.

>Objection: Defendant objects to this Interrogatory based on the Court's order of October 28, 2013 [Dkt. #91], which stated, "Governor Hickenlooper has no direct enforcement role." As a result, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome and oppressive.

4. Please provide any reliable estimates you have of the number of existing magazines in Colorado whose capacity is greater than 15 without modification.

>Objection: The Governor objects to the term "reliable" as vague.

>Response: Subject to and without waiving the foregoing general and specific objections, the Governor is aware of no such estimates.

5. If a farm or ranch employee utilizes a vehicle owned by his or her employer for more than 72 hours, and the vehicle contains a firearm, do you interpret HB 1229 to require a background check to be performed on the employee even if he or she never touches the firearm?

4

> Objection: Defendant objects to this Interrogatory based on the Court's order of October 28, 2013 [Dkt. #91], which stated, "Governor Hickenlooper has no direct enforcement role." As a result, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome and oppressive.

## REQUESTS FOR ADMISSION

1. Admit that with respect to HB 1229 there is no exception for farmers or ranchers who, for a period of more than 72 hours, loan firearms to employees for defense of livestock and crops.

> Objection: The Governor objects to Request for Admission No. 1 because it calls for an improper legal conclusion. Requests for admissions seeking legal conclusions are not proper, and a party may not demand that the other party admit the truth of a legal conclusion. *Disability Rights Council v. Wash. Metro Area,* 234 F.R.D. 1, 3 (D.D.C. 2006), *citing Lakehead Pipeline Co. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997); *see also Utley v. Wray,* 2007 U.S. Dist. LEXIS 68413, 2007 WL 2703094 at *3 (D. Kan. Sept. 14, 2007).

2. Admit that there is no exemption in HB 1229 for firearms training conducted under the auspices of a nonprofit organization other than at a shooting range under C.R.S. § 18-12-112(6)(e)(I).

> Objection: The Governor objects to Request for Admission No. 1 because it calls for an improper legal conclusion. Requests for admissions seeking legal conclusions are not proper, and a party may not demand that the other party admit the truth of a legal conclusion. *Disability Rights Council v. Wash. Metro Area,* 234 F.R.D. 1, 3 (D.D.C. 2006), *citing Lakehead Pipeline Co. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997); *see also Utley v. Wray,* 2007 U.S. Dist. LEXIS 68413, 2007 WL 2703094 at *3 (D. Kan. Sept. 14, 2007).

3. Admit that no licensed gun dealer in Colorado is required to perform a background check when requested to do so by two individuals conducting a private sale or transfer of a firearm.

> Objection: The Governor objects to Request for Admission No. 1 because it calls for an improper legal conclusion. Requests for admissions seeking legal conclusions are not proper, and a party may not demand that the other party admit the truth of a legal conclusion. *Disability Rights Council v. Wash. Metro Area,* 234 F.R.D. 1, 3 (D.D.C. 2006), *citing*

*Lakehead Pipeline Co. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997); *see also Utley v. Wray,* 2007 U.S. Dist. LEXIS 68413, 2007 WL 2703094 at *3 (D. Kan. Sept. 14, 2007).

**AS TO OBJECTIONS:**

                JOHN W. SUTHERS
                Attorney General

                s/ *Matthew D. Grove*
                DANIEL D. DOMENICO
                Solicitor General*
                DAVID C. BLAKE*
                Deputy Attorney General
                KATHLEEN SPALDING*
                Senior Assistant Attorney General
                MATTHEW D. GROVE *
                Assistant Attorney General
                JONATHAN P. FERO*
                Assistant Solicitor General
                JOHN T. LEE*
                Assistant Attorney General
                MOLLY MOATS*
                Assistant Attorney General
                Attorneys for Governor John W. Hickenlooper
                *Counsel of Record
                1300 Broadway, 10th Floor
                Denver, Colorado  80203
                Telephone:  720-508-6000

7

**AS TO RESPONSES:**

Pursuant to 28 U.S.C. § 1746, I, Jack Finlaw, do hereby verify under penalty of perjury under the laws of the United States of America that the foregoing responses to the Non-Profit and Individual Disabled Plaintiffs' First Set of Requests for Admission are true and correct to the best of my information and belief.

Dated this 1st day of November, 2013.

                                                   *s/ Jack Finlaw*
                                                   Chief Legal Counsel
                                                   Office of the Governor
                                                   State of Colorado

## CERTIFICATE OF SERVICE

      I hereby certify that on   November 1, 2013 I served a true and complete copy of the foregoing Discovery Responses upon all counsel of record including those listed below via email:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| | |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbot@hollandhart.com |
| | |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| | |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| | |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                                *s/Matthew Grove*