IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO


Civil Action No. 13-CV-1300-MSK-MJW


COLORADO OUTFITTERS ASSOCIATION, *et al.*,

    Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.


---

## MOTION FOR LEAVE TO RESTRICT

---

1. This Motion relates to the proposed Third Amended Complaint, which was filed today, Dec. 11, 2013, by 55 Sheriffs in their personal, non-official capacities.

2. Pursuant to D.C.COLO.LCivR 7.1(a), Counsel has conferred with the Office of the Attorney General regarding this matter. The Attorney General does not oppose this Motion.

3. The proposed Third Amended Complaint has nine exhibits designated "Exhibit A" through "Exhibit I." This Motion requests that Exhibits A and B be designated as Restricted Documents, Level 1.

4. Exhibits A and B have been filed in conjunction with this Motion, as "Other Documents."

5. Exhibit A consists of excerpts from the depositions of six Sheriffs.

6. Exhibit B consists of Declarations by other Sheriffs.

7. All of the content of Exhibit B consists of details about particular threats against individual Sheriffs and their families, the arms that the Sheriffs and their families possess, especially for self-defense, and other protective measures that the Sheriffs and their families have taken.

8. The vast majority of the content of Exhibit A comprises the same topics.

9. The public release of such information would pose a very significant risk of endangering the lives of the Sheriffs and their families.

10. For example, one Sheriff has been the subject of a murder contract by two drug gangs. Public availability of that Sheriff's Declaration would inform people that a large sum of money might be collected for murdering the Sheriff. A criminal who wished to collect the fee would also glean important advantages by learning what firearms and magazines the Sheriff has for self-defense, and what other protective measures the Sheriff has taken.

11. For any Sheriff, including ones who are not at the present the target of specific known threats, personal safety would be seriously endangered by disclosure of what firearms and magazines the Sheriff carries concealed when off-duty, what firearms and magazines he or she has available when on-duty, when he or she does or does not carry particular firearms, and what tactics the Sheriffs and their families have used when confronted by threats.

12. In Exhibits A and B, the Sheriffs describe what they presently know about on-going threats to themselves and their families. Disclosure of the information would provide a significant advantage to a person who wished to harm the Sheriffs or their families: the disclosure would reveal whether the Sheriff is or is not aware of the dangerous intentions of that person. If the Sheriff is not aware, the dangerous person might be emboldened. If the Sheriff is aware, the dangerous person might therefore plan his attack with extra care.

13. The serious injury presented by the disclosure of the information in Exhibits A and B is the homicide of a Sheriff or family member, or other violent crimes against them.

14. These mortal perils outweigh any public interest in disclosure.

15. Moreover, regarding personal firearms ownership, especially for self-defense, privacy *is* the public interest. For example, when the Colorado Bureau of Investigation approves the sale of a firearm to an individual, the records of

the individual's name and the type of firearm are destroyed within 24 hours. Colo. Bur. of Investigation, CBI-IC-4 ("Information pertaining to an approved individual which is collected or created pursuant to a background check for a firearm transfer shall be destroyed within 24 hours of the issuance of the approval consistent with federal law.")[1]; *see also* C.R.S. § 24-33.5-424(7)(b)(II) ("the bureau shall not retain a record for more than forty-eight hours after the day on which the bureau approves the transfer"). These prudent measures recognize that arms privacy is crucially important to personal safety, even for persons who have not been subjected to particularized threats.

16. Redaction or summarization are not viable alternatives. Because this case is about the use of particular magazines and their attendant firearms for self-defense, any summary that had enough specificity to be relevant to the case would disclose the very information that must not be disclosed.

17. Redaction of the relevant information would obliterate about 90 percent of Exhibit A (depositions). Redaction would turn Exhibit B (declarations) into nothing but a series of black pages. Even the captions and signature lines for the Declarations would have to be redacted, since the Sheriff's name itself would reveal that the Sheriff is aware of threats. The mere names of the

---

[1] Available at
http://www.colorado.gov/cs/Satellite?blobcol=urldata&blobheadername1=Content-Disposition&blobheadername2=Content-Type&blobheadervalue1=inline%3B+filename%3D%22Destruction.pdf%22&blobheadervalue2=application%2Fpdf&blobkey=id&blobtable=MungoBlobs&blobwhere=1251804851831&ssbinary=true

Declarants would reveal which other Sheriffs are *not* Declarants. The fact that another Sheriff is not a Declarant could make a dangerous person more confident—and more willing to attack—because the non-declarant Sheriff may not be aware of an active threat.

18. Although the mere existence of a Stipulated Protective Order is not in itself sufficient to prove that a Motion for Leave to Restrict should be granted, the Sheriffs wish to inform the Court that the Protective Order (#50) applies to all of Exhibit B and to the very large majority of Exhibit A.

19. If this Court denies this Motion to Restrict, the Sheriffs withdraw Exhibits A and B. The Sheriffs respectfully request that the two files be deleted from the Court's ECF system.

Respectfully submitted, this 11th day of December, 2013.

s/David B. Kopel
INDEPENDENCE INSTITUTE
727 E. 16th Avenue
Denver, CO 80203
Phone: (303) 279-6536
Fax: (303) 279-4176
david@i2i.org

**ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO**

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2013, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| Matthew Grove | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | Stephanie.Scoville@state.co.us |
| John Lee | jtlee@state.co.us |

/s/David B. Kopel

_____