IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, *et al.*,

    Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## NOTICE OF REVISION OF MOTION FOR LEAVE TO RESTRICT

1. This Notice is filed regarding the Motion for Leave to Restrict (#105), which was filed by the 55 Sheriffs in their personal capacities on Dec. 11, 2013.

2. Pursuant to D.C.COLO.LCivR 7.1(a), Counsel has conferred with the Office of the Attorney General regarding this matter. The Attorney General does not oppose this Motion.

3. The Motion for Leave to Restrict concerned two Exhibits (#106, Exhibits A & B) to the proposed Third Amended Complaint (#104, document #1) which had been filed accompanying the Sheriffs' Motion for Joinder (#104).

4. Exhibit A contains excerpts from the depositions of six Sheriffs, regarding their personal firearm and magazine ownership, threats and violence against the Sheriffs and their families, and related topics. Exhibit A consists primarily of deposition excerpts which had been designated as "confidential," but also some excerpts which were not confidential.

5. As an alternative to designating all of Exhibit A as Restricted Level 1, the Sheriffs suggest that the portions of the Exhibit which were designated during the depositions as "confidential" could be redacted, and the non-confidential portions made available to the public.

6. In many Federal Courts, the form for a Notice of Intent to Redact states: "Notice is hereby given that a statement of redaction of specific personal identifiers will be submitted to the court reporter/transcriber within 21 days from the filing of the transcript with the Clerk of Court." Regarding Exhibit A, the particular type of redaction which is contemplated by the form would not be appropriate. Simply removing personal identifiers (such as the deponent's name) would still leave so much information in the deposition transcript that the deponent's identify would be discernible. For example, the deposition description of the particular threats to which a deponent and his family have

2

been subjected could lead at least some persons to identify the deponent; the persons who would have the easiest time making such an identification would be the persons who had made the particular threats which are described in the depositions. The threatening person would then be able, by reading Exhibit A, to discover what protective measures the particular Sheriff and his family are or are not taking.

7. Therefore, the appropriate redaction would redaction of all of the confidential portions of the deposition transcripts in Exhibit A, and not merely redacting personal identifiers.

Respectfully submitted, this 17th day of December, 2013.

        s/David B. Kopel
        INDEPENDENCE INSTITUTE
        727 E. 16th Avenue
        Denver, CO 80203
        Phone: (303) 279-6536
        Fax: (303) 279-4176
        david@i2i.org

**ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO**

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2013, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| Matthew Grove | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | Stephanie.Scoville@state.co.us |
| John Lee | jtlee@state.co.us |

/s/David B. Kopel
_____

4