IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, *et al.*,

    Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

**REPLY TO RESPONSE RE MOTION FOR JOINDER AND FOR LEAVE TO FILE AMENDED COMPLAINT, AND MOTION FOR LEAVE TO FILE SUBSTITUTE THIRD AMENDED COMPLAINT**

1. Pursuant to D.C.COLO.LCivR 7.1(a), counsel has conferred telephonically with Defendant's attorneys Matthew Grove, Kathleen Spalding, and Stephanie Scoville regarding this filing.

2. Defendant's Response to the Motion for Joinder stated: "In conclusion, Defendant understood the Court's order allowing the Sheriffs to seek leave to rejoin the suit individually as contemplating a simple amendment that

1

would specifically incorporate and connect the factual allegations that Defendant had notice of and was able to explore in discovery to the individual capacity Sheriffs. *The Governor would not have opposed such an amendment.*" (#112 at 28) (emphasis added).

3. In the spirit of expeditious resolution of the case, the Sheriffs have acceded to each and every objection raised by Defendant in his Response to the Motion for Joinder. The Sheriffs delivered to Defendant at 3:30 p.m. on Wednesday, Dec. 18, 2013, a copy of a proposed Substitute Third Amended Complaint, as described in the conferral earlier this afternoon. Defendant has not at this time taken a position on the Substitute Third Amended Complaint.

4. As the original Third Amended Complaint had demonstrated with copious citations to the Discovery, everything alleged by the Sheriffs in the original Third Amended Complaint involved "factual allegations that Defendant had notice of and was able to explore in discovery." (Quoting #112, at 27.) Nevertheless, to expedite the case, the Sheriffs file a Substitute Third Amended Complaint, which is attached to this Reply as Exhibit A.

5. The following paragraphs explain how the Sheriffs have addressed every concern raised by Defendant in Defendant's Response (#112).

6. Defendant has stated that the original Third Amended Complaint contains "82 paragraphs of new factual allegations spread over nearly 22 pages." (#112, para. 8). It should be noted that 55 of those 82 paragraphs were simple biographical descriptions of each of the 55 individual Sheriffs. Other than the biographical paragraphs, the Substitute Third Amended Complaint contains only 16 paragraphs (162-177) and 4 ½ pages concerning the Sheriffs.

7. Defendant objected to paragraphs 179-80 of the original Third Amended Complaint, involving Sheriffs who wished to make long-term loans of magazines. (#112, para. 16a). Those paragraphs are stricken from the Substitute Third Amended Complaint.

8. Defendant objected to paragraph 185 of the original Third Amended Complaint, involving HB 1224's de facto prohibition of certain models of firearms. (#112, para. 16b). This paragraph and the related following paragraph are stricken from the Substitute Third Amended Complaint.

9. Defendant objected to the inclusion of certain examples of how HB 1229 is vague and unclear, and to the allegations that the Sheriffs in the personal lives (for most of these examples) and when personally handling firearms on the job (a few examples) do not know how to comply with HB 1229. (#112, at 7-9). The relevant paragraph, number 188, is stricken from the Substitute Third Amended Complaint.

10. Defendant objected to Exhibit B to the original Third Amended Complaint, which contained Declarations from 12 Sheriffs about the firearms and magazines they own, and about the particular threats they and their families have faced. (#112, para. 16d). That Exhibit is not included in the Substitute Third Amended Complaint.

11. Defendant objected to discussion of the problem of magazines which are nominally 15 rounds, but which do in fact hold 16, due to variances in the springs used by the manufacturer. (#112, para. 17c). The relevant paragraphs (177-78) have been removed from the Substitute Third Amended Complaint. (These paragraphs did not involve the "designed to be readily converted" vagueness claim, but rather the straightforward claim against the prohibition of magazines which hold 16 or more rounds.)

12. Defendant had objected to discussion of the problem that the government employee exemption in HB 1224 does in fact prevent individuals who are law enforcement employees from acquiring new magazines holding 16 or new rounds. (#112, para. 14). The relevant paragraphs have been removed from the Substitute Third Amended Complaint. .

13. Pursuant to D.C.COLO.LCivR 15.1(b), a copy of the proposed Substitute Third Amended Complaint is attached to this Reply and Motion, as an exhibit, with strike-throughs and underlines to indicate the removal or addition of text.

14. The only changes from the Second Amended Complaint to the Substitute Third Amended Complaints are as follows:

a. In the caption, removal of the Sheriff's Office and County (e.g., "Sheriff of Weld County, Colorado").

b. Replacing section III.A.1 of the Complaint in its entirety. This section describes the identities and interests of the individual Sheriff plaintiffs.

c. Striking the Third Claim regarding "Designed to be readily converted." As explained in a footnote, the strikethrough is in conformity with the Court's Order of Nov. 27, 2013, and is not intended to waive the appealability of issues regarding that Claim.

d. Changing the date of the Complaint.

15. The Substitute Third Amended Complaint raises no new Claims. It introduces no new witnesses. All six of the disclosed Sheriff witnesses have already been deposed in depth about their personal firearms and magazine collections, their personal hunting and recreational target shooting, their families, and threats/violence against them and their families. Excerpts from those depositions accompany the Substitute Third Amended Complaint, as Exhibit A. (Previously filed as exhibit #1 to #104. All other Exhibits to the Substitute Third Amended Complaint have been filed as attachments to #104.)

16. Should Defendant raise new objections to the Substitute Third Amended Complaint, the Sheriffs are ready, with leave of this Court, to instantly and rapidly work with Defendant to produce a Complaint which will obtain Defendant's consent.

Respectfully submitted, this 18th day of December, 2013.

        s/David B. Kopel
        INDEPENDENCE INSTITUTE
        727 E. 16th Avenue
        Denver, CO 80203
        Phone: (303) 279-6536
        Fax: (303) 279-4176
        david@i2i.org

**ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO**

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2013, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| Matthew Grove | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | Stephanie.Scoville@state.co.us |
| John Lee | jtlee@state.co.us |

/s/David B. Kopel