IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION;
COLORADO FARM BUREAU;
NATIONAL SHOOTING SPORTS FOUNDATION;
MAGPUL INDUSTRIES;
COLORADO YOUTH OUTDOORS;
USA LIBERTY ARMS;
OUTDOOR BUDDIES, INC.;
WOMEN FOR CONCEALED CARRY;
COLORADO STATE SHOOTING ASSOCIATION;
HAMILTON FAMILY ENTERPRISES, INC. d/b/a FAMILY SHOOTING
CENTER AT CHERRY CREEK STATE PARK;
DAVID STRUMILLO;
DAVID BAYNE;
DYLAN HARRELL;
ROCKY MOUNTAIN SHOOTERS SUPPLY;
2ND AMENDMENT GUNSMITH & SHOOTER SUPPLY, LLC;
BURRUD ARMS INC. d/b/a JENSEN ARMS;
GREEN MOUNTAIN GUNS;
JERRY'S OUTDOOR SPORTS;
SPECIALTY SPORTS & SUPPLY;
GOODS FOR THE WOODS;
JOHN B. COOKE;
KEN PUTNAM;
JAMES FAULL;
LARRY KUNTZ;
FRED JOBE;
DONALD KRUEGER;
STAN HILKEY;
DAVE STONG;
PETER GONZALEZ;
SUE KURTZ;
DOUGLAS N. DARR;

        Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

Defendant.

---

**ANSWER AND OBJECTIONS TO FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

JOHN W. HICKENLOOPER, Governor of the State of Colorado ("the Governor"), hereby submits the following Answer to the "FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF" ("Complaint"):

## I.  OVERVIEW

1.      With respect to the allegations in paragraph 1, the Governor admits that he signed HB 13-1224 and HB 13-1229 on March 20, 2013.  The Governor denies the remaining allegations of paragraph 1.

2.      The Governor denies the allegations in paragraph 2.  The Governor affirmatively states that "in accordance with the Technical Guidance" issued by the Colorado Attorney General, "possession or transfer of magazines that could potentially accept more than 15 rounds by virtue of removable floor plates or end caps alone is not precluded" by HB 1224. Doc. 96 at 12.

3.      The Governor admits the allegations in paragraph 3.

4.       The allegations in paragraph 4 call for legal conclusions to which no response is required; to the extent a response is required, the Governor denies the allegations in paragraph 4.

5.       The Governor admits the allegations in the first sentence of paragraph 5.  The term "many" in the second sentence of paragraph 5 is too ambiguous to permit a response, but to the extent a response is required, the Governor denies the allegations in the second sentence of paragraph 5.

6.       The Governor admits the allegations in the first sentence of paragraph 6.  The term "many" in the second sentence of paragraph 6 is too ambiguous to permit a response, but to the extent a response is required, the Governor denies the allegations in the second sentence of paragraph 6.  The Governor denies the remaining allegations in paragraph 6.

7.       With respect to the allegations in paragraph 7, the Governor admits that an appendix attached to the complaint contains diagrams of firearms magazines.

8.       With respect to the allegations in paragraph 8, the Governor admits that it is possible to physically alter a magazine and thereby increase its capacity.  The Governor is without knowledge or information sufficient to form a belief as to the efficacy of the specific alterations described in paragraph 8, and therefore the Governor denies those allegations.

9.      With respect to the allegations in paragraph 9, the Governor lacks knowledge or information sufficient to form a belief as to public statements of "[t]he chief sponsor of HB 1224," and therefore denies the allegations.  The Governor denies having "publicly confirmed that HB 1224 bans all magazines with removable floor plates."  To the extent that the allegations in paragraph 9 call for legal conclusions, no response is required.  To the extent a response is required, the Governor denies the allegations in paragraph 9.

10.     The Governor denies the allegations in the first sentence of paragraph 10.  The Governor lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of paragraph 10. The final sentence of paragraph 10 contains allegations that call for legal conclusions to which no response is required.

11.     The Governor denies the allegations in paragraph 11.

12.     With respect to paragraph 12, the Governor affirmatively states that House Bill 13-1224 is a writing that speaks for itself.

13.     The Governor denies the allegations in paragraph 13.

14.     The Governor denies the allegations in paragraph 14.

15.     With respect to the first two sentences of paragraph 15, the Governor states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies them.  With respect to the third sentence in paragraph 15, the Governor admits

4

that some rifles are sold with 30-round magazines, but affirmatively states that all such rifles are compatible with magazines that hold 15 or fewer rounds.  The Governor lacks knowledge sufficient to admit or deny the allegations in the fourth sentence of paragraph 15, and therefore denies them.  With respect to the fifth sentence of paragraph 15, the phrase "Modern Sporting Rifles" is undefined and too vague to permit a response; to the extent a response is required, the Governor lacks information sufficient to admit or deny the allegations in the fifth sentence of paragraph 15, and therefore denies them.

16.    With respect to the allegations in paragraph 16, the term "many" in the first and second sentences is too vague to permit a response; to the extent a response is required, the Governor denies the allegations in the first two sentences of paragraph 16.  With respect to the allegations in the third sentence of paragraph 16, the Governor admits that there are tens of millions of magazines holding more than fifteen rounds in the United States today, but denies the remaining allegations.

17.    The Governor denies the allegations in paragraph 17.

18.    The Governor denies the allegations in paragraph 18.  To the extent the allegations of paragraph 18 call for legal conclusions, no response is required; but insofar as a response is required, the Governor denies the allegations.

19.     The Governor denies the allegations in paragraph 19. To the extent the allegations of paragraph 19 call for legal conclusions, no response is required; but insofar as a response is required, the Governor denies the allegations.

20.     With respect to the allegations of paragraph 20, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

21.     The Governor denies the allegations in the first sentence of paragraph 21. With respect to the remaining allegations of paragraph 21, the Governor affirmatively states that allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations. The Governor affirmatively states that House Bill 13-1224 is a writing that speaks for itself.

22.     The meaning of the term "many" in the first sentence of paragraph 22 is too vague to permit a response; to the extent a response is required, the Governor denies the allegations in the first sentence of paragraph 22. The Governor denies the remaining allegations in paragraph 22.

23.     With respect to paragraph 23, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

6

24.     The meaning of the term "monitor" in the first sentence of paragraph 24 is too vague to permit a response; to the extent a response is required, the Governor denies the allegations in the first sentence of paragraph 24.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 24 and therefore the Governor denies them.

25.     The meaning of the phrases "profitable sale" and "the fee charged may be $50" in the first sentence of paragraph 25 are too vague to permit a response; to the extent a response is required, the Governor denies the allegations in the first sentence of paragraph 25.  The Governor denies the remaining allegations in paragraph 25.

26.     The Governor denies the allegations in paragraph 26.

27.     With respect to the allegations of paragraph 27, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

28.     With respect to the allegations of paragraph 28, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

7

29.     With respect to the allegations of paragraph 29, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

30.     With respect to the allegations of paragraph 30, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

31.     With respect to the allegations of paragraph 31, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required.  To the extent a response is required, the Governor admits the allegations in paragraph 31.

32.     With respect to the allegations of paragraph 32, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

## II.     JURISDICTION AND VENUE

33.     The Governor denies the allegations in paragraph 33.  The Governor affirmatively states that the Plaintiffs have failed to present a justiciable case and controversy, that one or more of their claims is not ripe, and

that one or more of the Plaintiffs lacks standing under Article III of the United States Constitution.

34.    The Governor denies the allegations in paragraph 34.

35.    The Governor denies the allegations in paragraph 35.

36.    The Governor admits the allegations in paragraph 36.

### III.    PARTIES

37.    With respect to the allegations of the first sentence of paragraph 37, the Governor admits that eleven of the Plaintiffs are law enforcement officers, but denies that they will be "retiring imminently."  With respect to the second sentence of paragraph 37, the Governor admits that the eleven Plaintiffs identified are suing in their individual capacities.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and in paragraph 37 and therefore the Governor denies them

38.    The Governor admits that John Cooke is presently the sheriff of Weld County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously

9

set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's December 19, 2013 order.  The Governor therefore objects to the assertion of new allegations and claims in sentences 5, 6 and 7 of paragraph 38.

39.     The Governor admits that Ken Putnam is the sheriff of Cheyenne County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order. The Governor therefore objects to the assertion of new allegations and claims in sentences 3 and 4 of paragraph 39.

40.     The Governor admits that James Faull is the sheriff of Prowers County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order.

10

The Governor therefore objects to the assertion of new allegations and claims in sentences 4 and 5 of paragraph 40.

41.    Governor admits that James Faull is the sheriff of Prowers County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order. The Governor therefore objects to the assertion of new allegations and claims in sentences 6, 7, and 8 of paragraph 41.

42.    The Governor admits that Fred Jobe is the sheriff of Custer County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order.

The Governor therefore objects to the assertion of new allegations and claims in sentences 3, 4 and 5 of paragraph 42.

43.     The Governor admits that Donald Krueger is the sheriff of Clear Creek County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order.  The Governor therefore objects to the assertion of new allegations and claims in sentences 4, 5, and 6 of paragraph 43.

44.     The Governor admits that Stan Hilkey is the sheriff of Mesa County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order.

12

The Governor therefore objects to the assertion of new allegations and claims in the last sentence of paragraph 44.

45.     The Governor admits that Dave Stong is the sheriff of Alamosa County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order. The Governor therefore objects to the assertion of new allegations and claims in sentences 3, 4, and 5 of paragraph 45.

46.     The Governor admits that Peter Gonzalez is the sheriff of Archuleta County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order.

The Governor therefore objects to the assertion of new allegations and claims in sentences 4 and 5 of paragraph 46.

47.    The Governor admits that Sue Kurtz is the sheriff of San Juan County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47, and therefore the Governor denies them.   OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order. The Governor therefore objects to the assertion of new allegations and claims in sentences 4 and 5 of paragraph 47.

48.    The Governor admits that Douglas Darr is the sheriff of Adams County.  The Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore the Governor denies them.  OBJECTION: The Court granted Plaintiffs leave to amend their complaint with the condition that Plaintiffs would assert no new claims and that the case would be framed "as it currently is." Doc. #115, Courtroom Minutes.  The assertion of new claims not previously set forth in Plaintiffs' Second Amended Complaint exceeds and violates the Court's order.

14

The Governor therefore objects to the assertion of new allegations and claims in sentences 3 and 4 of paragraph 48.

49.     The Governor admits the allegations in the first sentence of paragraph 49.  With respect to the allegations of paragraph 49, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

50.     With respect to the allegations of paragraph 50, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

51.     With respect to the allegations of paragraph 51, the Governor affirmatively states that House Bill 13-1229 is a writing that speaks for itself.

52.     With respect to the allegations of paragraph 52, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

53.     With respect to the allegations of paragraph 53, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

54.     The Governor denies the allegations in paragraph 54.

55.     With respect to the allegations of paragraph 55, the Governor affirmatively states that the allegations call for legal conclusions to which no

response is required; but insofar as a response is required, the Governor denies the allegations.

56.     The Governor admits the allegations in paragraph 56.

57.     With respect to the allegations of paragraph 57, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

58.     The Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 58 and therefore denies them. The Governor denies the remaining allegations in paragraph 58.

59.     With respect to the allegations of paragraph 59, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

60.     With respect to the allegations of paragraph 60, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

61.     With respect to the allegations of paragraph 61, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62.     With respect to the allegations of paragraph 62, the Governor denies that David Bayne is a resident of Colorado.  Mr. Bayne currently resides

16

in Georgia, and he has stated under oath that he has no plans to move back to Colorado.  He therefore lacks standing to assert any claims in this case.  With respect to the remaining allegations of paragraph 62, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

63.     With respect to the allegations of paragraph 63, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

64.     The Governor denies the allegations in paragraph 64.  Also, the Governor affirmatively asserts that Plaintiff Bayne, a resident of Georgia, lacks standing to assert any claim in this case.

65.     With respect to the allegations of paragraph 65, the Governor denies the allegations.  Also, the Governor affirmatively asserts that Plaintiff Bayne, a resident of Georgia, lacks standing to assert any claim in this case.

66.     With respect to the allegations of paragraph 66, the Governor affirmatively states that allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies them.  Also, the Governor affirmatively asserts that Plaintiff Bayne, a resident of Georgia, lacks standing to assert any claim in this case.

67.     The Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and

therefore denies them.  The Governor affirmatively asserts that Plaintiff Bayne, a resident of Georgia, lacks standing to assert any claim in this case.

68.     The Governor denies the allegations in paragraph 68.  The Governor affirmatively asserts that Plaintiff Bayne, a resident of Georgia, lacks standing to assert any claim in this case.

69.     With respect to the allegations of paragraph 69, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

70.     With respect to the allegations of paragraph 70, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

71.     With respect to the allegations of paragraph 71, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

72.     With respect to the allegations of paragraph 72, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

73.     With respect to the allegations of paragraph 73, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

74.     With respect to the allegations of paragraph 74, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.     With respect to the allegations of paragraph 75, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76.     With respect to the allegations of paragraph 76, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

77.     With respect to the allegations of paragraph 77, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

78.     With respect to the allegations of paragraph 78, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79.     With respect to the allegations of paragraph 79, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80.     With respect to the allegations of paragraph 80, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

81.     With respect to the allegations of paragraph 81, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

82.     With respect to the allegations of paragraph 82, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

83.     With respect to the allegations of paragraph 83, the Governor is without knowledge or information sufficient to form a belief as to whether "[m]any CSSA members own and use firearms with a capacity exceeding 15 rounds."  The Governor denies that "many of the CSSA sanctioned events require the use of such firearms."  The Governor lacks information sufficient to admit or deny the remaining allegations in paragraph 83, and therefore denies them.

84.     With respect to the allegations of paragraph 84, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

85.     With respect to the allegations of paragraph 85, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

86.     With respect to the allegations of paragraph 86, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

87.     With respect to the allegations of paragraph 87, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

88.     With respect to the allegations of paragraph 88, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

89.     With respect to the allegations of paragraph 89, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

90.     With respect to the allegations of paragraph 90, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

91.     With respect to the allegations of paragraph 91, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

92.     With respect to the allegations of paragraph 92, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

93.     With respect to the allegations of paragraph 93, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

94.     With respect to the allegations of paragraph 94, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

95.     With respect to the allegations of paragraph 95, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

96.     With respect to the allegations of paragraph 96, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

97.     With respect to the allegations of paragraph 97, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

98.     With respect to the allegations in the first sentence of paragraph 98, the Governor is without knowledge or information sufficient to form a belief

as to the truth of the allegations and therefore denies them.  The Governor denies the remaining allegations in paragraph 98.

99.      With respect to the allegations of paragraph 99, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

100.    The Governor denies the allegations in paragraph 100.

101.    The Governor denies the allegations in paragraph 101.

102.    With respect to the allegations of paragraph 102, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

103.    With respect to the allegations of paragraph 103, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

104.    With respect to the allegations of paragraph 104, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

105.    With respect to the allegations of paragraph 105, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

106.    The Governor denies the allegations in paragraph 106.

107.     With respect to the allegations in the first two sentences of paragraph 107, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.  With respect to the remaining allegations of paragraph 107, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

108.     With respect to the allegations of paragraph 108, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

109.     With respect to the allegations of paragraph 109, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

110.     With respect to the allegations of paragraph 110, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

111.     With respect to the allegations  of paragraph 111, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

112.     With respect to the allegations of paragraph 112, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

113.     With respect to the allegations of paragraph 113, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

114.     With respect to the allegations in paragraph 114, the Governor admits that he is the Governor of the State of Colorado. To the extent a response is required, Colo. Const. art. IV, § 2, speaks for itself.  The Governor denies the allegations in the last sentence of paragraph 114.

115.     The Governor denies the allegations in the first sentence of paragraph 115.  With respect to the remaining allegations of paragraph 115, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

116.     With respect to the allegations of paragraph 116, the Governor affirmatively states that the *Heller* decision is a writing that speaks for itself.

117.     With respect to the allegations of paragraph 117, the Governor affirmatively states that the allegations call for legal conclusions to which no

25

response is required; but insofar as a response is required, the Governor denies the allegations.

118. With respect to the allegations of paragraph 118, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

119. With respect to the allegations of paragraph 119, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

120. With respect to the allegations of paragraph 120, the Governor affirmatively states that the *McDonald* decision is a writing that speaks for itself.

121. With respect to the allegations of paragraph 121, the Governor affirmatively states that the *McDonald* decision is a writing that speaks for itself.

122. The Governor denies the allegations in paragraph 122.

123. With respect to the allegations of paragraph 123, the Governor affirmatively states that the *Heller* decision is a writing that speaks for itself.

124. With respect to the allegations of paragraph 124, the Governor affirmatively states that the allegations call for legal conclusions to which no

26

response is required; but insofar as a response is required, the Governor denies the allegations.

125.    With respect to the allegations of paragraph 125, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

126.    With respect to the allegations of paragraph 126, the Governor lacks knowledge sufficient to admit or deny that that handguns are used in the majority of homicides in the United States, but with respect to the remainder of the allegations of paragraph 126, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

127.    With respect to the allegations of paragraph 127, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

128.    The Governor lacks knowledge sufficient to admit or deny the allegations of paragraph 128 and therefore denies them.

129.     The Governor lacks knowledge sufficient to admit or deny the allegations of paragraph 129 and therefore denies them.

130.     With respect to the allegations of paragraph 130, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

131.     With respect to the allegations of paragraph 131, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

132.     With respect to the allegations of paragraph 132, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

133.     The Governor denies the allegations in the first sentence of paragraph 133.  With respect to the remaining allegations of paragraph 133, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

134.     The Governor denies the allegations of paragraph 134.

135.     The Governor denies the allegations of paragraph 135.

136.    The Governor denies the allegations in the first sentence of paragraph 136.  With respect to the remaining allegations of paragraph 136, the Governor affirmatively states that the *Pillow* decision is a writing that speaks for itself.

137.    With respect to the allegations of paragraph 137, the Governor affirmatively states that the *Pillow* decision is a writing that speaks for itself.

138.    With respect to the allegations of paragraph 138, the Governor affirmatively states that the *Pillow* decision is a writing that speaks for itself.

139.    With respect to the allegations of paragraph 139, the Governor affirmatively states that the cases cited are writings that speak for themselves.

140.    With respect to the allegations of paragraph 140, the Governor affirmatively states that allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.  The Governor denies the allegations contained in the last sentence of paragraph 140.

141.    With respect to the allegations of paragraph 141, the Governor affirmatively states that House Bill 13-1229 is a writing that speaks for itself. With respect to the remainder of the allegations of paragraph 141, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

29

142.    With respect to the allegations of paragraph 142, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

143.    With respect to the allegations of paragraph 143, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

144.    With respect to the allegations of paragraph 144, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

145.    With respect to the allegations of paragraph 145, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.  The Governor affirmatively asserts that the Court has determined that the "designed to be readily converted" language in HB 1224 is not unconstitutionally vague. Doc. 96 at p. 24.

146.    With respect to the allegations of paragraph 146, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies

the allegations.  The Governor affirmatively asserts that the Court has determined that the "designed to be readily converted" language in HB 1224 is not unconstitutionally vague. Doc. 96 at p. 24.

147.    The Governor lacks knowledge sufficient to admit or deny the allegations of paragraph 147 and therefore denies them.

148.    With respect to the allegations of paragraph 148, the Court has determined that the "designed to be readily converted" language in HB 1224 is not unconstitutionally vague and does not constitute a ban on all magazines with removable base plates. Doc. #96 at pp. 14, 24.  To the extent that a response to these allegations is necessary, the Governor affirmatively states that allegations in paragraph 148 call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

149.    With respect to the allegations of paragraph 149, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

150.    With respect to the allegations of paragraph 150, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor is

without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

151.     The Governor denies the allegations of paragraph 151.

152.     With respect to the allegations of paragraph 152, the Governor admits that he issued a signing statement requiring the development and circulation of interpretive guidance regarding House Bill 13-1224 and House Bill 13-1229, that the Department of Law issued such guidance on May 16, 2013 and on July 10, 2013, and that the guidance has been made publicly available. With respect to the remaining allegations of paragraph 152, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

## FIRST CLAIM FOR RELIEF

153.     With respect to the allegations of paragraph 153, the Governor responds as if the answers set forth in paragraphs numbers one through 152 of this answer were set forth in full in this paragraph.

154.     With respect to the allegations of paragraph 154, the Governor affirmatively states that the allegations are a statement of Plaintiffs' intentions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

32

155.     With respect to paragraph 155, the Governor admits that he signed HB 1224 on or about March 20, 2013.  With respect to the remaining allegations, the Governor affirmatively states that the statute speaks for itself.

156.     The meaning of the phrase "come standard" in paragraph 156 is too vague to permit a response; to the extent a response is required, the Governor denies the allegations of paragraph 156.

157.     With respect to the allegations of paragraph 157, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

158.     The Governor denies the allegations of paragraph 158.

159.     With respect to the allegations of paragraph 159, the Governor admits that firearms with magazine capacities greater than 15 rounds are used for sport shooting and target shooting.  The remaining allegations in paragraph 159 call for legal conclusions to which no response is required; in the event that a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 159 and therefore denies them.

160.     With respect to the allegations of paragraph 160, the Governor affirmatively states that the allegations call for legal conclusions to which no

response is required; but insofar as a response is required, the Governor denies the allegations.

161.    With respect to the allegations of paragraph 161, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

162.    With respect to the allegations of paragraph 162, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

## SECOND CLAIM FOR RELIEF

163.    With respect to the allegations of paragraph 163, the Governor responds as if the answers set forth in paragraphs numbers one through 162 of this answer were set forth in full in this paragraph.

164.    With respect to the allegations of paragraph 164, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 164 or the Second Claim for Relief is required.  Insofar as a response is required, the Governor affirmatively states that the allegations are a statement of Plaintiffs' intentions to which no response is required; the Governor is without knowledge or information

sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

165.    With respect to the allegations of paragraph 165, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 165 or the Second Claim for Relief is required.  Insofar as a response is required, the Governor affirmatively states that HB 1224 is a writing that speaks for itself.

166.    With respect to the allegations of paragraph 166, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 166 or the Second Claim for Relief is required.  Insofar as a response is required, the Governor admits the allegations of paragraph 166.

167.    With respect to the allegations of paragraph 167, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 167 or the Second Claim for Relief is required.  Insofar as a response is required, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

168.    With respect to the allegations of paragraph 168, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 168 or the Second Claim for Relief is

required. Insofar as a response is required, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

169. With respect to the allegations of paragraph 169, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 169 or the Second Claim for Relief is required. Insofar as a response is required, the Governor admits that many rifles and handguns use magazines with removable floor plates or end caps. Insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 169 and therefore denies them.

170. With respect to the allegations of paragraph 170, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 170 or the Second Claim for Relief is required. Insofar as a response is required, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

171. With respect to the allegations of paragraph 171, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 171 or the Second Claim for Relief is required. Insofar as a response is required, the Governor affirmatively states

that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

172.     With respect to the allegations of paragraph 172, the Governor filed a motion to dismiss that was granted by the Court, and no response to the allegations contained in paragraph 172 or the Second Claim for Relief is required.  Insofar as a response is required, the Governor denies that HB 1224 imposes "a ban on the possession of a broad class of firearms" or that that the provisions of HB 1224 violate the Second and Fourteenth Amendments.

## THIRD CLAIM FOR RELIEF

173.     With respect to the allegations of paragraph 173, the Governor responds as if the answers set forth in paragraphs numbers one through 172 of this answer were set forth in full in this paragraph.

174.     With respect to the allegations of paragraph 174, the Governor affirmatively states that the allegations are a statement of Plaintiffs' intentions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

175.     With respect to the allegations of paragraph 175, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

176.     With respect to the allegations of paragraph 176, the Governor affirmatively states that the provisions of HB 1224 are writings that speak for themselves.

177.     The allegations in the first sentence of paragraph 177 are too vague to permit a response; to the extent a response is required the Governor denies the allegations in the first sentence of paragraph 177.  With respect to the remaining allegations of paragraph 177, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

178.     With respect to the allegations of paragraph 178, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

179.     With respect to the allegations of paragraph 179, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

180.     With respect to the allegations of paragraph 180, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

181.     With respect to the allegations of paragraph 181, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

182.     The Governor denies the allegations of paragraph 182.

## FOURTH CLAIM FOR RELIEF

183.     With respect to the allegations of paragraph 183, the Governor responds as if the answers set forth in paragraphs numbers one through 182 of this answer were set forth in full in this paragraph.

184.     With respect to the allegations of paragraph 184, the Governor affirmatively states that the allegations are a statement of Plaintiffs' intentions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

185.     With respect to the allegations of paragraph 185, the Governor affirmatively states that Title II of the Americans with Disabilities Act (ADA) is a writing that speaks for itself.

186.     With respect to the allegations of paragraph 186, the Governor affirmatively states that definitions contained within the ADA are writings that speak for themselves.

187.     With respect to the allegations of paragraph 187, the Governor lacks knowledge sufficient to admit or deny the allegations in the second

sentence of the paragraph and therefore denies these allegations.  The Governor denies the remaining allegations of paragraph 187.

188.    The Governor denies the allegations of paragraph 188.

189.    With respect to the allegations of paragraph 189, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the Governor denies them.

190.    The Governor denies the allegations of paragraph 190.

191.    With respect to the allegations of paragraph 191, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

### FIFTH CLAIM FOR RELIEF

192.    With respect to the allegations of paragraph 192, the Governor responds as if the answers set forth in paragraphs numbers one through 191 of this answer were set forth in full in this paragraph.

193.    With respect to the allegations of paragraph 193, the Governor affirmatively states that the allegations are a statement of Plaintiffs' intentions to which no response is required; but insofar as a response is required, the Governor is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

194.     With respect to the allegations of paragraph 194, the Governor affirmatively states that HB 1229 is a writing that speaks for itself.

195.     With respect to the allegations of paragraph 195, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

196.     With respect to the allegations of paragraph 196, the Governor affirmatively states that the allegations call for legal conclusions to which no response is required; but insofar as a response is required, the Governor denies the allegations.

197.     The Governor denies the allegations of paragraph 197.

198.     The Governor denies the allegations of paragraph 198.

199.     The Governor denies the allegations of paragraph 199.

200.     The Governor denies all allegations in Plaintiffs' Fourth Amended Complaint for Declaratory and Injunctive Relief that are not specifically admitted in this Answer.

## RELIEF REQUESTED

The Governor denies that Plaintiffs are entitled to the relief they request, including their requests for declaratory relief, injunctive relief, attorney fees and costs.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state claims for relief.

2.     Plaintiffs' claims may be barred because Plaintiffs lack a private right of action.

3.     Plaintiffs' claims may be barred by Eleventh Amendment immunity.

4.     Some or all of Plaintiffs' claims may be barred because they are not ripe.

   a.     Some or all Plaintiffs lack standing.

5.     Plaintiffs have been afforded all the rights, privileges, and immunities granted by the United States Constitution, the Colorado Constitution, and state and federal law.

6.     The Governor is not a proper party to some or all of Plaintiffs' claims.

7.     This court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

8.     Plaintiffs have not been excluded from participation in the benefits and programs of a public entity.

9.     The Governor reserves the right to assert additional affirmative defenses or rescind affirmative defenses after further investigation and discovery.

42

Wherefore, the Governor requests this Court to enter judgment in their favor and additionally request attorney fees and any other relief this Court deems just and proper.

JOHN W. SUTHERS
Attorney General


s/ *Matthew D. Grove*
**Daniel D. Domenico***
Solicitor General
**David C. Blake***
Deputy Attorney General
**Jonathan P. Fero***
Assistant Solicitor General
**Matthew D. Grove***
Assistant Attorney General
**John T. Lee***
Assistant Attorney General
**Kathleen Spalding***
Senior Assistant Attorney General
**Stephanie Scoville***
Senior Assistant Attorney General

**\*Counsel of Record**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _January 3_____ 2014, I served a true and complete copy of the foregoing ANSWER AND OBJECTIONS TO FOURTH AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

David B. Kopel                                          david@i2i.org

Jonathan M. Anderson                      jmanderson@hollandhart.com

Richard A. Westfall                              rwestfall@halewestfall.com
Peter J. Krumholz                               pkrumholz@halewestfall.com

Marc F. Colin                                        mcolin@bcjlpc.com

Anthony J. Fabian                               fabianlaw@qwestoffice.net


_s/ Matthew D. Grove_____