IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION;
COLORADO FARM BUREAU;
NATIONAL SHOOTING SPORTS FOUNDATION;
MAGPUL INDUSTRIES;
COLORADO YOUTH OUTDOORS;
USA LIBERTY ARMS;
OUTDOOR BUDDIES, INC.;
WOMEN FOR CONCEALED CARRY;
COLORADO STATE SHOOTING ASSOCIATION;
HAMILTON FAMILY ENTERPRISES, INC., d/b/a FAMILY SHOOTING CENTER
AT CHERRY CREEK STATE PARK;
DAVID STRUMILLO;
DAVID BAYNE;
DYLAN HARRELL;
ROCKY MOUNTAIN SHOOTERS SUPPLY;
2ND AMENDMENT GUNSMITH & SHOOTER SUPPLY, LLC;
BURRUD ARMS INC. D/B/A JENSEN ARMS;
GREEN MOUNTAIN GUNS;
JERRY'S OUTDOOR SPORTS;
SPECIALTY SPORTS & SUPPLY;
GOODS FOR THE WOODS;
JOHN B. COOKE;
KEN PUTNAM;
JAMES FAULL;
LARRY KUNTZ;
FRED JOBE;
DONALD KRUEGER;
STAN HILKEY;
DAVE STONG;
PETER GONZALEZ;
SUE KURTZ;
DOUGLAS N. DARR;

     Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

Defendant.

## JOINT FED.R.EVID. 702 MOTION TO STRIKE EXPERT OPINIONS

The parties, through their undersigned counsel, hereby request a determination

regarding the admissibility of opinion testimony by Defendant's experts Douglas S.

Fuchs and John C. Cerar[1], as well as Plaintiffs' experts Kevin Davis, Massad Ayoob, Dr.

Gary Kleck, and Michael Shain.

## PLAINTIFFS' CHALLENGES TO DEFENDANT'S EXPERT OPINIONS

### I.      Douglas S. Fuchs

### Opinion 1

Public safety is compromised when civilians not trained to counteract the stress of

an assault respond to an armed assailant by firing as many rounds as their magazine

holds.

### Objection to Opinion 1

Mr. Fuchs lacks the knowledge, skill, experience, training, or expertise to express

this opinion. Also, this opinion is not based upon sufficient facts or data. Finally, Mr.

Fuchs did not use reliable principles or methodologies when generating this opinion.

### Opinion 2

Limiting magazines to 15 rounds provides victims in mass shooting situations

with an opportunity to escape or overcome a shooter.

---

[1] Defendant has offered expert opinions from Douglas S. Fuchs, John C. Cerar, Jeffrey S. Zax, and Daniel W. Webster. Plaintiffs only object to the admissibility under Rule 702 of select opinions from Douglas S. Fuchs and John C. Cerar.

**Objection to Opinion 2**

Mr. Fuchs lacks the knowledge, skill, experience, training, or expertise to express this opinion. Also, this opinion is not based upon sufficient facts or data. Finally, Mr. Fuchs did not use reliable principles or methodologies when generating this opinion.

**Opinion 3**

Magazines carrying 15 or fewer rounds are sufficient for self-defense. Magazines carrying more than 15 rounds are not necessary for self-defense.

**Objection to Opinion 3**

Mr. Fuchs lacks the knowledge, skill, experience, training, or expertise to express this opinion. Also, this opinion is not based upon sufficient facts or data. Finally, Mr. Fuchs did not use reliable principles or methodologies when generating this opinion.

**II.     John C. Cerar**

**Opinion 1**

The use of large capacity magazines will not lead to a better outcome in gunfight self-defense situations.

**Objection to Opinion 1**

Plaintiffs do not object to Opinion 1 under Rule 702.

**Opinion 2**

Magazines carrying 15 or fewer rounds are sufficient for self-defense. Magazines carrying more than 15 rounds are not necessary for self-defense.

**Objection to Opinion 2**

Plaintiffs do not object to Opinion 2 under Rule 702.

**Opinion 3**

The availability of large capacity magazines encourages a "spray and pray" mentality that can result in harm to innocent bystanders.

**Objection to Opinion 3**

Mr. Cerar lacks the knowledge, skill, experience, training, or expertise to express this opinion. Also, this opinion is not based upon sufficient facts or data. Finally, Mr. Cerar did not use reliable principles or methodologies when generating this opinion.

**Opinion 4**

Limiting magazines to 15 rounds or less will not negatively impact the self-defense capabilities of female shooters or individuals with limited strength and/or dexterity.

**Objection to Opinion 4**

Mr. Cerar lacks the knowledge, skill, experience, training, or expertise to express this opinion. Also, this opinion is not based upon sufficient facts or data. Finally, Mr. Cerar did not use reliable principles or methodologies when generating this opinion.

**Opinion 5**

Limiting magazine capacity to 15 rounds or less will likely reduce the number of people killed or wounded in mass shooting events.

**Objection to Opinion 5**

Plaintiffs do not object to Opinion 5 under Rule 702.

**Opinion 6**

Limiting magazine capacity to 15 rounds or less will not reduce the efficacy of rifles or handguns for self-defense.

**Objection to Opinion 6**

Plaintiffs do not object to Opinion 6 under Rule 702.

**DEFENDANT'S CHALLENGES TO PLAINTIFFS' EXPERT OPINIONS**

**Kevin R. Davis**

**Opinion No. 1**

Semi-automatic pistols or rifles with a magazine capacity greater than 15 rounds have become a common choice for defensive use over the last several decades.

**Objection to Opinion No. 1**

The Defendant does not object to Opinion 1 under Rule 702.

**Opinion No. 2**

Semi-automatic rifles and handguns with greater than 15 rounds capacity are more effective at incapacitating an assailant due to the number of hits that may be required to physically incapacitate a person.

**Objection to Opinion No. 2**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 3**

Semi-automatic handguns and rifles with a capacity greater than 15 rounds provide citizens with a capability to more effectively neutralize a deadly threat due to the high incidents of misses and other circumstances in self-defense shootings.

**Objection to Opinion No. 3**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 4**

Semi-automatic rifles and handguns with greater than 15 rounds capacity allows citizens to more effectively defend themselves because of the greater response time required in a threat situation.

**Objection to Opinion No. 4**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 5**

Semi-automatic rifles and handguns with a capacity greater than 15 rounds allow citizens to more effectively defend themselves because of physiological changes in threat situations because of the sympathetic nervous system response to danger.

**Objection to Opinion No. 5**

Mr. Davis lacks the knowledge, skill, experience, training, or education to express this opinion. Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 6**

Semi-automatic rifles and handguns with a capacity greater than 15 rounds are more effective at responding to threats from multiple attackers.

**Objection to Opinion No. 6**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 7**

Semi-automatic rifles and handguns with a capacity greater than 15 rounds allow citizens a greater opportunity to defend themselves in threat situations until assistance arrives, which may be delayed in many situations.

**Objection to Opinion No. 7**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 8**

A magazine capacity limitation that compels a defensive shooter to exchange magazines in the midst of a life threating situation adversely impacts the citizen's ability to defend himself because of the time needed to complete a magazine exchange which could otherwise be utilized to continue defensive firing.

**Objection to Opinion No. 8**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 9**

Older, female, infirm, injured or disabled shooters can more effectively defend themselves with semi-automatic rifles and handguns with a capacity greater than 15 rounds.

**Objection to Opinion No. 9**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 10**

Retired law enforcement officers are better able to protect and defend themselves with semi-automatic rifles and handguns with a capacity greater than 15 rounds with which they became familiar during their careers.

**Objection to Opinion No. 10**

Mr. Davis' opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 11**

Semi-automatic rifles with a capacity greater than 15 rounds allows citizens to defend themselves more effectively based on increased accuracy and extended ranges, increased capacity, increased ballistic performance, and an enhanced intimidation factor.

**Objection to Opinion No. 11**

To the extent that the opinion relates to the increased capacity or enhanced intimidation factor of rifles with a capacity greater than 15 rounds, Mr. Davis' opinion is

not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Massad Ayoob**

**Opinion No. 1**

The ability of disabled persons to defend themselves or others would be negatively impacted by magazine capacity restrictions.

**Objection to Opinion No. 1**

Mr. Ayoob lacks the knowledge, skill, experience, training, or education to express this opinion. Mr. Ayoob's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 2**

The category of individuals who will be negatively impacted due to their inability to quickly change magazines or move to positions of safety during a confrontation include those with missing or shortened fingers, those missing a hand or arm, those with age-related disabilities, and those with lower body disabilities, as well as law-abiding citizens in general.

**Objections to Opinion No. 2**

Mr. Ayoob lacks the knowledge, skill, experience, training, or education to express this opinion. Mr. Ayoob's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 3**

While high volume shootouts are the exception rather than the norm in legitimate armed self-defense cases, they do occur.

**Objections to Opinion No. 3**

Mr. Ayoob lacks the knowledge, skill, experience, training, or education to express this opinion.  Mr. Ayoob's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 4**

In high volume shootout situations, a magazine capacity limitation will harm law-abiding citizens in general, and have an even greater adverse impact on persons with disabilities.

## Objections to Opinion No. 4

Mr. Ayoob lacks the knowledge, skill, experience, training, or education to express this opinion.  Mr. Ayoob's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Gary Kleck, Ph.D.**

## Opinion No. 1

Criminals rarely fire large numbers of rounds during the commission of a crime.

## Objection to Opinion No. 1

The Defendant does not object to Opinion 1 under Rule 702.

## Opinions No. 2

Mass shootings are extremely rare, and shooters rarely need magazines of 16 or more rounds to injure or kill their victims.  Limiting magazine capacity has only a hypothetical potential for reducing harm or improving public safety because the need for magazines of 16 or more rounds by criminals to inflict a large number of casualties is a rare subset of a rare event.

## Objection to Opinion No. 2

Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

## Opinion No. 3

Limits on magazine capacity will impair the ability of citizens to engage in lawful self-defense.  Self defense may require a larger number of rounds being fired either because of multiple adversaries and/or because the citizen will not fire optimally under stressful conditions.

## Objection to Opinion No. 3

Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 4**

The number of incidents in which citizens need or have needed more than 15 rounds to effectively defend themselves is likely larger than the number of crimes in which the use of a large magazine caused a larger number of casualties.  The number of criminal uses of such magazines is small, and the total number of defensive uses of firearms by crime victims (without regard to magazine capacity or rounds fired) is far larger than the total number of crimes committed using guns.

**Objection to Opinion No. 4**

Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 5**

Although some citizens may acquire a larger number of smaller magazines as a substitute for magazines banned by HB 1224, some victims will be unable to make effective use of multiple smaller magazines in self defense due to emotional stress and/or disabilities.

**Objection to Opinion No. 5**

Dr. Kleck lacks the knowledge, skill, experience, training, or education to assert this opinion.  Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 6**

Violations of magazine capacity limits are likely to occur at a higher rate among criminals than among non-criminals.

**Objection to Opinion No. 6**

Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 7**

HB 1224's 15- round magazine capacity limit will reduce incidences of self-defense use in situations where a more than 15 rounds is required more than it will reduce criminal attacks in which offenders need  magazines of 16 or more rounds to inflict massive casualties.

**Objection to Opinion No. 7**

Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

## Opinion No. 8

Defensive use of firearms by crime victims is generally effective, and makes it less likely that the victim will be killed, injured, or lose property.  Any law which obstructs or impairs defensive gun use by victims increases the likelihood of them suffering bodily injury or property loss.

## Objection to Opinion No. 8

The Defendant does not object to Opinion No. 8 under Rule 702.

## Opinion No. 9

The magazine capacity restriction in HB 1224 will do more harm than good because it will reduce the harm-preventing effects in defensive uses more than it will reduce the rare harm-causing effects of criminal use of magazines holding 16 or more rounds.

## Objection to Opinion No. 9

Dr. Kleck's opinion is not based on sufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

## Michael Shain

## Opinion No. 1

HB 1224 may prohibit many magazines that are designed and advertised to hold 15 rounds because design tolerances or different cartridge lengths allow them to hold 16 rounds.

## Objection to Opinion No. 1

Mr. Shain lacks the knowledge, skill, experience, training, or education to express this opinion.

## Opinion No. 2

Firearms for which no magazine smaller than 15 rounds are available are subject to a de facto ban.

## Objections to Opinion No. 2

Mr. Shain lacks the knowledge, skill, experience, training, or education to express this opinion.  Mr. Shain's opinion is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 3**

HB 1224's requirement that the owner of magazines banned by HB 1224 maintains "continuous possession" of those magazines is unrealistic in ordinary practice and for compliance and enforcement.

**Objections to Opinion No. 3**

Mr. Shain's opinion is based upon insufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 4**

The acquisition date of a magazine cannot be determined from any outward appearance or feature on the magazine itself.

**Objections to Opinion No. 4**

Mr. Shain's opinion is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 5**

Continuous possession prohibits the loaning of lawfully owned magazines banned by HB 1224 to friends and family members; it prohibits storing and leaving such lawfully owned magazines while traveling; and it prohibits giving such lawfully owned magazines to a gunsmith for maintenance.

**Objections to Opinion No. 5**

Mr. Shain lacks the knowledge, skill, experience, training, or education to express this opinion.  Mr. Shain's opinion is based upon insufficient facts or data, is not the product of reliable principles or methodologies, and is not the product of the reliable application of principles or methodologies to the facts and data obtained.

**Opinion No. 6**

Detachable box magazines have been an integral design characteristic associated with highly portable hand-held or shoulder-fired semi-automatic firearms since their inception.

**Objection to Opinion No. 6**

      The Defendant does not object to Opinion 6 under Rule 702.

**TIME REQUESTED FOR HEARING**

      As discussed at the December 19, 2013 hearing, the parties request that the Court consider the issues raised in this Joint Fed.R.Evid. 702 Motion to Strike Expert Opinions during the trial on the merits, now set to begin March 31, 2014. Such an approach is in the interests of judicial economy and would aid in the speedy and inexpensive determination of this action. *See* Fed.R.Civ.P. 1.

      Dated this 15th day of January, 2014.

                        Respectfully submitted,

                        s/Richard A. Westfall
                        Richard A. Westfall
                        Peter J. Krumholz
                        HALE WESTFALL LLP
                        1445 Market Street, Suite 300
                        Denver, CO 80202
                        Phone: (720) 904-6022
                        Fax: (720) 904-6020
                        rwestfall@halewestfall.com

                        **ATTORNEYS FOR DISABLED CITIZENS, OUTDOOR BUDDIES, INC. THE COLORADO OUTFITTERS ASSOCIATION, COLORADO FARM BUREAU, AND WOMEN FOR CONCEALED CARRY**

                        s/David B. Kopel
                        INDEPENDENCE INSTITUTE
                        727 E. 16th Avenue
                        Denver, CO 80203
                        Phone: (303) 279-6536
                        Fax: (303) 279-4176
                        david@i2i.org
                        **ATTORNEY FOR DAVID STRUMILLO, JOHN B. COOKE, KEN PUTNAM, JAMES FAULL, LARRY KUNTZ, FRED JOBE, DONALD**

13

**KRUEGER, STAN HILKEY, DAVE STRONG, PETER GONZALEZ, SUE KURTZ, AND DOUGLAS N. DARR**

s/Douglas Abbott
Jonathan M. Anderson
Douglas Abbott
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO 80201-8749
Phone: (303) 295-8566
Fax: (303) 672-6508
jmanderson@hollandhart.com
**ATTORNEYS FOR MAGPUL INDUSTRIES AND THE NATIONAL SHOOTING SPORTS FOUNDATION**

s/Marc F. Colin
Jonathon M. Watson
BRUNO COLIN JEWELL & LOWE PC
1999 Broadway, Suite 3100
Denver, CO 80202-5731
Phone: (303) 831-1099
Fax: (303) 831-1088
mcolin@bcjlpc.com
**ATTORNEYS FOR LICENSED FIREARMS DEALERS**

s/Anthony J. Fabian
LAW OFFICES OF ANTHONY J. FABIAN PC
510 Wilcox Street, Suite C
Castle Rock, CO 80104
Phone: (303) 663-9339
Fax: (303) 713-0785
fabianlaw@qwestoffice.net
**ATTORNEY FOR COLORADO STATE SHOOTING ASSOCIATION AND HAMILTON FAMILY ENTERPRISES, INC. D/B/A FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK**

JOHN W. SUTHERS

s/*Matthew D. Grove*
DAVID C. BLAKE*
Deputy Attorney General
KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE*
Assistant Attorney General
STEPHANIE SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General
Attorneys for Governor John W.
Hickenlooper
*Counsel of Record
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2014, I served via email a true and complete copy of the foregoing JOINT FED.R.EVID. 702 MOTION TO STRIKE EXPERT OPINIONS upon all counsel of record listed below via email:

| | |
|---|---|
| Matthew Groves | matt.groves@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| John T. Lee | john.lee@state.co.us |
| Molly Moats | molly.moats@state.co.us |
| David Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas Abbot | dabbot@hollandhart.com |
| Richard Westfall | rwestfall@halewestfall.com |
| Peter Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@brunolawyers.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

*s/ Marla A. Brock*
Marla A. Brock, Paralegal
Bruno, Colin & Lowe, P.C.