IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

---

### DEFENDANT'S UNOPPOSED MOTION FOR CLOSURE OF COURTROOM DURING PORTIONS OF TESTIMONY BY AURORA POLICE CHIEF DANIEL OATES

    Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, respectfully requests that the Court issue an order closing the courtroom during those portions of testimony from Aurora Police Chief Daniel Oates that address the mass shooting in Aurora that occurred on July 20, 2012. As grounds for this motion, the Governor states as follows:

    1.    *Duty to confer*: Undersigned counsel has conferred with counsel for Plaintiffs concerning the relief requested in this motion. It is unopposed.

### BACKGROUND

    2.    The Governor has listed as a witness for the defense Aurora Police Chief Daniel Oates. Chief Oates managed the Aurora Police Department's response to, and subsequent investigation of, the mass shooting that occurred at the Century 16 movie theater in Aurora, Colorado on July 20, 2012.

3. Chief Oates was deposed under the terms of the parties' stipulated protective order (Doc. 50). By agreement of the parties, those portions of his deposition and associated exhibits that relate to the Aurora theater shooting have been designated as confidential.

4. The district attorney for the 18th Judicial District is seeking the death penalty against the Aurora shooting defendant in *People v. Holmes,* Arapahoe County Case No. 12 CR 1522.

5. No trial date has been set for the trial in *Holmes.* Given the case's extremely high profile, however, every development has been closely tracked and reported extensively by the news media.

6. On August 13, 2012, the presiding judge in the Holmes matter issued a broad order to limit pre-trial publicity, a copy of which is attached hereto as Exhibit A. That order prohibits law enforcement officers, including Chief Oates, from "mak[ing] an extrajudicial statement that he or she knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." *Exhibit A* at 2, 4.

7. On December 4, 2013, the presiding judge denied a motion by several civil plaintiffs – shooting victims seeking damages "against the landowners of the Century 16 Theatres" – for access to exhibits that were admitted during the preliminary hearing. *Exhibit B.* The district judge ruled that "the People's interest in preserving the integrity of the prosecution of this case and the defendant's

constitutional right to a fair trial outweigh the victims' interest in receiving copies of the preliminary hearing exhibits to facilitate their federal lawsuit." *Id.* at 8.

8. Chief Oates' testimony will be consistent with the pretrial publicity order imposed in the Holmes prosecution. That order prohibits only "extrajudicial statements," and so does not apply to testimony in the above-captioned case.

9. However, any testimony and other evidence related to the Aurora theater shooting will garner substantial publicity, and inherently carries with it the risks discussed in the order attached as Exhibit B.

## APPLICABLE RULES

10. Fed.R.Civ.P. 77(b) provides that "[e]very trial on the merits must be conducted in open court[.]" Although the rule is phrased in absolute terms, "an exception may be made…when there is a threat of irreparable harm." 14-77 Moore's Federal Practice – Civil, § 77.03.

11. D.C.Colo.LCivR 7.2(a) provides that "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." This "presumption of public access recognized and promoted by the local rule finds its root in the common law rights of access to judicial proceedings and to inspect judicial records. *Huddleson v. City of Pueblo,* 270 F.R.D. 635, 636 (D. Colo. 2010), *citing Publicker Industries, Inc. v. Cohen,* 733 F.2d 1059, 1067 (3d Cir. 1984).

12. D.C.Colo.LCivR 7.2(c) requires a motion to restrict public access to: (1) identify the document or the proceeding for which restriction is sought;

3

(2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level or restriction sought.

## ARGUMENT

13. <u>Document or proceeding for which restriction is sought</u>:  As noted above, the Governor requests closure of the courtroom only for those portions of Chief Oates' testimony that pertain directly to the events surrounding the Aurora theater shooting.  The defense anticipates offering three exhibits during this portion of this testimony that it also requests be kept under seal.

14. <u>The interest to be protected and why such interest outweighs the presumption of public access</u>: Restricted access during the identified portions of Chief Oates' testimony is important to ensure that the jury pool and trial in *People v. Holmes* are not adversely affected.  *Holmes* is an extraordinarily high-profile death penalty case that will not yet have been tried at the time that Chief Oates testifies.   While the instant case has received substantial media attention, it pales in comparison to the reporting on *Holmes*.  Chief Oates' testimony would not contravene the pre-trial publicity order in *Holmes*.  Nonetheless, if given in open court it will be intensely scrutinized and widely disseminated.  This could lead to publicity that might taint the jury pool or otherwise adversely affect the fairness of the *Holmes* prosecution.  *See also* Exhibit B at 8 ("the Court is concerned that

4

granting [the motion for access to exhibits] would open the proverbial floodgates….Granting access to all the exhibits to an ever-widening group of nonparties would be unwise, as it would unnecessarily risk compromising the integrity of the proceedings and the defendant's right to a fair trial.")

15. <u>Injuries that will result if access is not restricted</u>:  As noted above, failure to restrict access to the courtroom during the identified portions of Chief Oates' testimony would create the potential of adverse pretrial publicity for the *Holmes* prosecution.  If this motion is denied, however, the Governor's defense of the challenged large-capacity magazine ban may be substantially compromised.  Failure to close the courtroom will likely limit the scope of Chief Oates' testimony over concerns of the publicity that it would generate, its potential effect on the pending prosecution, and the likely reaction of the criminal defendant to additional pretrial publicity.  *See, e.g.,* Exhibit C (motion seeking sanctions for alleged violation of pretrial publicity order).  This limitation would prejudice the defense of this case because the Aurora theater shooting was a significant catalyst underlying the passage of HB 1224.  Chief Oates' testimony concerning those events is important to demonstrating the nexus between limiting magazine capacity and the Colorado General Assembly's goal of ensuring public safety.

16. <u>Why no alternative to restriction is practicable</u>:  Aside from delaying this trial until after the *Holmes* prosecution is complete – which is not a viable option – closure of the courtroom is the only restriction that would adequately ensure that Chief Oates' testimony about the Aurora theater shooting poses no risk

5

to the integrity of the pending criminal prosecution. While monitors for the visual exhibits could be turned away from the gallery, that solution would not be feasible for the third exhibit, which contains audio. Moreover, Chief Oates would not be able to describe the exhibits, what they mean, or their bearing on the claims in this case if that testimony were public. Nor can the Court prohibit the media from reporting what it hears or observes *See New York Times Co. v. United States*, 403 U.S. 713 (1971).

    17.    <u>Level of restriction sought</u>: The Governor requests that Chief Oates' testimony pertaining to the Aurora theater shooting, along with the associated exhibits, be subject to Level 1 restriction pursuant to D.C.Colo.LCivR 7.2(b).

    WHEREFORE, the Governor respectfully requests that this Court issue an order closing the courtroom during the portions of Chief Oates' testimony that pertain to the Aurora theater shooting, and placing the associated exhibits under a Level 1 restriction.[1]

                              JOHN W. SUTHERS
                              Attorney General

                              s/ *Matthew D. Grove*

---

[1] In the "Special Issues" section of the draft final pretrial order (Doc. 119-0), the Governor indicated that he might also seek closure of the courtroom for portions of the testimony of Reading, Connecticut Chief of Police Douglas Fuchs that concerned the Newtown shooting. After additional consideration, the Governor hereby informs the Court that he will not seek closure of the courtroom for any of Chief Fuchs' testimony.

6

KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE *
Assistant Attorney General
STEPHANIE SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General
Attorneys for Governor John W.
  Hickenlooper
*Counsel of Record
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000

7

## CERTIFICATE OF SERVICE

       I hereby certify that on February 14, 2014 I served a true and complete copy of the foregoing MOTION FOR CLOSURE OF COURTROOM DURING PORTIONS OF TESTIMONY BY AURORA POLICE CHIEF DANIEL OATES upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                                  *s/ Kathleen Spalding*

8