| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br>7325 S Potomac Street<br>Centennial, Colorado 80112 | ♦ COURT USE ONLY ♦ |
|---|---|
| Plaintiff: **People of the State of Colorado**<br><br>v.<br><br>Defendant: **James Holmes** | Case No. 12CR1522<br><br>Division: **201** |
| **ORDER RE MOTION TO LIMIT PRE-TRIAL PUBLICITY (D-2)** | |

This matter comes before the Court on Defendant's Motion to Limit Pretrial Publicity. The Court has reviewed Defendant's Motion and the applicable authorities. Having heard argument from the parties, the Court FINDS and ORDERS as follows:

Defendant has sought an Order restricting pretrial publicity. Defendant's case has already received attention from the media. The case is likely to continue to generate media attention. In light of such anticipated publicity and the difficulty in anticipating all possible scenarios, this Order is meant to provide guidelines to all involved in this case.

Counsel involved in this matter will no doubt conduct themselves in a professional way. However, the nature of this case and the pretrial publicity that has already occurred, together with the anticipated publicity from the trial, demonstrate the need for Court intervention to guide the conduct of counsel and those associated with them to avoid lowering the level of advocacy in this case.

When lawyers quarrel with each other, the arguments sometimes tend to become acrimonious. Disputes of this type divert time, energy and resources from the primary task of preparing for trial to determine the provability of charges. The public spectacle of a quarrel among attorneys over allegations of ethical improprieties would greatly reduce the public's confidence in the adjudicative process. The news coverage of the proceedings would focus on personalities of the advocates and deflect attention from their advocacy of important legal and factual issues which will determine the outcome of this case.

Without suggesting that there have been any violations of general ethical principles, it is necessary for the Court to articulate the following to be followed in this litigation in the form of this Order for future guidance in all forms of extrajudicial statements about this litigation.

Colorado Rules of Professional Conduct 3.6 and 3.8 provide the basis for this Order.

EXHIBIT A

**I. Extrajudicial Statements by Attorneys:**

    A.    Any lawyer, law firm or legal representative (investigators of any firm) associated with the prosecution or defense participating in or associated with the investigation or litigation of this criminal matter shall not, from the filing of a complaint, information or indictment, the issuance of an arrest warrant or arrest, until the commencement of the trial or disposition without trial, make or participate in making an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication and that does more than state, without elaboration:

    (1) The claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved;

    (2) Information contained in the public record;

    (3) That an investigation of a matter is in progress;

    (4) The scheduling or result of any step in litigation;

    (5) A request for assistance in obtaining evidence and information necessary thereto;

    (6) A warning of danger considering the behavior of a person involved, when there is reason to believe there exists the likelihood of substantial harm to an individual or to the public interest;

    (7) The identity, residence, occupation, and family status of the accused;

    (8) If the accused has not been apprehended, information to aid in apprehension of that person; and

    (9) The facts, time and place of an arrest as well as the identity of the investigating and arresting officers or agencies and the length of the investigation.

    B.    A lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

    C.    No lawyer associated in a firm or government agency with a lawyer subject to Section I (A) above shall make a statement prohibited by Section I (A) (1)-(9).

    D.    Any lawyer, law firm or legal representative (investigators of any firm) associated with the prosecution or defense participating in or associated with the investigation or litigation of this criminal matter shall not, from the filing of a complaint, information or indictment, the issuance of an arrest warrant or arrest, until the commencement of the trial or disposition without trial, make or participate in making an extrajudicial statement that a reasonable person would

expect to be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter and that relates to:

    (1) The character, credibility, reputation, or criminal record of a party, suspect in a criminal investigation or witness, or identity of a witness, or the expected testimony of a party or witness;

    (2) In a criminal case or proceeding that could result in incarceration, the possibility of a plea of guilty to the offense or the existence or contents of any confession, admission, or statement given by a defendant or suspect or that person's refusal or failure to make a statement;

    (3) The performance or results of any examination or test or the refusal or failure of a person to submit to an examination or test, or the identity or nature of physical evidence expected to be presented;

    (4) Any opinion as to the guilt or innocence of a defendant or suspect in a criminal case or proceeding that could result in incarceration;

    (5) Information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial; or

    (6) The fact that a defendant has been charged with a crime, unless there is included therein a statement explaining that the charge is merely an accusation and that the defendant is presumed innocent until and unless proven guilty.

    E.    During the selection of a jury or trial of this criminal matter, any lawyer or law firm associated with the prosecution or defense of this criminal matter shall not make or participate in making an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication and that relates to the trial, parties or issues in the trial or other matters that are reasonably likely to interfere with a fair trial, except that he may quote from or refer without comment to public records of the Court in this case.

    F.    Any lawyer or law firm associated with the prosecution or defense of this criminal matter shall exercise reasonable care to prevent his or her employees and associates from making an extrajudicial statement that he or she would be prohibited from making under this Order.

## II. Releases of Information by Law Enforcement Agencies:

    A.    From the date of this Order until the completion of the trial or disposition without trial, law enforcement officers shall not release or authorize the release of any extrajudicial statement for dissemination by means of public communication, if the law enforcement officers know or reasonably should know that it will have a substantial likelihood of prejudicing a criminal proceeding.  Law enforcement officers and agencies are subject to the same restrictions as set forth above for attorneys in Section I regarding extrajudicial statements.

B. Law enforcement officers and agencies shall not exercise their custodial authority over an accused individual in a manner that is likely to result in either:

(1) The deliberate exposure of a person in custody for the purpose of photographing or televising by representatives of the news media; or

(2) The interviewing by representatives of the news media of a person in custody except upon request or consent by that person to an interview after being informed adequately of the right to consult with counsel and of the right to refuse to grant an interview.

C. Nothing in this Order is intended to preclude any law enforcement officer or agency from replying to charges of misconduct that are publicly made against him or her from participating in any legislative, administrative, or investigative hearing.

### III. Disclosure by Court Personnel:

Court personnel shall not disclose, to any unauthorized person, information relating to this pending criminal case that is not a matter of public records of the Court and that may be prejudicial to the right of the People or the Defendant to a fair trial.

### IV. Applicability:

Attorneys of record will be served a copy of this Order and this will constitute service upon the District Attorney's Office and the Public Defender's Office. The Court Orders the District Attorney's Office to comply with Colorado Rule of Professional Conduct 3.8(f) in exercising reasonable care to ensure all applicable law enforcement agencies including Aurora Police Department, Arapahoe County Sheriff's Department, Colorado Bureau of Investigation, Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives all receive prompt notice of this Order and comply with this Order accordingly.

DATED this 23rd day of July, 2012.

_____
WILLIAM BLAIR SYLVESTER
DISTRICT COURT JUDGE

I certify that on _____ (date), I hand delivered this Order to the following:
☐Petitioner ☐Prosecuting Attorney ☐Defendant
☐Other: _____

_____
CLERK