REDACTED

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac Street<br>Centennial, Colorado 80112 | |
| **PEOPLE OF THE STATE OF COLORADO**<br><br>**v.**<br><br>**JAMES EAGAN HOLMES**<br>**Defendant** | △**COURT USE ONLY** △<br><br>Case No: **12CR1522**<br><br>Div.: **201** |

## ORDER REGARDING CERTAIN VICTIMS' MOTION FOR EXTENSION OF EXISTING ORDER SEALING CERTAIN EXHIBITS TO THOSE VICTIMS AND FOR RELEASE OF EXHIBITS TO VICTIMS UNDER THAT ORDER (C-68-A)

### INTRODUCTION

This matter comes before the Court on the motion filed by some of the victims of the July 20, 2012 shooting who are pursuing a civil action against the landowners of the Century 16 Theatres ("Century") in the United States District Court for the District of Colorado.[1] In Motion C-68, the victims ask the Court to grant them access to the exhibits admitted during the preliminary hearing, which was held in January of this year. The motion does not seek to vacate any orders suppressing the preliminary hearing exhibits. Instead, it urges the Court to modify

---

[1] These victims are identified as Brandon Axelrod, Joshua Nowlan, Denise Traynom, Jerri Jackson, Gregory Medek, Rena Medek, Theresa Hoover, Lynn Johnson, Machael Sweeney, Malik Sweeney, Chichi Spruel, Derick Spruel, Munirih Gravelly, and Ashley Moser. For purposes of this Order, the Court refers to these specified victims as "the victims."

EXHIBIT B

the "Gag Order" to allow them, and their designated counsel and consulting experts, to obtain copies of those exhibits.[2]   For the reasons articulated in this Order, the motion is denied.

## PROCEDURAL HISTORY

At the outset of this case, the Court suppressed all orders, search warrants, affidavits in support of search warrants, and the case file. *See* Order P-1. Over the ensuing months, however, the Court gradually unsealed or unsuppressed documents as required or permitted by Colorado case law and the Colorado Criminal Justice Records Act ("CCJRA"), section 24-72-301, C.R.S. (2013), *et. seq. See* Order C-4c (ruling that the register of actions and specified pleadings and orders should be unsuppressed); Amended Order C-12 (ruling that the court file should be unsuppressed with certain exceptions and subject to redaction by the parties); Order C-13 (ruling that the names of victims should be unredacted from the complaint and pleadings); Order C-24 (ruling that the affidavits of probable cause in support of all search and arrest warrants and any requests seeking the production of records be unsealed and released).   On November 22, the Court denied the defendant's motion to suppress all transcripts of the proceedings, as

---

[2] The Court has issued several orders related to the suppression of the court file, pretrial publicity, and extrajudicial statements by the parties and law enforcement. *See* Order D-2; Order D-2a; Order C-4; Order C-4c; Order D-10; Order C-12; Order C-13; Order C-24. It is unclear which of these Orders the victims view as the "Gag Order." But that is inconsequential to their motion, as they do not seek relief from any particular order; rather, they seek access to certain suppressed records that would otherwise be accessible only to the parties and the Court's staff.

2

well as the register of actions, and declined to remove the case from the Court's website. *See* Order D-180-A.

Despite, or perhaps because of, the numerous motions and orders addressing the ability of the public and the media to access various portions of the court record, confusion persists regarding the status of the record. Accordingly, the Court believes that some clarification is in order.

In Amended Order C-12, the Court ruled that, with certain exceptions, any documents that had previously been suppressed should be released to the public and the media subject to appropriate redactions by the parties. Further, the Court declared that any future documents submitted by the parties would be placed in the public file and would "be presumed released to the public and the media." *Id*. at p. 3. However, the Court allowed the parties to shield information from the public and the media by submitting redacted copies of any pleadings and other filings for the public file. *Id*. Additionally, based on "unusual circumstances," a party may seek suppression of an entire filing by: (1) "stamping or writing 'SUPPRESSED' at the top of both the original and the redacted version of the pleading;" and (2) stating the grounds in support of the request to suppress. *Id*. If the Court grants a request to suppress a filing, the filing is not included in the public file, although the register of actions still reflects the filing.

In addition to determining which filings should be suppressed, the Court decides on a case-by-case basis which documents shall be displayed on the Court's website. Generally speaking, the Court posts copies of all pleadings and other filings that have not been suppressed on the website. If a pleading or filing has been redacted, only the redacted version is posted on the website. The updated register of actions is also posted at the end of each week.[3]

Transcripts of public proceedings are available to the public and the media through the proper administrative procedures, with the exception of transcripts of bench conferences and *in camera* hearings, which are suppressed. *See* Order D-180-A at pp. 6-8; Order C-72 at p. 2. With respect to exhibits presented during court proceedings, on October 23, the Court suppressed any exhibits admitted during the noncapital motions hearings which had not previously been released to the public and the media. *See* October 23, 2013 Minute Order. However, the Court has not previously determined whether the exhibits from the preliminary hearing are suppressed or available to the public and the media. The Court addresses the question now.

## ANALYSIS

The victims argue that allowing them access to the preliminary hearing exhibits at this juncture in the proceedings will not jeopardize the defendant's right

---

[3] The Court makes redactions to the register of actions when appropriate.

to a fair trial.   Motion at pp. 2-3.   The victims correctly point out that the preliminary hearing was open to the public, the exhibits in question were presented during that hearing, and the contents of some of those exhibits were included in media reports.   *Id*. at p. 3.   Therefore, assert the victims, "any chance that [the] [d]efendant's right to a fair trial would be somehow tainted [has] already occurred" and will not be "further increase[d]."   *Id*.   The victims also argue that their right to be present for and informed of all critical stages of the criminal justice process under the Victims' Rights Act ("VRA"), section 24-4.1-301 C.R.S. (2013) *et. seq.*, is implicated if they are denied access to exhibits introduced during a "critical stage" of the proceedings.   *Id*. at pp. 3-4.   Lastly, the victims contend that "they stand in a unique situation to [the] other victims" because they have filed a civil lawsuit connected with this case and have certain rights to conduct discovery in that matter, and "their inability to access certain important information that has been [suppressed] by this Court's previous Order may interfere with their pursuit of that action."   *Id*. at p. 4.

The defendant and the People object to the victims' motion.[4]   The defendant contends that neither the VRA nor any other authority grants victims the right to intervene in a criminal case in order to access suppressed evidence and documents

---

[4] Century also responded to Motion C-68.   Century takes no position on the victims' requests, but asks that, to the extent the Court grants the relief requested, the Court should also include Century in any disclosure of criminal records or in any extension or modification of the "Gag Order."   Century's Response at p. 2.

that may be of assistance in a pending civil lawsuit. Defendant's Response at pp. 1-2. The People maintain that, as relevant here, they and the Court have already complied with the VRA by allowing the victims and their legal representatives to be present at the preliminary hearing. People's Response at p. 2. The People express concern that, in order for all of the named victims in this case to be treated with fairness and respect, if the Court grants Motion C-68, "all of the victims in this case should be granted the same access to the preliminary hearing materials as the [moving] victims.'" *Id.* The People believe that it will be difficult "to protect the integrity of the prosecution . . . if such a large number of people are provided with copies of the preliminary hearing materials in advance of the trial." *Id.*

### A.    The CCJRA

Due to the nature of the request advanced by the victims, as non-parties, the proper analysis is under the CCJRA.[5] Under the CCJRA, exhibits qualify as criminal justice records. *See* § 24-72-302(4), C.R.S. (2013) (defining "[c]riminal justice records" as including "books, papers, cards, photographs, tapes, recordings, or other documentary materials . . . that are made, maintained, or kept by any

---

[5] The victims do not respond to the defendant's argument that their motion is, in fact, an attempt to impermissibly intervene in a criminal prosecution. *See generally* Reply. In *People v. Ham*, 734 P.2d 623, 625 (Colo. 1987), the Colorado Supreme Court stated that "[i]ntervention is a procedural device whereby an outsider or stranger to litigation may enter the case as a party for the purpose of presenting a claim or defense." Because the victims are not attempting to enter the case as parties for the purpose of presenting a claim or defense, the Court need not address the defendant's intervention argument.

criminal justice agency"). Because exhibits are not records of official actions under the CCJRA, they are subject to discretionary disclosure by their custodian. *See* § 24-72-304(1), C.R.S. (2013). When determining whether documents subject to discretionary disclosure should be released, custodians of criminal justice records conduct a balancing test, "taking into account relevant public and private interests." *Harris v. Denver Post Corp.*, 123 P.3d 1166, 1170 (Colo. 2005).

The Court disagrees with the victims that giving them "special status" to access exhibits in this case would not pose a threat to the investigation or the Court's ability to hold a fair trial. It is true that some of the exhibits requested were displayed at the preliminary hearing and, as a result, members of the public and the media were able to view them. However, certain exhibits were not displayed at all or were only briefly displayed. Unlike previous situations where the Court found that it would be futile to redact or suppress information already made public, suppression of exhibits never or only briefly displayed in public serves the purposes of preserving the integrity of this litigation and protecting the defendant's right to a fair trial.[6] Such suppression is also consistent with the suppression of exhibits admitted during the noncapital motions hearings.

---

[6] Other courts have recognized that the public does not have a right to access courtroom exhibits; rather, the decision whether to disclose courtroom exhibits to the public is left to the discretion of the trial court. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982) ("Although the right of access to criminal trials is of constitutional stature, it is not absolute"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 428, 434 (5th Cir. 1981) ("the Constitution grants neither press nor public the right to physical access to courtroom

The Court finds that the People's interest in preserving the integrity of the prosecution of this case and the defendant's constitutional right to a fair trial outweigh the victims' interest in receiving copies of the preliminary hearing exhibits to facilitate their civil lawsuit.   The Court understands the victims' position as civil litigants.  However, the reality is that they are unlikely to complete their civil action before the trial in this case.  Indeed, to the extent that the victims believe that the preliminary hearing exhibits are relevant to their civil action, the Court anticipates that some of the evidence that will not be made public until the trial will be just as relevant as those exhibits.  Thus, granting the victims access to the preliminary hearing exhibits at this time would accomplish little.

Moreover, the Court is concerned that granting Motion C-68 would open the proverbial floodgates.  Other nonparties could assert an interest in the preliminary hearing exhibits and other exhibits.  Granting access to all the exhibits to an ever-widening group of nonparties would be unwise, as it would unnecessarily risk compromising the integrity of the proceedings and the defendant's right to a fair trial.

exhibits. . . . good reasons may exist for a trial court, in the exercise of its supervisory power over its own records and files, to deny requested access to courtroom exhibits") (citations and quotations omitted); *State v. Archuleta*, 857 P.2d 234, 242 (Utah 1993) ("We agree with the trial court's statement that there is no history of the public's being 'admitted beyond the bar' to physically handle and copy exhibits, especially at a preliminary hearing.  Nor do we believe that granting such a right would play a significant positive role in the functioning of the process. . . . Therefore, we hold that the First Amendment provides no presumptive right of public access to exhibits used at a preliminary hearing").

### B.    The VRA

The VRA protects the rights of victims of, and witnesses to, crimes. The VRA was enacted "to assure that all victims of and witnesses to crimes are honored and protected by law enforcement agencies, prosecutors, and judges in a manner no less vigorous than the protection afforded criminal defendants." *See* § 24-4.1-301, C.R.S. (2013). The VRA lists a number of rights afforded to victims, including "[t]he right to be informed of and present for all critical stages of the criminal justice process." § 24-4.1-302.5(1)(b). The legislature has deemed the preliminary hearing a "critical stage." § 24-4.1-302(2)(b).

Having the right to be present at all critical stages of the criminal justice process, including the preliminary hearing, is distinct from having access to exhibits for purposes of pursuing a civil claim. Nothing in the VRA suggests that victims are entitled to criminal court exhibits before the trial has actually taken place in order to litigate a civil lawsuit. To hold otherwise would be to bootstrap the VRA into the civil arena in order to obtain discovery not otherwise available. As relevant here, the Court agrees with the People that both the Court and the People have complied with the requirements of the VRA by allowing the victims and their legal representatives to be present at the preliminary hearing, listen to the testimony, and view any published exhibits at that time.

The victims' contention, that their rights under the VRA should not be limited or abridged "simply to accommodate a procedural issue," is unpersuasive. First, as indicated, there is no right to copy exhibits under the VRA. Second, the Court does not deny the victims access to the preliminary hearing exhibits merely to accommodate a procedural issue. Rather, the Court does so because it is concerned that such access will affect the integrity of this litigation and the defendant's constitutional right to a fair trial. The Court cannot think of more significant substantive interests.

## CONCLUSION

For all the foregoing reasons, Motion C-68 is denied. The preliminary hearing exhibits are suppressed and are not accessible to the victims at this time.

Dated this 4th day of December of 2013.

BY THE COURT:

Carlos A. Samour, Jr.
District Court Judge

10

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2013, a true and correct copy of the Court's **Order Regarding Certain Victims' Motion for Extension of Existing Order Sealing Certain Exhibits to Those Victims and for Release of Exhibits to Victims Under That Order (C-68-A)** was served upon the following parties of record:

Karen Pearson
Amy Jorgenson
Rich Orman
Dan Zook
Jacob Edson
Lisa Teesch-Maguire
George Brauchler
Arapahoe County District Attorney's Office
6450 S. Revere Parkway
Centennial, CO  80111-6492
(via email)

Sherilyn Koslosky
Rhonda Crandall
Daniel King
Tamara Brady
Kristen Nelson
Colorado State Public Defender's Office
1290 S. Broadway, Suite 900
Denver, CO  80203
(via email)

Christina M. Habas
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
(via email)

Thomas G. Tasker
Hillyard, Wahlberg, Kudla, Sloane, and Woodruff, LLP
4601 DTC Blvd., Suite 950
Denver, CO 80237
(via email)

Kevin S. Taylor
Taylor Anderson LLP
1331 Seventeenth Street, Suite 1050
Denver, CO 80202
(via email)