IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, *et al.*,

Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

Defendant.

---

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE DEPOSITION EXCERPT OF SHAYNE HEAP AS AN EXHIBIT, UNDER LEVEL 1 RESTRICTION

---

1. This Motion requests permission to file three pages of deposition of plaintiffs' witness Shayne Heap as a trial Exhibit, subject to level 1 restriction.

2. Pursuant to D.C.COLO.LCivR 7.1(a), Counsel has conferred with the Office of the Attorney General regarding this matter. The Attorney General does not oppose this Motion. The Attorney General has agreed to waive cross-examination of Mr. Heap concerning the statements which are the subject of

1

this motion. The parties agree that the filing of a restricted exhibit is

preferable to closing the courtroom during a portion of Mr. Heap's testimony.

3. Mr. Heap was deposed on October 16, 2013. Pursuant to the stipulated

confidential order in this case (#50), a portion of that deposition was marked

confidential.

4. Mr. Heap and his family have received a specific threat. That specific threat

is detailed in document #106, at pages 24-25. This document reprints pages

60-62 of the Heap deposition.

5. Document #106 was filed on December 11, 2013, as Exhibit A to the proposed

Third Amended Complaint. It was accompanied by a Motion to Restrict,

Level 1. On December 19, this Court instructed Plaintiffs to file a Fourth

Amended Complaint, with no exhibits; the Fourth Amended Complaint was

filed on December 23, 2013.

6. Plaintiffs call attention to #106 simply so that the Court may examine the

particular contents of what would become a trial exhibit.

7. Under D.C.Colo.LCivR 7.2(c), a motion to restrict public access must

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the

presumption of public access (stipulations between the parties or stipulated

protective orders with regard to discovery, alone, are insufficient to justify

restriction);

(3) identify a clearly defined and serious injury that would result if access is

not restricted;

(4) explain why no alternative to restriction is practicable or why only

restriction will adequately protect the interest in question (e.g., redaction,

summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

8.  For item (1), the document for which restriction is sought an excerpt

    containing pages 60-62 of Mr. Heap's deposition testimony.

9.  For item (2), the interest to be protected is the lives of Mr. Heap and his

    family. The general public interest that exhibits in a case be public is

    significant.  However, this interest is only slightly impaired by use of a

    confidential written presentation of information regarding a very particular

    safety issue which one witness faces. The general interest in public testimony

    is outweighed by the specific, identifiable, mortal danger.

10. For item (3), public testimony about the matter by Mr. Heap would create an

    unacceptably heightened risk of danger to Mr. Heap and his family. The

    person who made the threat—who may well be mentally unstable—could

    react to publicity about the threat by attempting to carry it out. Further, in

    light of the particular subject-matter of the threat, there is a risk that other

    individuals who are mentally disordered, or who simply have violent

    inclinations, might treat the details of the threat as reason to make similar

threats or to take violent action against Mr. Heap and his family. There is also a risk that such dangerous persons might instead make threats or take violent action against other persons under the same purported rationale as was used against Mr. Heap and his family.

11. Regarding item (4), a restricted exhibit is a less restrictive alternative to closure of the courtroom during witness testimony.

12. Finally, for item (5), the restriction level sought is Level 1.

13. Therefore, plaintiffs ask leave of this Court to file pages 60-62 of Mr. Heap's October 12, 2013, as a restricted exhibit, Level 1.Respectfully submitted, this 14th day of February, 2014.

s/David B. Kopel
INDEPENDENCE INSTITUTE
727 E. 16th Avenue
Denver, CO 80203
Phone: (303) 279-6536
Fax: (303) 279-4176
david@i2i.org

ATTORNEY FOR JOHN B. COOKE, KEN PUTNAM, JAMES FAULL, LARRY KUNTZ, FRED JOBE, DONALD KRUEGER, STAN HILKEY, DAVE STONG, PETER GONZALEZ; SUE KURTZ, DOUGLAS N. DARR, AND DAVID STRUMILLO

s/Richard A. Westfall
Richard A. Westfall
Peter J. Krumholz
HALE WESTFALL LLP

1445 Market Street, Suite 300
Denver, CO 80202
Phone: (720) 904-6022
Fax: (720) 904-6020
rwestfall@halewestfall.com

**ATTORNEYS FOR DISABLED CITIZENS, OUTDOOR BUDDIES, INC., THE COLORADO OUTFITTERS ASSOCIATION, COLORADO FARM BUREAU, WOMEN FOR CONCEALED CARRY, AND COLORADO YOUTH OUTDOORS**

s/Marc. F. Colin
Marc F. Colin
BRUNO COLIN JEWELL & LOWE PC
1999 Broadway, Suite 3100
Denver, CO 80202-5731
Phone: (303) 831-1099
Fax: (303) 831-1088
mcolin@bcjlpc.com

**ATTORNEY FOR LICENSED FIREARMS DEALERS**

s/Anthony J. Fabian
Anthony J. Fabian
LAW OFFICES OF ANTHONY J. FABIAN PC
501 Wilcox Street, Suite C
Castle Rock, CO 80104
Phone: (303) 663-9339
Fax: (303) 713-0785
fabianlaw@qwestoffice.net

**ATTORNEY FOR COLORADO STATE SHOOTING ASSOCIATION AND HAMILTON FAMILY ENTERPRISES, INC. d/b/a FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK**

s/Douglas L. Abbott

Jonathan M. Anderson
Douglas L. Abbott
Holland & Hart LLP
Post Office Box 8749
Denver, CO 80201-8749
Phone: (303) 295-8566
Fax: (303) 672-6508
jmanderson@hollandhart.com

**ATTORNEYS FOR MAGPUL INDUSTRIES AND THE
NATIONAL SHOOTING SPORTS FOUNDATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on Feb. 14, 2014, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| Richard Westfall | rwestfall@halewestfall.com |
| Peter Krumholz | PKrumholz@halewestfall.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| Matthew Grove | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | Stephanie.Scoville@state.co.us |
| John Lee | jtlee@state.co.us |

/s/David B. Kopel

_____