IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

**DEFENDANT'S MOTION IN LIMINE
OR IN THE ALTERNATIVE
FORTHWITH MOTION FOR BIFURCATION AND CONTINUANCE WITH
RESPECT TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF**

Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, hereby moves to exclude evidence and argument related to the newly asserted claim contained at footnote 5 and pages 18-20 of the Plaintiffs' Trial Brief (Doc. 136). This claim asserts that "HB 1229 violates the Second Amendment rights of 18- to 20-year-olds by prohibiting them from acquiring handguns." *Id.* at 18. This argument was not raised in any of the five versions of Plaintiffs' complaint, at any point during discovery, or in the final pretrial order. As explained below, allowing Plaintiffs to raise it at the eleventh hour as part of their trial brief would substantially prejudice the Governor and would be contrary to the interests of justice.

1

1.      *Duty to confer*:  Undersigned counsel has conferred with counsel for Plaintiffs concerning this motion. Plaintiffs indicate that they oppose the relief requested herein.

2.      Plaintiffs' fifth claim for relief asserts that § 18-12-112, which expands background check requirements for firearms transfers, violates the Second Amendment because: a) its exceptions for loans and other temporary transfers are allegedly too limited (Doc. 116, ¶¶ 195-97); and b) the fee cap for private transfers will make it "impossible, or nearly so, to comply with HB 1229's requirement to obtain the services of an FFL." *Id.* at ¶ 198.

3.      This claim has remained virtually unchanged throughout this litigation, including in each of the Plaintiffs' five different complaints.  *See* Doc. 1, ¶¶ 246-251; Doc. 22, ¶¶ 253-259; Doc. 43, ¶¶ 253-259; Doc. 113, ¶¶ 325-331; Doc. 116, ¶¶ 192-199.

4.      Plaintiffs' description of their fifth claim for relief in the Final Pretrial Order is consistent with the articulation contained in each of their five complaints. Plaintiffs stated that they would carry their burden by showing: "(1) evidence that Section 18-12-112 severely restricts the temporary transfer of all firearms…; (2) evidence that Section 18-12-112 has caused many federal licensed firearms dealers to refuse to conduct background checks, which results in law-abiding citizens being unable to privately sell, purchase, or temporarily transfer firearms[.]" Doc. 119 at 15.

2

5. In their Trial Brief, Plaintiffs have attempted to raise an entirely new claim: that "HB 1229 violates the Second Amendment rights of 18- to 20-year-olds by prohibiting them from acquiring handguns" due to the Bureau of Alcohol, Tobacco, Firearms, and Explosives' interpretation of 18 U.S.C. § 922(b). *Id.* at 18. Because the Plaintiffs have never before raised this argument in any form, including in the complaint or in the final pretrial order, this Court should decline to consider it, and should preclude Plaintiffs from offering evidence or argument at trial to support it.

6. The pretrial order "measures the dimensions of the lawsuit." *Hullman v. Board of Trustees*, 950 F.2d 665, 668 (10th Cir. 1991). It "control[s] the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice." Doc. 119.

7. "Since the whole purpose of Rule 16 is to clarify the real nature of the dispute at issue, attorneys at a pre-trial conference must make a full and fair disclosure of their views as to what the real issues of the trial will be." *Rios v. Bigler,* 67 F.3d 1543, 1549 (10th Cir. 1995) (internal citation and quotation omitted). Full and fair disclosure is critical "[b]ecause the parties rely on the pretrial conference to inform them precisely what is in controversy," and because the order "establishes the issues to be considered at trial." *Gorlikowksi v. Tolbert,* 52 F.3d 1439, 1443 (7th Cir. 1995).

8. As such, "[t]he final pretrial order should state claims specifically and clearly in order to inform the parties and the court what issues remain for trial," *BP Amoco Chem. Co. v. Flint Hills Res., LLC,* 697 F.Supp.2d. 1001, 1040 (N.D. Ill. 2010), and an issue that is not included in the pretrial order is "not part of the case before the district court." *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998). "The district court has discretion to exclude from trial issues and claims not set forth in the pretrial order." *Id., citing Hullman v. Bd. of Trustees,* 950 F.2d 665, 668 (10th Cir. 1991).

9. Plaintiffs may counter by arguing that their new claim is simply another way of asserting that § 18-12-112 violates the Second Amendment. But they cannot evade their obligation of full and fair disclosure by adding, at the eleventh hour, an entirely new theory of relief to a preexisting claim. To the contrary, "'all the circuits that have reached this issue agree that a trial court may properly exclude evidence ***or theories*** not raised in a pretrial order absent an abuse of discretion.'" *Rios,* 67 F.3d at 1549, *quoting Gorlikowksi* 52 F.3d at 1444 (emphasis added).

10. At a minimum, Plaintiffs' argument is a new "theory," one that has never been previously identified in this litigation. Nor would it be enough to argue that Plaintiffs' new assertions about 18-20 year-olds are simply part of their "overarching claims" related to § 18-12-112. *Rios*, 67 F.3d at 1549. They have never previously been identified, and as the Tenth Circuit stated in *Rios*, broad, "plain

4

vanilla" assertions of injury do not suffice to alert a defendant of the plaintiffs' "specific theor[ies]." *Id.*

11. Moreover, even if Plaintiffs had asserted it in any version of their complaint, the omission of Plaintiffs' new theory from the final pretrial order would itself operate to waive this claim for the purposes of trial. *See Long v. City of Leawood, Kansas*, 6 F.Supp.2d 1249, 1252 n.3 (D. Kan. 1998) (omission of entire theory from pretrial order constitutes waiver even where it was asserted in complaint). But Plaintiffs did not simply omit their argument about the effect of § 18-12-112 on 18-21 year-olds from the Final Pretrial Order. To the contrary, they have never asserted it at all until filing their Trial Brief a mere two weeks before the date of trial. This is not just a question of waiver. It is more importantly a question of fair notice and due process to the defense. *Cf. Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002) (assertion for the first time in the pretrial order of "claims or defenses not contained in the pleadings…deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice"); *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1314 (11th Cir. 2004) (liberal pleading standard "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage");

12. Plaintiffs' failure to announce their new argument until two weeks before trial has deprived the Governor of fair notice of the need to defend it. This lack of notice is substantially prejudicial to the defense, particularly in light of the

5

factually intensive review that would be associated with ruling on such a challenge under the Second Amendment. For example, in *NRA v. BATFE,* 700 F.3d 185 (5th Cir. 2012), the Fifth Circuit Court of Appeals considered a related challenge to § 18 U.S.C. § 922(b)(1), which prohibits federal firearms licensees from transferring a handgun to an individual who is under 21 years of age. In a lengthy opinion that ultimately upheld the regulation, the court "summarized *considerable evidence* that burdening the conduct at issue – the ability of 18- to 20- year-olds to purchase handguns from FFLs – is consistent with a longstanding, historical tradition, which suggests that the conduct at issue falls outside the Second Amendment." *Id.* at 203 (emphasis added). The court proceeded to apply intermediate scrutiny "in an abundance of caution," where it thoroughly analyzed the Congressional record, official reports, and detailed statistical data (much of which was outside of the legislative history) to conclude that there was a reasonable fit between the challenged statute and Congress' goal of reducing "violent crime associated with the trafficking of handguns from FFLs to young adults." *Id.* at 211.

13. In order to effectively respond to Plaintiffs' new claim in this case, the defense would need to marshal similar evidence, potentially including expert historians, statisticians, and gun policy researchers. While it is impossible to forecast the contours of a defense against such a new claim at this early stage, an expert historian would likely be needed to opine on the history of the federal statute (18 U.S.C. § 922) implicated by Plaintiffs' claim. A statistician would likely be needed to analyze firearm violence trends among individuals in the allegedly

6

affected age range in order to demonstrate the government's public safety interest. A gun policy researcher would provide evidence as to the likely impact of such a policy on a statewide basis. Because BATFE's interpretation of the relevant federal statute is central to the validity of Plaintiff's claim, that agency would likely need to be joined as a co-defendant.

14. And, of course, the strength of Plaintiffs' claims would need to be tested in discovery. Among other things, Plaintiffs' complete omission of their new theory from any version of their complaint raises serious questions about their standing under Article III. But discovery closed months ago, expert opinions have already been disclosed and challenged under Fed. R. Civ. P. 702, and trial is just over a week away. It is far too late to add new claims now. Plaintiffs' attempt to do so violates their responsibility to make at the final pretrial conference "a full and fair disclosure of their views as to what the real issues of the trial will be." *Rios* 67 F.3d at 1549.

15. Accordingly, the Governor respectfully requests that this Court preclude Plaintiffs from introducing evidence or presenting argument pertaining to their new claim that § 18-12-112 violates the Second Amendment by operating as a *de facto* ban on the acquisition of handguns by 18-20 year-olds.

16. In the alternative, if this Court determines that Plaintiffs should be permitted to raise their new claim, it should bifurcate the proceedings by severing the Plaintiffs' fifth claim for relief from the remainder of the issues in the Fourth Amended Complaint and proceeding to trial on the remaining claims. *See* Fed. R.

Civ. P. 16(b)(1) (permitting amendments to the pleadings to conform to the evidence, but providing that "[t]he court may grant a continuance to enable the objecting party to meet the evidence").

17.     In the event that the Court were to entertain Plaintiffs' new claim, severing the fifth claim for relief and bifurcating the proceedings would be the only fair way to proceed and keep the scheduled trial date of March 31, 2014. Bifurcation would enable a proper vetting of the legal and factual questions raised by Plaintiffs' new claim. Any assertions of prejudice on the part of Plaintiffs should be disregarded, because the delay would be entirely attributable to Plaintiffs' own tardiness in advancing their new theory.

18.     If the fifth claim for relief is severed, the Defendant respectfully requests that the Court fully reopen discovery in order to permit depositions, the identification of new expert witnesses, and dispositive motions with respect to Plaintiffs' standing to assert their new claim as well the merits of their argument. Because the correct interpretation and application of 18 U.S.C. § 922(2)(b) would be central to such a claim, the Defendant may also seek leave to join the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives as a defendant pursuant to Fed. R. Civ. P. 19(a).

WHEREFORE, the Governor respectfully requests that this Court preclude the Plaintiffs from offering evidence or argument in support of their newly asserted claim related to the effect of § 18-12-112 on 18-20 year-olds. In the alternative, the Governor respectfully requests that the Plaintiffs' fifth claim for relief be severed

8

from the remainder of the Fourth Amended Complaint, and that the Court issue an order reopening discovery, permitting joinder of additional necessary parties, and allowing for the submission of dispositive motions in due course following the conclusion of the trial on the remaining issues.

Respectfully submitted this 19th day of March, 2014.

JOHN W. SUTHERS
Attorney General

s/ *Matthew D. Grove*
KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE *
Assistant Attorney General
STEPHANIE SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General
Attorneys for Governor John W. Hickenlooper
*Counsel of Record
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2014 I served a true and complete copy of the foregoing **FORTHWITH MOTION IN LIMINE OR IN THE ALTERNATIVE MOTION FOR BIFURCATION AND CONTINUANCE WITH RESPECT TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF** upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                             *s/ Matthew D. Grove*