IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-1300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, *et al.*,

    Plaintiffs

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE OR IN THE ALTERNATIVE FORTHWITH MOTION FOR BIFURCATION AND CONTINUANCE WITH RESPECT TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF**

---

Plaintiffs hereby respond to Defendant's Motion in Limine or in the Alternative Forthwith Motion for Bifurcation and Continuance with Respect to Plaintiffs' Fifth Claim for Relief (hereafter, "the Motion").

    **1.**    **Defendant's Motion for Bifurcation and Continuance**

Although counsel for the Defendant represented to this Court that he conferred with Plaintiffs' counsel concerning the Motion, Defendant's counsel did not confer with the undersigned concerning Defendant's proposed motion for bifurcation and continuance. Having had the opportunity now to consider Defendant's suggestion that the issue of HB 1229's de facto prohibition on acquisition of handguns by 18- to 20-year-olds be bifurcated and held in abeyance until the remainder of this case is tried, Plaintiffs are in complete agreement that bifurcation and continuance is the most efficient and sensible approach.

As to Defendant's suggestion, however, that re-opening discovery will be necessary, Plaintiffs disagree. The necessity for discovery can be re-visited later, but it is worth pointing out

that when Plaintiffs submitted discovery to Defendant concerning the issue of 18- to 20-year olds, Defendant refused to provide any substantive response. In any case, the parties presumably can stipulate to the fact that several of the plaintiff organizations, including Colorado State Shooting Association, Outdoor Buddies, Inc., and Colorado Farm Bureau, have members who are between the ages of 18 and 20. That is the only fact necessary for this Court to address the issue of whether HB 1229 violates the Second Amendment rights of 18- to 20-year-old Colorado citizens.

### 2. Motion to Dismiss

Plaintiffs oppose Defendant's motion in limine. As discussed above, Defendant was on notice of this issue in light of Plaintiffs' request for admission submitted to Defendant as follows: "Admit that law-abiding citizens aged 18 and up have the Second Amendment right to purchase handguns." Defendant's response was as follows:

> *Objection*: The Governor objects to Request for Admission No. 2 because it calls for an improper legal conclusion. *See, e.g., NRA of America, Inc. v. Bureau of Alcohol, Tobacco, and Firearms,* 700 F.3d 185 (5th Cir. 2012) (rejecting Second Amendment challenge to federal prohibition on handgun purchases from FFLs by 18-20 year-olds). Requests for admissions seeking legal conclusions are not proper, and a party may not demand that the other party admit the truth of a legal conclusion. *Disability Rights Council v. Wash. Metro Area,* 234 F.R.D. 1, 3 (D.D.C. 2006), *citing Lakehead Pipeline Co. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997); *see also Utley v. Wray,* 2007 U.S. Dist. LEXIS 68413, 2007 WL 2703094 at *3 (D. Kan. Sept. 14, 2007). Declaring the scope and extent of Second Amendment rights calls for a legal conclusion. The request for admission is thus improper and the Governor is not required to answer it.

Defendant's protestation that the issue is not one he or his counsel has ever heard is therefore simply not true.

2

More importantly, Defendant is completely wrong in describing the issue as a "new claim." Plaintiffs' complaint contained the claim that HB 1229 is unconstitutional because it violated the Second Amendment rights of Colorado citizens. The issue of 18- to 20-year-olds being stripped of the ability to acquire a handgun is one legal argument in support of that claim. This is therefore no different from many of the arguments in Defendant's trial brief, which make new legal arguments in support of existing defenses. For example, Defendant argues that the magazine limit in HB 1224 is a "longstanding regulatory requirement," which is not an issue Defendant had ever mentioned before in this case, including in the Pretrial Order.

**Conclusion**

For the foregoing reasons, Plaintiffs agree with Defendant that bifurcation of the 18- to 20-year-old issue can be bifurcated and held in abeyance pending the outcome of the trial that begins on March 31. Defendant's motion in limine, which in any case is without merit, can thus be denied as moot.

Dated this 21st day of March, 2014.

Respectfully submitted,


s/Richard A. Westfall
Richard A. Westfall
Peter J. Krumholz
HALE WESTFALL LLP
1600 Stout Street, Suite 500
Denver, CO 80202
Phone: (720) 904-6010
Fax: (720) 904-6020
rwestfall@halewestfall.com

**ATTORNEYS FOR DISABLED CITIZENS, OUTDOOR BUDDIES, INC. THE COLORADO OUTFITTERS ASSOCIATION, COLORADO FARM BUREAU, AND WOMEN FOR CONCEALED CARRY**

s/David B. Kopel
INDEPENDENCE INSTITUTE
727 E. 16th Avenue
Denver, CO 80203
Phone: (303) 279-6536
Fax: (303) 279-4176
david@i2i.org

**ATTORNEY FOR JOHN B. COOKE, KEN PUTNAM, JAMES FAULL, LARRY KUNTZ, FRED JOBE, DONALD KRUEGER, STAN HILKEY, DAVE STONG, PETER GONZALEZ, SUE KURTZ, DOUGLAS N. DARR, AND DAVID STRUMILLO**


s/Douglas Abbott
Jonathan M. Anderson
Douglas Abbott
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO 80201-8749
Phone: (303) 295-8566
Fax: (303) 672-6508
jmanderson@hollandhart.com


4

**ATTORNEYS FOR MAGPUL INDUSTRIES AND THE NATIONAL SHOOTING SPORTS FOUNDATION**

s/Marc F. Colin
BRUNO COLIN JEWELL & LOWE PC
1999 Broadway, Suite 3100
Denver, CO 80202-5731
Phone: (303) 831-1099
Fax: (303) 831-1088
mcolin@bcjlpc.com

**ATTORNEY FOR LICENSED FIREARMS DEALERS**

s/Anthony J. Fabian
LAW OFFICES OF ANTHONY J. FABIAN PC
510 Wilcox Street, Suite C
Castle Rock, CO 80104
Phone: (303) 663-9339
Fax: (303) 713-0785
fabianlaw@qwestoffice.net

**ATTORNEY FOR COLORADO STATE SHOOTING ASSOCIATION AND HAMILTON FAMILY ENTERPRISES, INC. D/B/A FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2014, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| Matthew Groves | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| David Blake | david.blake@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | stephanie.scoville@state.co.us |
| John Lee | jtlee@state.co.us |
| LeeAnn Morrill | leeann.morrill@state.co.us |

        s/Peter J. Krumholz
        HALE WESTFALL LLP
        1600 Stout Street, Suite 500
        Denver, CO 80202
        Phone: (720) 904-6010
        Fax: (720) 904-6020

6