IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

### DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE OR IN THE ALTERNATIVE FORTHWITH MOTION FOR BIFURCATION AND CONTINUANCE WITH RESPECT TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF

    Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, submits the following reply in support of his motion in limine (Doc. 137).

    1.    At the threshold, Plaintiffs' response (Doc. 136) correctly points out that undersigned counsel's conferral was incomplete. Although the parties did confer with respect to the motion to preclude Plaintiffs' presentation of argument and evidence on their new theory, the alternative relief requested was a later addition and was not brought to the attention of Plaintiffs' counsel before the motion was filed. The undersigned apologizes for the oversight.

    2.    With respect to the motion in limine, Plaintiffs miss the point entirely. The pertinent consideration is not whether a single question tucked away among

the Plaintiffs' voluminous written discovery may have obliquely addressed the new theory that they now raise. Rather, it is whether the Plaintiffs provided fair notice of their intent to raise their new theory anywhere in the final pretrial order.[1] Plaintiffs do not contend that they did so, nor do they even argue that the Governor could have fairly been put on notice of their new theory in any of the five iterations of the complaint. They instead sidestep the issue, thereby tacitly conceding they failed at the pre-trial conference to "make a full and fair disclosure of their views as to what the real issues of the trial will be." *Rios v. Bigler,* 67 F.3d 1543, 1549 (10th Cir. 1995) (internal citation and quotation omitted). They cannot rely on their "plain vanilla" delineation of their position – "that HB 1229 is unconstitutional because it violated the Second Amendment rights of Colorado citizens," Doc. 138 at 3 – as being sufficient to alert the defense of their "specific theor[ies]," particularly when those theories have never previously been articulated and Plaintiffs have failed to even suggest that they have standing to pursue them. *Rios,* 67 F.3d at 1549.

    3.    Nonetheless, to the extent that the Court determines that Plaintiffs adequately raised this claim and permits it to proceed, Plaintiffs' response makes it clear that they *do* oppose the alternative relief requested. Plaintiffs misconstrue the Governor's alternative request as simply proposing a continuance for the

---

[1] Plaintiffs compare their own omission to the fact that the Defendant did not invoke the apparently talismanic phrase "longstanding historical regulation" in his own contribution to the final pretrial order. Even assuming that Plaintiffs and Defendant are similarly situated in this regard, any assertion that Plaintiffs were unaware of this argument is belied by the fact that they directly and thoroughly addressed it in their trial brief. Doc. 136 at 33-35.

purpose of additional stipulations and briefing. As the Governor's motion in limine made clear, Plaintiffs' new theory is not simply a legal question that could be resolved with stipulations about the Plaintiffs' standing.[2] Rather, it would involve a factually intensive inquiry about the relationship between the Second Amendment right and the restrictions on firearms sales set by federal (not state) law. Even assuming that Plaintiffs' assertions about the scope of the Second Amendment right and the meaning of 18 U.S.C. § 922 are correct, facts such as those outlined in the Governor's motion in limine would need to be developed in order to evaluate whether the asserted right: 1) falls within the scope of the Second Amendment's guarantee, and if so; 2) can be restricted consistent with the applicable tier of means-end scrutiny. Because their claim would hinge on the correct interpretation of federal law, the agency in charge of applying and interpreting that law would likely need to be joined as a necessary party.

4. Thus, the Governor's alternative request for bifurcation and a continuance is premised entirely on the need to develop a factual record that will permit the Court to properly evaluate Plaintiffs' new theory of why § 18-12-112 violates the Second Amendment. The Governor's motion makes this clear, but to the extent that it could be construed as simply seeking additional time to consider stipulations and submit legal briefs, the Governor hereby withdraws the request for alternative relief.

---

[2] The fact that Plaintiffs even need to suggest that stipulations would be necessary to establish their standing to assert their new theory demonstrates that it has never before been raised, and that Plaintiffs have never made the showing necessary to establish that it is justiciable.

WHEREFORE, the Governor respectfully requests that the Court proceed to trial on all claims, but preclude Plaintiffs from presenting evidence or argument on their new theory that § 18-12-112 unconstitutionally bars 18-20 year-olds from acquiring handguns.  In the alternative, the Governor respectfully requests that the Court bifurcate the proceedings and reopen discovery in order to permit for evaluation of Plaintiffs' standing and to permit the Governor to marshal the appropriate evidence and ensure the presence of the appropriate parties in order to decide Plaintiffs' new theory on the merits.

Respectfully submitted this 21st day of March, 2014.

JOHN W. SUTHERS
Attorney General

s/ *Matthew D. Grove*
KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE *
Assistant Attorney General
STEPHANIE SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General
Attorneys for Governor John W. Hickenlooper
*Counsel of Record
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000

## CERTIFICATE OF SERVICE

  I hereby certify that on March 21, 2014 I served a true and complete copy of the foregoing **REPLY IN SUPPORT OF MOTION IN LIMINE OR IN THE ALTERNATIVE MOTION FOR BIFURCATION AND CONTINUANCE WITH RESPECT TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF** upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

            *s/ Matthew D. Grove*