IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

---

**GOVERNOR'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATED TO THREE PLAINTIFFS AT TRIAL**

---

Defendant John W. Hickenlooper, in his official capacity as Governor of the State of Colorado ("the Governor"), hereby moves to exclude evidence related to the economic injury allegedly suffered by Plaintiffs Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods in support of their first claim for relief. This claim asserts that C.R.S. § 18-12-301, *et seq*. (2013), violates the Second Amendment rights of corporations or other business entities to sell firearms and accessories. [Doc. 116, ¶ 78). To be sure, the Governor disagrees that the scope of the Second Amendment encompasses such rights and has challenged all of the Federal Firearms Licensees' ("FFLs") standing to maintain this claim. [Doc. 133]. He also intends to challenge any evidence of economic injury offered by the only two

1

FFLs that were disclosed by Plaintiffs' counsel as witnesses for trial – namely, Burrud Arms, Inc. d/b/a Jensen Arms and Rocky Mountain Shooter's Supply.

However, this motion concerns the exclusion of evidence of economic injury allegedly suffered by three FFLs based on an express agreement reached during the discovery phase of this case that they would not testify at trial. Counsel for the Governor relied on this agreement in foregoing to conduct Fed. R. Civ. P. ("Rule") 30(b)(6) depositions of Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods during the discovery period, and instead focused his limited resources on the two FFL Plaintiffs identified as witnesses for trial. Then, for the first time on Wednesday, March 26, 2014 – just four days before trial commenced – counsel for the FFL Plaintiffs informed undersigned counsel that he intended to offer evidence of Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods' alleged economic injury at trial. For the following reasons, the Governor respectfully requests that such evidence be excluded.

1. *Duty to confer*: Undersigned counsel has conferred with counsel for the Federal Firearms Licensee Plaintiffs, Marc Colin, concerning this motion. Mr. Colin indicated that his clients oppose the relief requested herein.

2. On August 23, 2013, the Governor issued his first set of written discovery requests to all nine of the named FFL Plaintiffs in this case. *Exhibit* A.

3. In October and November 2013, the Governor finally received written discovery responses from five of the FFL Plaintiffs, including specifically Green

Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods. *Exhibits* B, C, and D.

4. During October of last year and before any FFL Plaintiff had been deposed, counsel for the FFL Plaintiffs made the following offer to counsel for the Governor:

> ***Email from Marc Colin dated 10-7-13***: I would propose the following. Without waiving the above objections, I will still provide you the responses for Jensen Arms, Rocky Mountain Shooter's Supply and Green Mountain Guns tonight as well as those of Goods for the Woods when I get the last few pieces of information. Recognizing that the responses for Jensen Arms alone will exhaust all of the discovery from the FFLs to which the defendant is entitled, I will nonetheless agree to supplement the responses of all four of these FFLs pursuant to our earlier agreement to the extent that is reasonable and possible. <u>This will provide the defendant with full and complete responses from the two FFL representatives to be called as witnesses at trial</u> as well as responses from two other FFLs. If after reviewing the responses from Burrud and Brough, the defense feels like it needs information from one of the other FFLs (except Second Amendment for the reasons previously disclosed), we can discuss what you feel you need and if we are willing and able to provide it. I think that this is a more than reasonable position in light of the court's recent clarification regarding the defendant's discovery entitlement. Please let me know your thoughts on this after you have had a chance to review what my clients have provided.
> ***Response email from Matt Grove dated 10-16-13:*** I can live with this proposal on the condition that we don't get surprised by evidence offered by FFLs who do not participate in discovery. That would include both trial testimony and any affidavits or other documents submitted in support of or opposition to a dispositive motion. Are you willing to make that commitment?
> ***Reply email from Marc Colin dated 10-16-13:*** No surprises from FFLs. Let[']s chat about your concerns regarding the FFL responses when you have time. You will get unsigned responses from Brough in a few minutes and a signed verification page later today. BURRUD is confirmed for 11/12. Waiting to hear back from Tim[.]

*Exhibit* E (full email exchange) (emphasis added).

5. Counsel for the Governor relied on this agreement in deciding to forego conducting Rule 30(b)(6) depositions of Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods during the discovery period.

6. Instead, the Governor focused his limited resources on obtaining additional discovery from the two FFL Plaintiffs identified as witnesses for trial – Jensen Arms and Rocky Mountain Shooter's Supply. Counsel for the Governor conducted the Rule 30(b)(6) depositions of each of these Plaintiffs on November 12, 2013.

7. On February 20, 2014, this Court approved the parties' joint proposed Final Pretrial Order with accompanying Exhibit and Witness lists. [Docs. 119 and 127]. Notably, the respective party representatives of Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods – Mr. Chapman, Mr. Stehman, and Ms. Gustafson – were not listed as witnesses for trial either in the portion the Final Pretrial Order that summarized Plaintiffs' first claim or on the attached Witness list. [Doc. 119, p. 3-4, and Exhibit B].

8. Then, on Wednesday, March 26, 2014, counsel for the FFL Plaintiffs disclosed for the first time that he intends to offer evidence of the economic injury allegedly suffered by Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods at trial.

9. Federal Rule of Evidence 403 requires that Plaintiffs' eleventh hour attempt to do so to be rejected because it constitutes unfair surprise and will prejudice the Governor's defense of the first claim for relief.

10. Furthermore, Plaintiffs' attempt to do so should also be rejected because it violates the provision of the Final Pretrial Order that sets forth the binding effect of same. [Doc. 119, p. 31]. Indeed, that Order "measures the dimensions of the lawsuit." *Hullman v. Board of Trustees*, 950 F.2d 665, 668 (10th Cir. 1991). And, as it expressly provides in this case, the Final Pretrial Order "control[s] the subsequent course of this action and the trial, <u>and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.</u>" [Doc. 119, p. 31 (emphasis added)]. The Governor does not consent to Plaintiffs' last-minute game change, and Plaintiffs have failed to seek the Court's permission for same.

11. Excluding this evidence would also be consistent with Magistrate Judge Watanabe's oral discovery instruction that both sides must have the opportunity to depose any witness to be called at trial. If Plaintiffs intended to introduce evidence from Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods at trial, then they had a duty to provide notice of same to counsel for the Governor so that depositions could be taken during the discovery period.

12. Finally, under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

5

that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

13. On June 19, 2013, Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods, acting by and through their counsel, submitted their Rule 26(a)(1)(A) Initial Disclosures. *Exhibit* E.

14. The initial disclosures indicated that the client representative of each entity – namely, Mr. Chapman, Mr. Stehman, and Ms. Gustafson – "has information regarding the actual economic losses that he [or she] has experienced and will experience following the implementation of the subject legislation after July 1, 2013." *Exhibit* F, p. 13.

15. The FFL Plaintiffs' June 19, 2013 Rule 26(a)(1)(A) disclosures also stated, in relevant part:

> It is anticipated that a Stipulated Motion and Protective Order addressing proprietary business information will be filed by the parties in the near future. Upon entry of the Stipulated Protective Order by the Court, copies of the herein below disclosed documents will be provided to the Defendant.
> 1. Business and financial records from 2010 – March 12, 2013, reflecting sales information relating to magazines of 15 rounds or less, magazines with capacities of more than 15 rounds and associated firearms as well as background check transfer fees.
> 2. Business and financial records from March 13, 2013 – June 30, 2013, reflecting sales information relating to magazines of 15 rounds or less, magazines with capacities of more than 15 rounds and associated firearms as well as background check transfer fees.
> 3. Business and financial records from July 1, 2013 – trial, reflecting sales information relating to magazines of 15 rounds or less, magazines with capacities of more than 15 rounds and associated firearms as well as background check transfer fees.

  4. Documents regarding firearms and magazines in current inventory and those on order which will or may be illegal to sell after July 1, 2013.

*Exhibit* F, p. 16-17).

  16. Although the Court entered a Stipulated Protective Order on July 8, 2013 [Doc. 50], Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods never supplemented their initial disclosures after that date to include the business and financial records identified above as required by Rule 26(e).

  17. Moreover, Plaintiffs' current position flies in the face of the discovery responses they provided. In an attempt to establish their baseline profits on the sale of firearms that come standard with magazines that hold 16 or more rounds, as well as on the sale of standalone magazines that hold 16 or more rounds, before Colorado's enactment of C.R.S. § 18-12-301, *et seq.* (2013), the Governor issued the following Interrogatories 5 and 7 to all nine of the named FFL Plaintiffs on August 23, 2013:

> **Interrogatory 5.** For each month from January 1, 2008 to June 30, 2013, state the number of sales you made of firearms that carry standard magazines larger than 15 rounds. For each month, state:
>  a) whether the standard magazine was included in the sale;
>  b) the price you paid and the price for which the item sold;
>  c) the number of each such item you sold;
>  d) the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);
>  e) the percentage of your monthly revenue from the sale of these firearms;
>  f) whether each such firearm can be used with a magazine that carries fewer than 16 rounds.

**Interrogatory 7.** For each month from January 1, 2008 to the present, state the number of sales of magazines that carry (without modification) 16 or more rounds, and for each month, please state:
 a) the price you paid and the price for which the magazine sold;
 b) the number of each such magazine you sold;
 c) the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);
 d) the percentage of your monthly revenue from the sale of these magazines.

*Exhibit* A, p. 6-7.

18. Green Mountain Guns issued the following verified written responses to Interrogatories 5 and 7 on October 10, 2013:

**Response to Interrogatory 5:** Plaintiff objects to Interrogatory 5 on the basis that the price paid, price sold, and profits for magazines and associated firearms that hold greater than 15-rounds is irrelevant. No Plaintiff is able to recover economic damages flowing from the economic injuries HB 1224 and 1229 have caused and Defendant has not challenged Plaintiff's' standing to raise a challenge associated with the prohibition on the sale of magazines with a capacity of 16 rounds or more or the firearms associated with such magazines. In addition, the Eleventh Amendment and the Colorado Governmental Immunity Act would preclude such economic recovery from the State of Colorado. Green Mountain Guns does not keep monthly records which contain the information sought in this Interrogatory.

**Response to Interrogatory 7:** It appears that interrogatory 7 and Interrogatory 5 are redundant. Just as with Interrogatory 5, Plaintiff objects to Interrogatory 7 on the basis that the price paid, price sold, and profits for magazines and associated firearms that hold greater than 15-rounds is irrelevant. No Plaintiff is able to recover economic damages lowing rom the economic injuries HB 1224 has caused and Defendant has not challenged Plaintiff's' standing to raise a challenge associated with the prohibition on the sale of magazines with a capacity of 16 rounds or more or the firearms associated with such magazines. In addition, the Eleventh Amendment and the Colorado Governmental Immunity Act would preclude such economic recovery

from the State of Colorado. Without waiving this objection, see response to Interrogatory #6 above.[1]

*Exhibit* B, p. 6, 15.

19. With the exceptions of (1) using slightly different wording for the objections to each interrogatory; and (2) the omission of the last sentence of each interrogatory response, Jerry's Outdoor Sports and Goods for the Woods issued the same verified responses to Interrogatories 5 and 7 on November 18, 2013 and October 9, 2013, respectively. *Compare Exhibit* B with *Exhibit* C, p. 5-6 and *Exhibit* D, p. 5-6.

20. The Governor's first set of written discovery requests also issued the following Requests for Production 5 and 7 that corresponded with Interrogatories 5 and 7:

> **Request for Production 5.** Provide all documents supporting your response to interrogatory #5.
>
> **Request for Production 7.** Provide all documents supporting your response to interrogatory #7.

*Exhibit* A, p. 9.

---

[1] Green Mountain Guns' written response to Interrogatory # 6 stated that: "Plaintiff does not possess monthly statistics responsive to this request however Plaintiff can provide total sales of magazines with a capacity of greater than 15 rounds since 2008." However, because Green Mountain Guns was unable to provide the date, or even the month and year, when each large capacity magazine was sold over the period January 1, 2008 through June 30, 2013, the Governor was unable to determine a baseline monthly, or even annual, net profit on Green Mountain Guns sale of such magazines.

9

21. Green Mountain Guns issued the following responses to Requests for Production 5 and 7 on October 10, 2013:

> **Response to Request for Production 5:** There are no applicable documents responsive to Interrogatory #5.
>
> **Response to Request for Production 7:** There are no applicable documents responsive to Interrogatory #7.

*Exhibit* B, p. 22-23.

22. With the exception of a slight, non-substantive difference in word-choice, Jerry's Outdoor Sports issued the same responses to Requests for Production 5 and 7 on November 18, 2013. *Compare Exhibit* B, p. 22-23 with *Exhibit* C, p. 12. Goods for the Woods failed to include any written responses to Requests for Production 5 and 7 when it tendered its written responses on October 9, 2013, and did not produce any documents responsive to same. *Exhibit* D, p. 10-11.

23. Each of the FFL Plaintiffs carries the burden of establishing its standing to maintain each claim at <u>every</u> stage of the litigation, including at trial. Indeed, the party invoking federal jurisdiction bears the burden of establishing the elements of standing. The first element is an "injury in fact" – which is an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). And, because the elements of standing "are not mere pleading requirements, but rather an indispensable part of the plaintiff's case, each element must be supported in the

10

same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation. *Id.*, at 561 (citations omitted).

24. As such, it is not enough for Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods to merely have <u>alleged</u> economic injury resulting from HB 1224 at the trial stage of these proceedings. Rather, absent the Governor's stipulation to their injuries as here, each FFL Plaintiff must first be able to <u>prove</u> actual economic losses at trial before the Court can decide the substance of their first claim for relief. If this threshold showing is not made, then jurisdiction does not exist for the Court to even consider whether the Second Amendment protects the rights of firearms retailers to make a profit.

25. In other words, if Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods still intended to present evidence of their economic injuries in support of Claim 1 at trial, then they were required to affirmatively disclose that evidence to the Governor during discovery regardless of whether the Governor had challenged their standing.

26. The failure to do so means that the evidence must be excluded. Accordingly, the Governor respectfully requests that this Court exclude any evidence related to the economic injury allegedly suffered by Green Mountain Guns, Jerry's Outdoor Sports, and Goods for the Woods in support of the first claim for relief.

Respectfully submitted this 1st day of April, 2014.

JOHN W. SUTHERS
Attorney General

s/ *LeeAnn Morrill*

KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE *
Assistant Attorney General
STEPHANIE SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General
Attorneys for Governor John W. Hickenlooper
*Counsel of Record

1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I served a true and complete copy of the foregoing **GOVERNOR'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THREE PLAINTIFFS AT TRIAL** upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

*s/ LeeAnn Morrill*