IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado
TERRY MAKETA, Sheriff of El Paso County, Colorado
JUSTIN SMITH, Sheriff of Larimer County, Colorado
DAVID A. WEAVER, Sheriff of Douglas County, Colorado
BRUCE W. HARTMAN, Sheriff of Gilpin County, Colorado
KEN PUTNAM, Sheriff of Cheyenne County, Colorado
DENNIS SPRUELL, Sheriff of Montezuma County, Colorado
TIM JANTZ, Sheriff of Moffat County, Colorado
JERRY MARTIN, Sheriff of Dolores County, Colorado
MIKE ENSMINGER, Sheriff of Teller County, Colorado
SHAYNE HEAP, Sheriff of Elbert County, Colorado
CHAD DAY, Sheriff of Yuma County, Colorado
FRED D. McKEE, Sheriff of Delta County, Colorado
LOU VALLARIO, Sheriff of Garfield County, Colorado
FRED HOSSELKUS, Sheriff of Mineral County, Colorado
BRETT L. POWELL, Sheriff of Logan County, Colorado
JAMES FAULL, Sheriff of Prowers County, Colorado
LARRY KUNTZ, Sheriff of Washington County, Colorado
BRIAN E. NORTON, Sheriff of Rio Grande County, Colorado
DUKE SCHIRARD, Sheriff of La Plata County, Colorado
JIM BEICKER, Sheriff of Fremont County, Colorado
RONALD BRUCE, Sheriff of Hinsdale County, Colorado
CHRIS S. JOHNSON, Sheriff of Otero County, Colorado
FRED JOBE, Sheriff of Custer County, Colorado
DONALD KRUEGER, Sheriff of Clear Creek County, Colorado
JAMES CRONE, Sheriff of Morgan County, Colorado
SI WOODRUFF, Sheriff of Rio Blanco County, Colorado
TOM RIDENOUR, Sheriff of Kit Carson County, Colorado
TOM NESTOR, Sheriff of Lincoln County, Colorado
STAN HILKEY, Sheriff of Mesa County, Colorado
FORREST FRAZEE, Sheriff of Kiowa County, Colorado
RICK DUNLAP, Sheriff of Montrose County, Colorado
TED B. MINK, Sheriff of Jefferson County, Colorado
DAVE STRONG, Sheriff of Alamosa County, Colorado
FRED WEGENER, Sheriff of Park County, Colorado
BRUCE NEWMAN, Sheriff of Huerfano County, Colorado
RANDY PECK, Sheriff of Sedgwick County, Colorado
DOMINIC MATTIVI JR., Sheriff of Ouray County, Colorado
JOHN MINOR, Sheriff of Summit County, Colorado

**Exhibit A**

SCOTT FISCHER, Sheriff of Jackson County, Colorado
PETER GONZALEZ, Sheriff of Archuleta County, Colorado
RICK BESECKER, Sheriff of Gunnison County, Colorado
CHARLES "ROB" URBACH, Sheriff of Phillips County, Colorado
ROD FENSKE, Sheriff of Lake County, Colorado
GRAYSON ROBINSON, Sheriff of Arapahoe County, Colorado
DAVID D. CAMPBELL, Sheriff of Baca County, Colorado
MIKE NORRIS, Sheriff of Saguache County, Colorado
AMOS MEDINA, Sheriff of Costilla County, Colorado
MILES CLARK, Sheriff of Crowley County, Colorado
DAVID ENCINIAS, Sheriff of Bent County, Colorado
SUE KURTZ, Sheriff of San Juan County, Colorado
JAMES (JIM) CASIAS, Sheriff of Las Animas County, Colorado
GARRETT WIGGINS, Sheriff of Routt County, Colorado
DOUGLAS N. DARR, Sheriff of Adams County, Colorado
RODNEY JOHNSON, Sheriff of Grand County, Colorado
COLORADO OUTFITTERS ASSOCIATION;
COLORADO FARM BUREAU;
NATIONAL SHOOTING SPORTS FOUNDATION;
MAGPUL INDUSTRIES;
COLORADO YOUTH OUTDOORS;
USA LIBERTY ARMS;
OUTDOOR BUDDIES, INC.;
WOMEN FOR CONCEALED CARRY;
COLORADO STATE SHOOTING ASSOCIATION;
HAMILTON FAMILY ENTERPRISES, INC. d/b/a FAMILY SHOOTING CENTER
AT CHERRY CREEK STATE PARK;
DAVID STRUMILLO;
DAVID BAYNE;
DYLAN HARRELL;
ROCKY MOUNTAIN SHOOTERS SUPPLY;
2ND AMENDMENT GUNSMITH & SHOOTER SUPPLY, LLC;
BURRUD ARMS INC. d/b/a JENSEN ARMS;
GREEN MOUNTAIN GUNS;
JERRY'S OUTDOOR SPORTS;
GRAND PRIX GUNS;
SPECIALTY SPORTS & SUPPLY;
GOODS FOR THE WOODS;
      Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

      Defendant.

**Exhibit A**

| |
|---|
| DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL PLAINTIFF LICENSED FIREARM DEALERS, INCLUDING BUT NOT LIMITED TO: USA LIBERTY ARMS; ROCKY MOUNTAIN SHOOTERS SUPPLY; 2ND AMENDMENT GUNSMITH & SHOOTER SUPPLY, LLC; BURRUD ARMS, INC., d/b/a JENSEN ARMS; GREEN MOUNTAIN GUNS; JERRY'S OUTDOOR SPORTS; GRAND PRIX GUNS; SPECIALTY SPORTS & SUPPLY; GOODS FOR THE WOODS |

Defendant, by and through counsel, submits the following First Set of Interrogatories and Requests for Production to all Plaintiffs who are self-described licensed firearms dealers pursuant to the provisions of F.R.C.P. 33 and 34. Plaintiffs' full and complete responses to these discovery requests must be served upon Defendant's counsel within thirty (30) days from the service of the requests at the offices of the Colorado Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, Colorado, 80203. Plaintiffs must respond to the discovery requests in writing and under oath. Plaintiffs are under a continuing obligation to supplement their responses, as information becomes available.

## DEFINITIONS

1.  The term "Plaintiff" refers to all plaintiffs who are licensed firearm dealers, including, but not limited to the following Plaintiffs: USA Liberty Arms; Rocky Mountain Shooters Supply; 2nd Amendment Gunsmith & Shooter Supply, LLC; Burrud Arms Inc. d/b/a Jensen Arms; Green Mountain Guns; Jerry's Outdoor Sports; Grand Prix Guns; Specialty Sports & Supply; Goods For The Woods.

2.  The terms "you" or "your" when used in these Interrogatories and Requests for Production are intended to and shall embrace and include, in addition to Plaintiffs, counsel for Plaintiffs, all agents, servants, employees, representatives, private investigators, and others who are in possession of or who may have obtained information for or on behalf of the named Plaintiffs.

3.  The term "document" or "documentation" shall mean any handwritten, typewritten, printed, recorded, or graphic material in any form, including originals, copies, and drafts, including without limitation, any correspondence, minutes of meetings, written memoranda or communications, e-mail, transcripts of testimony, studies, reports, notes, notebooks, telephone message slips, diaries, computer

**Exhibit A**

diskettes or printouts, contracts, work papers, books, bookkeeping entries, bills, invoices, calendar entries, microfilm or microfiche, together with all other items which are subject to request for production pursuant to the Federal Rules of Civil Procedure.

   4. The term "all documents" or "all documentation" means every document as above defined and known to Plaintiffs and every such document, which can be located or discovered by diligent efforts.

   5. As used herein, the terms "identify" or "identity," when used in reference to a natural individual, require you to describe the person in terms of their capacity or involvement in the event to which the interrogatory or request for production refers.  For instance, if the individual is a law enforcement official, agent, or volunteer, the person may be described by such terms as "sheriff," "sheriff's deputy," or "citizen volunteer."

   6. The interrogatories are continuing.  In the event that any information comes to your attention, possession, custody or control subsequent to the filing of your answers hereto, which information is responsive to any of these interrogatories but which was not included in the initial response, such additional information shall be furnished to attorney for Defendants within fifteen (15) days from the receipt of such information.

   7. Immediately prior to setting forth the response to each Interrogatory, please restate in full the particular Interrogatory to which each such response is directed.

   8. Each Interrogatory shall be construed independently and not by reference to any other Interrogatory herein for purposes of limitation.

   9. If Plaintiff cannot fully answer these discovery requests, Plaintiff is still required to answer these discovery requests to the greatest extent possible and to specify the reason for its inability to answer fully such Interrogatories.

   10. Different versions of the same document, drafts of documents, or documents with handwritten notations or other remarks not found on the original are different documents and shall be separately produced.

   11. If Plaintiff states that any answer requested by these discovery requests, or any document requested to be produced, is not discoverable pursuant to privilege, Plaintiff must provide the basis of such claim of privilege in sufficient detail to enable the Court to decide whether such claim of privilege is proper.

**Exhibit A**

12. With respect to each interrogatory, in addition to supplying the information requested, Plaintiff is to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto.

### Interrogatories

1. With respect to the allegations of paragraphs 128 – 137 of the Second Amended Complaint, list all items in your possession on or after July 1, 2013 that you contend you are barred from selling to Colorado individuals and entities (not including military or law enforcement entities) due to the provisions of HB 1224. With respect to each such item, please list:

    a) the date of purchase and the purchase price;

    b) the reason(s) you believe that you cannot sell each such item;

    c) the damages, if any, you have suffered due to your inability to sell these items, explaining in detail how you calculated these damages;

    d) the number of each such item you sold monthly from January 1, 2008 to the present;

    e) the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities) monthly since January 1, 2008;

    f) the percentage of your monthly revenue from the sale of each such item since January 1, 2008.

2. If you contend you have sustained damage or loss due to the provisions of HB 1224 and HB 1229, describe the damages or losses in detail, and explain in detail how you calculated these damages or losses.

3. Since June 30, 2013, have you have sold firearms that carry standard magazines larger than 15 rounds? If you have, please describe the items you have sold, and state:

    a) whether the standard magazine was included in the sale;

    b) the number of each such firearm you have sold;

    c) the number of each such firearm sold to Colorado individual or entities (excluding law enforcement or military entities);

**Exhibit A**

   d)  the percentage of your monthly revenue from the sale of these firearms;

   e)  your purchase price and the price for which you sold each firearm;

   f)  whether each such firearm can be used with a magazine that carries fewer than 16 rounds.

4.  Since June 30, 2013, have you have sold magazines with removable floor plates or end caps?  If you have, please describe the items you have sold and state:

   a)  the number of each such magazine you have sold;

   b)  the number of each such magazine sold to Colorado individual or entities (excluding law enforcement or military entities);

   c)  the percentage of your monthly revenue from the sale of these magazines;

   d)  your purchase price and the price for which you sold the magazines.

5.  For each month from January 1, 2008 to June 30, 2013, state the number of sales you made of firearms that carry standard magazines larger than 15 rounds. For each month, state:

   a)  whether the standard magazine was included in the sale;

   b)  the price you paid and the price for which the item sold;

   c)  the number of each such item you sold;

   d)  the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);

   e)  the percentage of your monthly revenue from the sale of these firearms;

   f)  whether each such firearm can be used with a magazine that carries fewer than 16 rounds.

6.  For each month from January 1, 2008, state the number of sales you made of magazines with removable floor plates or end caps.   For each month, state:

   a)  the price you paid and the price for which the magazine sold;

**Exhibit A**

      b)      the number of each such magazines you sold;

      c)      the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);

      d)      the percentage of your monthly revenue from the sale of these magazines.

7.      For each month from January 1, 2008 to the present, state the number of sales of magazines that carry (without modification) 16 or more rounds, and for each month, please state:

      a)      the price you paid and the price for which the magazine sold;

      b)      the number of each such magazine you sold;

      c)      the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);

      d)      the percentage of your monthly revenue from the sale of these magazines.

8.      Describe all communications you have had with firearm or magazine manufacturers or suppliers concerning HB 1224 or the effect of any provision of HB 1224 with respect to the shipment, purchase, or sale of firearms and magazines.  In your response, please include:

      a) the substance of the communication;

      b)  the date and means (e.g. phone, letter, e-mail) of each communication;

      c)  the name of the person(s) engaged in the communication, their job titles or capacities with your business and with the business of the manufacturer/supplier, and the name of the manufacturer/supplier;

      d) whether you had any communication in connection with returning firearms or magazines that do not comply with the provisions of HB 1224 to the manufacturer or supplier.

9.      Describe in detail the items that you sold prior to July 1, 2013 that you no longer sell due directly or indirectly to the provisions of HB 1224.  For each such item, please state:

      a) why you no longer sell each such item;

**Exhibit A**

     b)  if applicable, why you believe that the sale of each item violates (or may violate) the provisions of HB 1224.

10.    From January 1, 2008 to June 30, 2013, have you sold magazine extension products or readily fabricated magazine extensions?  If you have sold these items, please describe the items you sold during this period and state the dates (by year) the items were sold.

11.    Since January 1, 2008, have you charged fees for completing ATF Form 4473?  If you have charged a fee, for each month, please state:

     a)  the amount of any fee(s) charged to complete Form 4473 in situations **that did not involve a profitable sale**, the number of these transactions, and whether that fee was charged to every such customer;

     b)  the amount of the fee(s) you charged to complete Form 4473 in situations **that involved a profitable sale**, the number of these transactions, and whether that fee was charged to every such customer.

12.    State by month the number of instances, since January 1, 2008, when you charged no fee for completing ATF Form 4473, and state whether, in each instance, the transaction involved a profitable sale.

13.    State your yearly sales revenues beginning January 1, 2003 to the present, and with respect to this revenue, state the percentage of sales to:

     a)    out-of-state transferees;

     b)    the United States government, or branches of the U.S. armed forces;

     c)    the State of Colorado or its departments, agencies, or subdivisions.

14.    Have you ever been sued or suffered damages for processing a background check? If so, please provide details of any claims made against you, the date of the claim(s), the resolution of the claims, and any damages you sustained.

15.    How many total background checks have you requested (by month) since January 1, 2008 and how many of these background checks resulted in the denial of a sale?

**Exhibit A**

**Requests for Production**

1.      Provide all documents supporting your response to interrogatory #1.

2.      Provide all documents supporting your response to interrogatory #2.

3.      Provide all documents supporting your response to interrogatory #3.

4.      Provide all documents supporting your response to interrogatory #4.

5.      Provide all documents supporting your response to interrogatory #5.

6.      Provide all documents supporting your response to interrogatory #6.

7.      Provide all documents supporting your response to interrogatory #7.

8.      Provide copies of all documented correspondence to which you have referred in your response to interrogatory #8.

9.      Provide copies of documents describing and stating the quantity of magazine extension products or readily fabricated extensions you sold from January 1, 2008 to June 30, 2013.

10.     Provide all documents supporting your response to interrogatory #13.

11.     Provide all documents describing or pertaining to any claims brought against you for processing a background check.

**Exhibit A**

JOHN W. SUTHERS
Attorney General

s/ *Kathleen Spalding*

_____
**Daniel D. Domenico***
Solicitor General
**David C. Blake***
Deputy Attorney General
**Jonathan P. Fero***
Assistant Solicitor General
**Matthew D. Grove***
Assistant Attorney General
**Kathleen Spalding***
Senior Assistant Attorney General
*Counsel of Record
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6634; (720) 508-6032 (FAX)
kit.spalding@state.co.us

**Exhibit A**

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2013 I served a true and complete copy of the foregoing Defendant's First Set of Interrogatories and Requests for Production of Documents to All Plaintiff Licensed Firearms Dealers upon all counsel of record listed below via e-mail:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

   *s/  Mary A. Brown*

**Exhibit A**