## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

     Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

     Defendant.

---

### PLAINTIFF JERRY'S OUTDOOR SPORTS' RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Plaintiff Jerry's Outdoor Sports, ("Plaintiff") by and through its counsel, Marc F. Colin and Jonathon M. Watson of Bruno, Colin & Lowe, P.C., make the following Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents:

### INTRODUCTION

All of the information provided below and in response to Defendant's First Set of Interrogatories and Requests for Production of Documents is based on data from Jerry's Outdoor Sports' new point of sale system for the date range of August 30, 2012 through October 1, 2013. Unfortunately, however, the data produced by Jerry's Outdoor Sports' point of sale system is extremely limited. Therefore, much of the information requested is unobtainable.

### INTERROGATORIES

**Interrogatory 1:**   With respect to the allegations of paragraphs 128 – 137 of the Second Amended Complaint, list all items in your possession on or after July 1, 2013 that you contend you are barred from selling to Colorado individuals and entities (not including military or law enforcement entities) due to the provisions of HB 1224. With respect to each such item, please list:

    (a)    the date of purchase and the purchase price;

    (b)    the reason(s) you believe that you cannot sell each such item;

1

**Exhibit C**

(c)      the damages, if any, you have suffered due to your inability to sell these items, explaining in detail how you calculated these damages;

(d)      the number of each such item you sold monthly from January 1, 2008 to the present;

(e)      the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities) monthly since January 1, 2008;

(f)      the percentage of your monthly revenue from the sale of each such item since January 1, 2008.

**Response to Interrogatory 1:**

Plaintiff objects to Interrogatory 1 as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome and oppressive. Plaintiff, however, does not object to the extent that it will not reply to the best of its abilities. Much of the information and data requested in Interrogatory 1 is simply unobtainable based on Plaintiff's systems and technology.

Without waiving the above objections, Plaintiff is barred from selling all magazines and associated firearms that hold greater than 15-rounds.  Plaintiff has attempted to obtain lower capacity magazines that are compatible with all firearms. However, these magazines are not always available, either because they do not exist or they are difficult to obtain. Moreover, there is not a strong market for firearms with fewer than 16-round magazines when the firearm comes standard with higher capacity magazines.

The firearms that come standard with magazines that hold greater than 15 rounds are typically delivered by the manufacturer with one or two magazines and which are specifically designed for use with the associated firearm. In order to sell a firearm that is designed for use in conjunction with a magazine that holds 16 rounds or more, Plaintiff must purchase magazines that fit the associated firearm and which hold fewer than 16 rounds.

Plaintiff is also barred from selling magazines and associated firearms that hold 15 or fewer rounds and have removable base plates due to HB 1224's "designed to be readily converted clause." HB 1224 prohibits the sale of these magazines and associated firearms, and the non-binding Technical Guidance #2 does not relieve Plaintiff from a credible threat of prosecution for the sale of these items. The remaining responses to questions 1(a)-(e) are as follows:

(a) See attached documents.

(b) See above.

(c) I estimate that Jerry's Outdoor Sports has lost $4,313.00 in firearms sales because I am unable to sell or return two Black Rain 308 rifles. With regard to magazines, I

2

**Exhibit C**

estimate Jerry's Outdoor Sports has lost $1945.09 in sales based on our inability to sell or return 19 butler Creek 25 round magazines and 9 Matrix Stock Kits. In addition to the cost of those items, Jerry's Outdoor Sports' has lost approximately $2,230.51 in profit from those items. Jerry's Outdoor Sports has been able to return some prohibited items vendors and manufacturers. Based on an average monthly profit from the sale of high capacity magazines as $4,000, I estimate Jerry's Outdoor Sports has lost $15,000 in profit since July 1, 2013.

(d) Between August 30, 2012 and October 1, 2013, Jerry's Outdoor Sports sold an average of 279 high capacity magazines per month and an average of 71 high capacity firearms per month.

(e) Jerry's Outdoor Sports is unable to track the number of items they have sold to Colorado individuals or entities.

(f) Magazine only sales constitute approximately 13% of Jerry's Outdoors Sports' gross sales.

**Interrogatory 2:**     If you contend you have sustained damage or loss due to the provisions of HB 1224 and HB 1229, describe the damages or losses in detail, and explain in detail how you calculated these damages or losses.

**Response to Interrogatory 2:**

As stated above, HB 1224 and HB 1229 have caused Plaintiff significant economic damages because Jerry's Outdoor Sports has been unable to sell its inventory of magazines and related firearms that hold greater than 15-rounds, or those for which orders were placed prior to the effective date of HB 1224 and HB 1229. The economic damages associated with the loss of sales and the "dead" inventory as of July 1, 2013 is specifically described in response to Interrogatory 1 above.

**Interrogatory 3:**     Since June 30, 2013, have you have sold firearms that carry standard magazines larger than 15 rounds? If you have, please describe the items you have sold, and state:

(a)     whether the standard magazine was included in the sale;

(b)     the number of each such firearm you have sold;

(c)     the number of each such firearm sold to Colorado individual or entities (excluding law enforcement or military entities);

(d)     the percentage of your monthly revenue from the sale of these firearms;

(e)     your purchase price and the price for which you sold each firearm;

3

**Exhibit C**

(f)      whether each such firearm can be used with a magazine that carries fewer than 16 rounds.

**Response to Interrogatory 3:**

Plaintiff Jerry's Outdoor Sports has not sold firearms that carry standard magazines larger than 15 rounds since June 30, 2013.

**Interrogatory 4:**      Since June 30, 2013, have you have sold magazines with removable floor plates or end caps? If you have, please describe the items you have sold and state:

(a)      the number of each such magazine you have sold;

(b)      the number of each such magazine sold to Colorado individual or entities (excluding law enforcement or military entities);

(c)      the percentage of your monthly revenue from the sale of these magazines;

(d)      your purchase price and the price for which you sold the magazines.

**Response to Interrogatory 4:**

Plaintiff objects to Interrogatory 4 as calling for a response which is potentially criminally incriminating and Plaintiff asserts his Fifth Amendment privilege against self-incrimination. Plaintiff believes that he continues to face a credible threat of criminal prosecution should he respond to this interrogatory in light of the fact that Technical Guidance 2 is non-binding. Plaintiff will respond to this interrogatory upon receipt of a grant of use immunity by the Attorney General.

**Interrogatory 5:**      For each month from January 1, 2008 to June 30, 2013, state the number of sales you made of firearms that carry standard magazines larger than 15 rounds. For each month, state:

(a)      whether the standard magazine was included in the sale;

(b)      the price you paid and the price for which the item sold;

(c)      the number of each such item you sold;

(d)      the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);

(e)      the percentage of your monthly revenue from the sale of these firearms;

**Exhibit C**

(f)       whether each such firearm can be used with a magazine that carries fewer than 16 rounds.

**Response to Interrogatory 5:**

Plaintiff objects to Interrogatory 5 on the basis that the price paid, price sold, and profits for magazines and associated firearms that hold greater than 15 rounds is irrelevant. Plaintiff's standing to challenge HB 1224 with regard to the sale of magazines and associated firearms which utilize magazines that carry more than 15 rounds has not been challenged and as such Plaintiff's economic damages caused by HB 1224's ban on magazines which hold greater than 15 rounds is irrelevant. Moreover, given that Defendant has Eleventh Amendment immunity, which prevents the recovery of an award of economic damages suffered by Plaintiff, the specific economic losses suffered by Plaintiff as the result of HB 1224's ban on magazines which carry more than 15 rounds is irrelevant.

**Interrogatory 6:**       For each month from January 1, 2008, state the number of sales you made of magazines with removable floor plates or end caps. For each month, state:

(a)       the price you paid and the price for which the magazine sold;

(b)       the number of each such magazines you sold;

(c)       the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);

(d)       the percentage of your monthly revenue from the sale of these magazines.

**Response to Interrogatory 6:**

Plaintiff objects to Interrogatory 6 as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome and oppressive. Much of the information and data requested in Interrogatory 6 is simply unobtainable without considerable effort and man-hours based on Plaintiff's systems and technology.

Without waiving the above objections, Plaintiff has provided all of the applicable information in response to Interrogatory 1, above.

**Interrogatory 7:**       For each month from January 1, 2008 to the present, state the number of sales of magazines that carry (without modification) 16 or more rounds, and for each month, please state:

(a)       the price you paid and the price for which the magazine sold;

(b)       the number of each such magazine you sold;

**Exhibit C**

(c)      the number of each such item sold to Colorado individual or entities (excluding law enforcement or military entities);

(d)      the percentage of your monthly revenue from the sale of these magazines.

**Response to Interrogatory 7:**

It appears that Interrogatory 7 and Interrogatory 5 are redundant. Just as with Interrogatory 5, Plaintiff objects to Interrogatory 7 on the basis that the price paid, price sold, and profits for magazines and associated firearms that hold greater than 15-rounds is irrelevant. Plaintiff is not able to request damages of any kind flowing from the economic damages HB 1224 has caused because the Eleventh Amendment and the Colorado Governmental Immunity Act would preclude such economic recovery from the State of Colorado.

**Interrogatory 8:**      Describe all communications you have had with firearm or magazine manufacturers or suppliers concerning HB 1224 or the effect of any provision of HB 1224 with respect to the shipment, purchase, or sale of firearms and magazines. In your response, please include:

(a)      the substance of the communication;

(b)      the date and means (e.g. phone, letter, e-mail) of each communication;

(c)      the name of the person(s) engaged in the communication, their job titles or capacities with your business and with the business of the manufacturer/supplier, and the name of the manufacturer/supplier;

(d)      whether you had any communication in connection with returning firearms or magazines that do not comply with the provisions of HB 1224 to the manufacturer or supplier.

**Response to Interrogatory 8:**

Jerry Stehman of Jerry's Outdoor Sports has had conversations with various manufacturers and vendors regarding whether they would continue to ship certain firearms and magazines to Jerry's Outdoor Sports. He has also had conversations with these manufacturers and vendors regarding Jerry's Outdoor Sports returning many of the firearms and related magazines that HB 1224 outlawed. These conversations occurred via telephone and were not documented.

**Interrogatory 9:**      Describe in detail the items that you sold prior to July 1, 2013 that you no longer sell due directly or indirectly to the provisions of HB 1224. For each such item, please state:

(a)      why you no longer sell each such item;

**Exhibit C**

(b)      if applicable, why you believe that the sale of each item violates (or may violate) the provisions of HB 1224.

**Response to Interrogatory 9:**

Plaintiff objects to Interrogatory 9 as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome and oppressive. Plaintiff, however, does not object to the extent that it will not reply to the best of its abilities. Much of the information and data requested in Interrogatory 9 is simply unobtainable based on Plaintiff's systems and technology.

Without waiving the above objections, Plaintiff is barred from selling all magazines and associated firearms that hold greater than 15-rounds. Prior to July 1, 2013, Plaintiff Jerry's Outdoor Sports sold magazines which held greater than 15 rounds. Plaintiff has attempted to obtain lower capacity magazines that are compatible with all firearms. However, these magazines are not always available, either because they do not exist or they are difficult to obtain. Moreover, there is not a strong market for firearms with fewer than 16-round magazines when the firearm is designed for higher capacity magazines.

The firearms that come standard with magazines that hold greater than 15 rounds are typically delivered by the manufacturer with one or two magazines and which are specifically designed for use with the associated firearm. In order to sell a firearm that is designed for use in conjunction with a magazine that holds 16 rounds or more, Plaintiff must purchase magazines that fit the associated firearm and which hold less than 16 rounds.

Plaintiff is also barred from selling magazines and associated firearms that hold 15 or fewer rounds and also have removable base plates due to HB 1224's "designed to be readily converted clause." HB 1224 prohibits the sale of these magazines and associated firearms, and the non-binding Technical Guidance 2 does not relieve Plaintiff from a credible threat of prosecution for the sale of these items.

Plaintiff Jerry's Outdoor Sports is no longer able to sell the following specific items:

| Magazines PartNo | Manufacturer |
|---|---|
| 17017 | GLOCK INC |
| 17033 | GLOCK INC |
| 19357 | SMITH & WESSON |
| 19440 | SMITH & WESSON |
| 22022 | GLOCK INC |
| 40419 | SHOOTERS RIDGE |
| 40420 | CHAMPION |
| 40426 | CHAMPION |
| 40625 | CHAMPION |
| 55158 | SAVAGE ARMS INC. |

**Exhibit C**

| | |
|---|---|
| 90326 | RUGER FIREARMS |
| 90339 | RUGER FIREARMS |
| 90361 | RUGER FIREARMS |
| 91408 | CHAMPION |
| 95712 | MOSSBERG - LONG GUNS |
| 98890 | FN HERSTAL/WINCHESTER |
| 98892 | FN HERSTAL/WINCHESTER |
| 576604 | UMAREX |
| 578604 | UMAREX |
| 1030201 | RUGER FIREARMS |
| 2245301 | HECKLER & KOCH INC. |
| 10607002 | ARMALITE INC. |
| 199220000 | SMITH & WESSON |
| 3108929210 | FN HERSTAL/WINCHESTER |
| 3810110093 | FN HERSTAL/WINCHESTER |
| 3866100030 | FAB.NAT.MFG. INT. |
| 078-000-160 | BROWNELLS INC. |
| 11101C | CZ-USA |
| 20MINI14 | NOT IN FILE |
| 20RDM14M1A | THERMOLD MAGAZINES |
| 22LR26R | CMMG INC |
| 30MINI14 | NOT IN FILE |
| 30RD AR15 MAGS | PLINKER TACTICAL |
| 3E2Q7 | TAPCO |
| 40MINI14 | NOT IN FILE |
| 47103FN | FN HERSTAL/WINCHESTER |
| 5-24709-17 | TAURUS INTERNATIONAL MFG. INC |
| 55622330RD | THERMOLD MAGAZINES |
| 66330-2 | FN HERSTAL/WINCHESTER |
| 90010R | RUGER FIREARMS |
| AK47100RDMAG | PROMAG |
| AK4730MAG | CENTURY INTERNATIONAL ARMS |
| AR-15 30 | PROMAG |
| AR-15 30RD MAGS | BUSHMASTER |
| COL-A18 | PROMAG |
| DPM-A1 | PROMAG |
| EXP25/22AC | BUTLER CREEK |
| GLOCK9MM50 | GLOCK INC |
| MA-3082 | D.P.M.S./PANTHER ARMS |
| MA5021 | SPRINGFIELD  INC. |
| MAG211-FOL | MAGPUL |

**Exhibit C**

| | |
|---|---|
| MAG211-ODG | MAGPUL |
| MAG217-BLK | MAGPUL |
| MAG243-BLK | MAGPUL |
| MAG-522-22-25 | SIGSAUER |
| MAG5-60 | SUREFIRE |
| MAG570-BLK | MAGPUL |
| MAG570-FDE | MAGPUL |
| MAG570-FOL | MAGPUL |
| MAG571-BLK | MAGPUL |
| MAG6620F | TAPCO |
| MAG6620G | TAPCO |
| MO112562 | BUTLER CREEK |
| MO112563 | BUTLER CREEK |
| PT35RD001 | PLINKER TACTICAL |
| PTAK47-01 | PLINKER TACTICAL |
| PTAR-1501 | PLINKER TACTICAL |
| PTCP004 | PLINKER TACTICAL |
| USGIM14 | NOT IN FILE |
| XD0931 | SPRINGFIELD  INC. |
| XD5016 | SPRINGFIELD  INC. |
| XDM5011 | SPRINGFIELD  INC. |
| XDM5019 | SPRINGFIELD  INC. |
| XDM50192 | SPRINGFIELD  INC. |

**Firearms**

| **Mfg** | **Model** |
|---|---|
| American Tactical Imports | AK-47 |
| FN Herstal | FNX-9 |
| FN Herstal | FNS-9 |
| FN Herstal | Scar 17S |
| FN Herstal | FNAR 308 |
| FN Herstal | FS 2000 |
| FN Herstal | Five-Seven |
| FN Herstal | Scar 16S |
| GSG | AK-47 |
| Ruger | SR9 |
| Ruger | SR556 |
| Ruger | Kmini 14/20 |
| Sig Sauer | Sig716 |
| Springfield | XDM40 |
| Springfield | XDM9 |
| Springfield | XDM 3.8 (40) |

**Exhibit C**

**Interrogatory 10:**     From January 1, 2008 to June 30, 2013, have you sold magazine extension products or readily fabricated magazine extensions? If you have sold these items, please describe the items you sold during this period and state the dates (by year) the items were sold.

**Response to Interrogatory 10:**

No, Plaintiff Jerry's Outdoor Sports has not sold magazine extension products or readily fabricated magazine extensions in the past.

**Interrogatory 11:**     Since January 1, 2008, have you charged fees for completing ATF Form 4473? If you have charged a fee, for each month, please state:

(a)     the amount of any fee(s) charged to complete Form 4473 in situations **that did not involve a profitable sale**, the number of these transactions, and whether that fee was charged to every such customer;

(b)     the amount of the fee(s) you charged to complete Form 4473 in situations **that involved a profitable sale**, the number of these transactions, and whether that fee was charged to every such customer.

**Response to Interrogatory 11:**

Plaintiff Jerry's Outdoor Sports charges a $10.00 fee for completing ATF Form 4473. Plaintiff charges the $10.00 fee regardless of whether it is a profitable sale, and began doing so in March 2013.

**Interrogatory 12:**     State by month the number of instances, since January 1, 2008, when you charged no fee for completing ATF Form 4473, and state whether, in each instance, the transaction involved a profitable sale.

**Response to Interrogatory 12:**

Plaintiff objects to Interrogatory 12 as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome and oppressive. Without waiving the above objections, this information is unavailable because of Plaintiff's systems and technology.

**Interrogatory 13:**     State your yearly sales revenues beginning January 1, 2003 to the present, and with respect to this revenue, state the percentage of sales to:

(a)     out-of-state transferees;

(b)     the United States government, or branches of the U.S. armed forces;

10

**Exhibit C**

(c)      the State of Colorado or its departments, agencies, or subdivisions.

**Response to Interrogatory 13:**

Plaintiff objects to Interrogatory 13 as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome and oppressive. Without waiving the above objections, this information is unavailable because of Plaintiff's systems and technology.

**Interrogatory 14:**      Have you ever been sued or suffered damages for processing a background check? If so, please provide details of any claims made against you, the data of the claim(s), the resolution of the claims, and any damages you sustained.

**Response to Interrogatory 14:**

Plaintiff Jerry's Outdoor Sports has never been sued nor has it suffered damages for processing a background check.

**Interrogatory 15:**      How many total background checks have you requested (by month) since January 1, 2008 and how many of these background checks resulted in the denial of a sale?

**Response to Interrogatory 15:**

Plaintiff objects to Interrogatory 15 as overbroad and as not reasonably calculated to lead to the discovery of admissible evidence. In addition, it is unduly burdensome and oppressive. Without waiving the above objections, this information is unavailable because of Plaintiff's systems and technology.

## REQUESTS FOR PRODUCTION

**Request for Production 1:**    Provide all documents supporting your response to Interrogatory #1.

See attached documents bates labeled Jerry's Outdoor Sports – 000001 – Jerry's Outdoor Sports – 000002.

**Request for Production 2:**     Provide all documents supporting your response to interrogatory #2.

See attached documents bates labeled Jerry's Outdoor Sports – 000003 – Jerry's Outdoor Sports – 000004.

**Request for Production 3:**    Provide all documents supporting your response to interrogatory #3.

There are no applicable documents responsive to Request for Production #3.

**Exhibit C**

**Request for Production 4:**   Provide all documents supporting your response to interrogatory #4.

There are no applicable documents responsive to Request for Production #4.

**Request for Production 5:**   Provide all documents supporting your response to interrogatory #5.

There are no applicable documents responsive to Request for Production #5.

**Request for Production 6:**   Provide all documents supporting your response to interrogatory #6.

There are no applicable documents responsive to Request for Production #6.

**Request for Production 7:**   Provide all documents supporting your response to interrogatory #7.

There are no applicable documents responsive to Request for Production #7.

**Request for Production 8:**   Provide copies of all documented correspondence to which you have referred in your response to interrogatory #8.

There are no applicable documents responsive to Request for Production #8.

**Request for Production 9:**   Provide copies of documents describing and stating the quantity of magazine extension products or readily fabricated extensions you sold from January 1, 2008 to June 30, 2013.

There are no applicable documents responsive to Request for Production #9.

**Request for Production 10:**   Provide all documents supporting your response to interrogatory #13.

There are no applicable documents responsive to Request for Production #10.

**Request for Production 11:**   Provide all documents describing or pertaining to any claims brought against you for processing a background check.

There are no applicable documents responsive to Request for Production #11.

Dated this 18th day of November, 2013 as to form, content and objections.

12

**Exhibit C**

Marc F. Colin
Jonathon M. Watson
BRUNO, COLIN & LOWE, P.C.
1999 Broadway, Suite 3100
Denver, Colorado 80202
Tel:  (303) 831-1099
Fax:  (303) 831-1088
E-mail: mcolin@brunolawyers.com
          jwatson@brunolawyers.com

*Attorneys for Plaintiffs Attorney for
Defendants:(USA) Liberty Arms, LLC; Rocky
Mountain Shooter's Supply, LLC;
2nd Amendment Gunsmith & Shooter Supply, LLC;
Burrud Arms Inc. d/b/a Jensen Arms; Green
Mountain Guns; Jerry's Outdoor Sports; Grand
Prix Guns; Specialty Sports & Supply; and
Goods for the Woods*

**Exhibit C**

## VERIFICATION

STATE OF COLORADO        )
                         ) ss.
COUNTY OF _Mesa_____     )


    I do solemnly swear to affirm under the penalty of perjury that I have read the foregoing answers to written Interrogatories made and answered by me and that the said answers are true, complete and accurate to the best of my knowledge.


_Jerry Stehman_ (signature)


Subscribed and sworn to before me this _____ day of October _November 25_, 2013, by
_Jerry Stehman_____.


[SEAL]

```
GEN CHEYNEY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #19934018273
My Commission Expires December 2, 2017
```

_Gen Cheyney_ (signature)
Notary Public


My commission expires: _12-2-2017_


14

**Exhibit C**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2013, I electronically served the foregoing on the following:

Matt.Grove@state.co.us
Kit.Spalding@state.co.us
Jon.Fero@state.co.us
David.Blake@state.co.us
Dan.Domenico@state.co.us
DAbbott@hollandhart.com
david@i2i.org
PKrumholz@halewestfall.com
RWestfall@halewestfall.com
fabianlaw@qwestoffice.net

Angela Duran, Paralegal

**Exhibit C**