| | |
|---|---|
| **From:** | Marc Colin |
| **To:** | Matt Grove |
| **Cc:** | Jonathon Watson; Candle Maulin |
| **Subject:** | Re: FFL responses to written discovery |
| **Date:** | Wednesday, October 16, 2013 1:21:41 PM |

No surprises from FFLs. Lets chat about your concerns regarding the FFL responses when you have time. You will get unsigned responses from Brough in a few minutes and a signed verification page later today. BURRUD is confirmed for 11/12. Waiting to hear back from Tim

Sent from my iPhone

On Oct 16, 2013, at 12:14 PM, "Matt Grove" <Matt.Grove@state.co.us> wrote:

> Marc,
>
> I can live with this proposal on the condition that we don't get surprised by evidence offered by FFLs who do not participate in discovery. That would include both trial testimony and any affidavits or other documents submitted in support of or opposition to a dispositive motion. Are you willing to make that commitment?
>
> For the record, I don't agree that we have exceeded our written discovery limits, and it appears that we may differ in our understandings of Magistrate Judge Watanabe's statements at the status conference. Nonetheless, I appreciate your good-faith efforts to respond to our discovery efforts thus far.
>
> As I mentioned in a previous email, I do have some concerns about the discovery responses that we do have, but I'd prefer not to address those in a piecemeal fashion. Along those lines, I believe we are still waiting on responses from Rocky Mountain Shooters' Supply. Did I miss an email or have those not been sent yet?
>
> Matt Grove
>
> ---
>
> **From:** Marc Colin [mailto:MColin@brunolawyers.com]
> **Sent:** Monday, October 07, 2013 5:27 PM
> **To:** Matt Grove
> **Cc:** Candle Maulin; Jonathon Watson; Kit Spalding
> **Subject:** RE: FFL responses to written discovery
>
> Matt, One more issue. While I told you that I was not going to argue about the number of interrogatories and subparts based on Magistrate Judge Watanabe's decision in the Rodriguez case and that I would make a good faith effort to provide responses and then discuss what additional information, if any, you required, Judge Watanabe's ruling at the most recent status conference at which Ms. Spalding was in attendance made it clear that the defendant was entitled to propound only 25

**Exhibit E**

Interrogatories and 10 RFAs and RFPDs to each of the 5 "client groups". Clearly the defendant's discovery which is comprised of 15 interrogatories and 11 RFPDs to each of the 9 FFLs far exceeds the defendants entitlement. As we discussed, the original 15 interrogatories with sub-parts were in actuality 55 interrogatories by the Rodriguez counting method. I was willing to try to work with you on that issue and as you will see by the responses provided tonight, I have adhered to this agreement. I cannot however agree to respond to 135 separate interrogatories to the FFL group which, if counted using the Rodrigues method, would equal more than 350 interrogatories to the FFL's alone to say nothing of the 11 RFPDs to each FFL which is one more as to each plaintiff FFL than the defendant is entitled to and 89 more than the defendant is entitled to after Judge Watanabe's clarification.

I would propose the following. Without waiving the above objections, I will still provide you the responses for Jensen Arms, Rocky Mountain Shooter's Supply and Green Mountain Guns tonight as well as those of Goods for the Woods when I get the last few pieces of information. Recognizing that the responses for Jensen Arms alone will exhaust all of the discovery from the FFLs to which the defendant is entitled, I will nonetheless agree to supplement the responses of all four of these FFLs pursuant to our earlier agreement to the extent that is reasonable and possible. This will provide the defendant with full and complete responses from the two FFL representatives to be called as witnesses at trial as well as responses from two other FFLs. If after reviewing the responses from Burrud and Brough, the defense feels like it needs information from one of the other FFLs (except Second Amendment for the reasons previously disclosed), we can discuss what you feel you need and if we are willing and able to provide it. I think that this is a more than reasonable position in light of the court's recent clarification regarding the defendant's discovery entitlement. Please let me know your thoughts on this after you have had a chance to review what my clients have provided. As you will see, they each put a very significant amount of work into providing the information that was sought. Obviously Goods for the Woods is a much smaller and less sophisticated operation than Green Mountain Guns, Jensen Arms and Rocky Mountain Shooter's Supply which have some ability to retrieve information stored in computers but who also had to hand search boxes and boxes of old receipts, purchase orders and the like.

I look forward to hearing from you. Marc

---

**From:** Matt Grove [mailto:Matt.Grove@state.co.us]
**Sent:** Monday, October 07, 2013 4:33 PM
**To:** Marc Colin
**Cc:** Candle Maulin; Jonathon Watson; Kit Spalding
**Subject:** RE: FFL responses to written discovery

Marc,

What is the status on these? I still don't have anything from you.

**Exhibit E**

We also need to get your FFL plaintiffs on the deposition calendar.  Dates are filling quickly.  Please provide their availability.

Matt Grove

---

**From:** Marc Colin [mailto:MColin@brunolawyers.com]
**Sent:** Wednesday, October 02, 2013 5:25 PM
**To:** Matt Grove
**Cc:** Candle Maulin; Jonathon Watson
**Subject:** FFL responses to written discovery

Matt, I am doing my best but it like herding cats since most of my clients are outside the Denver area. I will have responses from the two business whose owners will be testifying (Jensen Arms-Burrud and Second Amendment-Brough) along with a few others to you tomorrow. Again, my apologies for the delay. Marc

Marc F. Colin
Partner

Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 3100
Denver, CO  80202
(303)831-1099 Main
(303)831-1088 Fax
mcolin@bcjlpc.com

**Exhibit E**