IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS' ASSOCIATION, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 54.1 REGARDING BILL OF COSTS

Counsel for Defendant certifies that she complied with D.C.COLO.LCivR 54.1 in the following manner:

1. The parties conferred on August 29, 2014. Undersigned counsel is authorized to represent that the parties agree that the following costs incurred by Defendant are taxable:

    a. Witness fees and costs: $6,617.04;

    b. Copy costs for trial exhibit copies (binders for the court, witness, and counsel): $2,051;

    c. Deposition costs in the amount of $2,824 for the depositions of Plaintiffs' witnesses who testified at trial and whose depositions were used by Defendant's counsel during cross-examination. These witnesses include: Robert Hewson, Gary Kleck, Michelle Eichler, and Doug Hamilton.

2. The parties agree, and will stipulate, that the costs of transcribing the depositions of the following witnesses are not taxable: Randy Hampton, Kevin Davis, Michael Shain, James Spoden, Michael Jones, Scott Wagner, Ronald Sloan, Cheryl Wilson, Massad Ayoob, Roger Salzgeber, Patricia Maisch, Ethan Rodriguez-Torrent, Daniel Oates, and Michael Shain. Omitting these deposition costs reduces Defendant's total cost request from $48,104.88 to $39,624.71.

3. Defendants contend that the costs of depositions of all Plaintiffs are taxable. These individuals include: Dave Gill, John Cooke, Dylan Harrell, Elisa Dahlberg, David Bayne, Timothy Brough, John Burrud, Nicholas Colglazier, J. Paul Brown, James Crone, Shayne Heap, Terry Maketa, Lou Vallario, and Justin Smith. *See Felix v. City and County of Denver*, 2011 U.S. Dist. Lexis 30545, *32 (D. Colo. 2011) (in a case discussing what costs are taxable under 28 U.S.C. § 1920, Judge Krieger held that ". . . the Court would be reluctant, in all but the most unusual cases, to find that the costs of transcribing the plaintiff's deposition are not taxable.") Not all these plaintiffs testified at trial, but all were listed on Plaintiffs' final witness list. Plaintiffs contend that these costs are not taxable.

4. Defendants contend that the costs of transcribing the depositions of some witnesses are taxable because the deposition testimony was used by Plaintiffs to impeach the witnesses at trial. These witnesses include: Andrew Logan, Lorne Kramer, Jeffrey Zax, and Dan Montgomery. Parts of the depositions

2

Case No. 1:13-cv-01300-MSK-MJW   Document 173   filed 09/02/14   USDC Colorado   pg 3 of 5

of these witnesses were admitted into evidence, and the costs of transcribing the depositions are therefore taxable. *See Anderson v. Van Pelt*, 2013 U.S. Dist. LEXIS 31612 *14 (D. Colo. 2013) (if deposition transcripts were offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy, costs may be taxed); *see also Carani v. Meisner*, 2011 U.S. Dist. LEXIS 37914 *17 - *21 (D. Colo. 2011) (the cost of transcribing depositions of a party's own witnesses may be taxable). Plaintiffs contend that these costs are not taxable.

5. Plaintiffs' counsel used depositions to cross-examine some witnesses but did not offer the depositions, or portions of the depositions, into evidence. Defendant contends that the costs of these depositions are taxable because Defendant's counsel were required to refer to the depositions to ensure the fairness and accuracy of the questions and responses. Defendant's counsel would be disadvantaged by Plaintiffs' counsel referring to deposition testimony to which Defendant's counsel had no access. The deposition testimony of the following additional witnesses was used at trial during cross examination but not offered into evidence: Daniel Webster, Douglas Fuchs, Jennifer Longdon, John Cerar, and Ernest Moore. Plaintiffs contend that these costs are not taxable.

6. The legislative history of the statues at issue was admitted into evidence, was referred to by counsel for the parties in closing arguments, and was relied upon by the court in the order dismissing Plaintiffs' claims. *See* Order of

3

Dismissal, doc. #159, at pp. 32 – 33, 35 – 36, and 38 – 39. Defendant contends that the legislative history was necessarily obtained for use in the case and that the cost of transcribing it is thus taxable pursuant to 28 U.S.C. § 1920. Plaintiffs contend that the cost of transcribing the legislative history is not a taxable cost.

Respectfully submitted this 2nd day of September, 2014.

JOHN W. SUTHERS
Attorney General

s/ *Kathleen Spalding*
KATHLEEN SPALDING*
Senior Assistant Attorney General
MATTHEW D. GROVE *
Assistant Attorney General
STEPHANIE SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General
Attorneys for Governor John W.
  Hickenlooper
*Counsel of Record
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720-508-6000

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2014 I served a true and complete copy of the foregoing CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 54.1 REGARDING BILL OF COSTS upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

*s/ Kathleen Spalding*