IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

COLORADO OUTFITTERS ASSOCIATION, et al.

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

---

RESPONSE TO CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCIVR 54.1
REGARDING BILL OF COSTS

---

COME NOW, Plaintiffs, through their respective counsel of record and pursuant to F.R.C.P. 6(b)(1)(A) and D.C.COLO.LCivR 6.1 (C), files this Response to the Certificate of Compliance Regarding Bill of Costs and states as follows:

### **General guiding legal principles**

From the Notes of Decision (West 28 U.S.C.A. § 1920):

Where a party taking a deposition has filed the transcript with the clerk, cost of extra copy is generally deemed to be for convenience of counsel and not taxable, although the court has the power to tax cost of deposition copies in proper case. <u>Advance Business Systems & Supply Co. v. SCM Corp., D.C.Md.1968, 287 F.Supp. 143</u>, affirmed and remanded on other grounds <u>415 F.2d 55</u>, certiorari denied <u>90 S.Ct. 928, 397 U.S. 920, 25 L.Ed.2d 101</u>.

Allowable costs are limited to cost of original of depositions and do not include expense of duplicate copies obtained for the convenience of counsel. <u>Erving Paper Mills v. Hudson-Sharp Mach. Co., E.D.Wis.1967, 271 F.Supp. 1017</u>.

Cost of copies of depositions obtained for counsel's use as distinguished from cost of original deposition, is not taxable as costs. Firtag v. Gendleman, D.C.D.C.1957, 152 F.Supp. 226. See, also, Christian v. Tackett, D.C.Miss.1979, 86 F.R.D. 220.

Where the filing of a deposition with the clerk of court is waived, and, as result, no copy of a transcript of deposition is available in clerk's office for use of parties, the prevailing party, whether he noticed the deposition or not, is entitled to have cost of one copy purchased by him taxed in his favor, except that party noticing a deposition is not entitled to have such cost taxed if the taking and content of the deposition was not reasonably necessary and an adverse party is not entitled to have costs taxed of so much of a transcript as covers cross-examination which was unreasonably prolonged or irrelevant. Perlman v. Feldmann, D.C.Conn.1953, 116 F.Supp. 102.

In determining whether the expense for a copy of a deposition is taxable as a cost, the trial court must determine whether all or any part of a copy of any or all of the deposition was necessarily obtained for use in the case, and in that evaluation great latitude and discretion must be accorded the trial court. Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc., N.D.Ga.1973, 60 F.R.D. 87.

## U.S. District of Colorado Authority

There is substantial authority to support the conclusion that only transcripts of an opposing party witnesses actually used at trial for impeachment or in lieu of live testimony are taxable:

Transcripts that are actually used at trial to impeach witnesses are generally taxable. James v. Coors Brewing Co., 73 F.Supp.2d 1250, 1261 (D.Colo.1999), quoting Stahl v. Sun Microsystems, Inc., 139 F.R.D. 173, 174 (D.Colo.1991). On the other hand, **transcriptions that are obtained solely for discovery purposes or for the "convenience of counsel" are generally not taxable.** Id.; Manildra Milling Corp. v. Ogilvie Mills, Inc., 878 F.Supp. 1417, 1427 (D.Kan.1995).

2

<u>Crandall v. City & Cnty. of Denver, Colo., 594 F. Supp. 2d 1245, 1248 (D. Colo. 2009)</u>

Taxable costs per 28 U.S.C. § 1920, are at the discretion of the judge. Judge Krieger has written a substantial amount on the subject:

In *Gruppo* Judge Krieger denied deposition costs because the transcript of a testifying witness was obtained in "an unfounded abundance of caution," in preparation to impeach but not used to impeach. <u>Gruppo v. FedEx Freight Sys., Inc.,</u> No. CIVA05CV02370MSKKLM, 2008 WL 3211287 (D. Colo. Aug. 6, 2008).

The prevailing party has the burden to establish that the expenses are authorized and reasonable:

> The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920. English v. Colo. Dept. of Corrections, 248 F.3d 1002, 1013 (10th Cir.2001). Expenses not specifically authorized by the statute are not recoverable as costs. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987); Bee v. Greaves, 910 F.2d 686, 690 (10th Cir.1990). Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. See U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir.1988), overruled on other grounds as recognized by Anixter v. Home–Stake Products Co., 77 F.3d 1215, 1231 (10th Cir.1996).

<u>Duran v. Koehler, No. 10-CV-01569-REB-KMT, 2014 WL 4197578 (D. Colo. Aug. 25, 2014).</u>

Judge Krieger held that prevailing defendants were not entitled to taxation of costs to depose the plaintiffs and explained:

> The Court accepts the Defendant's representation that it was reasonably necessary to depose the Plaintiffs to ascertain the nature of their complaints, the context in which they arose, and the treatment they sought. However, the need to take the deposition does not automatically translate into the need to have that deposition transcribed, and it is the transcription costs for which the Defendant seeks costs. The quoted text above does not offer any explanation as to why the Defendant found it necessary to transcribe the Plaintiffs' depositions, and in the absence of any proffered justification for doing so, the

Court must find that the Defendant has failed to carry its burden of showing such costs to be taxable.6 Accordingly, the Defendant is not entitled to taxation of these costs.

Crandall v. City & Cnty. of Denver, Colo., 594 F. Supp. 2d 1245, 1250 (D. Colo. 2009)

And in the associated footnote Judge Krieger further explains:

Once again, this is not to say that there are no circumstances in which the costs of transcribing an opposing party's deposition will be taxed; obviously, such costs are frequently awarded to the prevailing party. The Court simply observes that the Defendant here has offered no explanation whatsoever for the decision to transcribe the Plaintiffs' depositions. Moreover, in the absence of an assertion to that effect, the Court will not simply assume that the Defendant made use of the Plaintiffs' depositions during trial of this matter.

Crandall v. City & Cnty. of Denver, Colo., 594 F. Supp. 2d 1245 n.6 (D. Colo. 2009)

In *Gruppo* Judge Krieger explains that being "prepared to impeach" a witness as a reason for obtaining the transcript of a deposition was at best "an unfounded abundance of caution" when that transcript was not used at trial:

Here, the Defendant concedes that it did not actually use Mr. Drew's deposition transcript at trial. However, they contend that they "were **prepared to impeach** Mr. Drew at trial were he to stray from his testimony in that deposition. He did not stray from such testimony, but the deposition was used in trial preparation and was prepared for use in trial had his testimony been different." The Defendants do not identify any facts that, at the time the transcript was obtained, suggested that Mr. Drew's trial testimony was likely to change, such that impeachment with his deposition would be necessary. At best, the Defendants have only established that they obtained Mr. Drew's deposition out of an **unfounded abundance of caution**.3 This is insufficient to arise to the level of "necessarily obtained" sufficient to warrant the taxation of the costs of the deposition transcript . . . Accordingly, the Court declines to tax the costs of Mr. Drew's deposition.

Gruppo v. FedEx Freight Sys., Inc., No. CIVA05CV02370MSKKLM, 2008 WL 3211287 (D. Colo. Aug. 6, 2008)

Judge Krieger explains even more in footnote 3:

4

Taken to its logical extreme, any witness' trial testimony might vary from deposition testimony given by that witness. Thus, the Defendants' argument would suggest that every witness' deposition transcript would be "necessarily obtained" for use at trial, just in case it became necessary to impeach the witness.

Id.

In Karsian Judge Daniel explained that he determines "whether a transcript was necessarily obtained for use in the case . . .does not include transcripts largely procured for the convenience of counsel." Id.  In another case Judge Daniel held that:

Plaintiffs have not met their burden to show that the transcripts of the depositions of their own witnesses are authorized by Section 1920 and that they were "reasonably necessary to the litigation." Plaintiffs only argument is that the witnesses testified at trial and that the transcripts were used to prepare for trial. But Plaintiffs do not explain why this use was not simply for their convenience. As such, I affirm the Clerk's decision regarding costs.

Arapahoe Cnty. Water And Wastewater Pub. Improvement Dist. v. HDR Eng'g, Inc., No. 1:08-CV-01788-WYD-KM, 2011 WL 2433031 (D. Colo. June 16, 2011)

"[W]hen a deposition was reasonably necessary to the litigation, the resulting costs are generally allowable. However, **if the deposition was taken simply for discovery purposes, then costs are not recoverable**." *Karsian v. Inter–Regional Financial Group, Inc.,* 13 F.Supp.2d 1085,1088 (D.Colo.1998)

Based upon the above authority, it is plaintiffs' position that the only taxable costs for "Court Reporting Fees for Depositions" as cited in Exhibit A to defendant's Bill of Costs are those arising from the defendant's depositions of plaintiffs' witnesses who testified at trial where the deposition was used for impeachment of the witness by the defense. In this case, clearly, the deposition transcript costs for the plaintiffs' depositions of defense witnesses are not taxable to the plaintiffs under any circumstances based upon the above authority.  This eliminates the transcription fees for Randy Hampton, James Spoden, Andrew Logan, Michael Jones, Scott

Wagner, Ron Sloan, Ernest Moore (including the exhibit fees), Jeff Zax, Cheryl Wilson, Lorne Kramer, Roger Salzgeber, Patricia Maisch, Ethan Rodriguez-Torrent, Dan Oates, Dan Montgomery, John Cerar, Doug Fuchs, Jennifer Longdon, and Daniel Webster.

Applying the authority cited above to the circumstances of our case, Plaintiffs have identified the following plaintiffs' witness who testified at trial and whose deposition transcripts were used by the defense during cross examination: Robert Hewson, Gary Kleck, Michelle Eichler, and Doug Hamilton. Plaintiffs agree that the transcript costs for these four witness, equaling $2,824.00 are recoverable by the defendant, but that the remaining transcript costs listed on Exhibit A "Court Reporting Fees for Depositions" are not taxable as costs in this matter. All remaining plaintiffs' witnesses either did not testify at trial, or testified at trial but their depositions were not used by your office for impeachment during their testimony. As a result and based upon the above cited authority, the costs associated with the defendant obtaining these transcripts was "for the convenience of counsel" and are not recoverable.

Contrary to Defendant's contention, Judge Krieger's decision in <u>Felix v. City & County. of Denver</u>, 2011 U.S. Dist. LEXIS 30545, 2011 WL 1085766 (D. Colo. Mar. 23, 2011) (hereinafter Felix). (note: all of the citations used in this analysis are from Felix) does not support Defendant's claim for costs. Indeed, Judge Krieger's analysis in <u>Felix</u> supports Plaintiffs' claim that only items "'necessarily obtained for use in the case,' are taxable. <u>Felix</u> at 29, (citing <u>Allison v. Bank One-Denver</u>, 289 F.3d 1223, 1248-49 (10th Cir. 2002)). <u>Felix</u> was a pro-se employment discrimination case against Denver. The clerk denied costs for 8 witnesses, and a Denver expert. Only two transcripts were found to be taxable, those of the plaintiff Ms. Felix and the "key witness" Ms. Murphey. <u>Felix</u> at 28-29. In explaining that it is not always necessary to transcribe the deposition of a witness, Judge Krieger cited the holding <u>Crandall</u>:

> [T]here is a difference between the necessity of taking a deposition and the necessity of transcribing one. Crandall v. City and County of Denver, 594 F.Supp.2d 1245, 1250 & n. 6 (D. Colo. 2009). [32] **There may be circumstances where it is entirely reasonable for a party to take a deposition of the plaintiff, but conclude that it is not necessary to have that deposition transcribed.** Such cases will likely be rare. 7 (infra)

Felix at 31-32.

Judge Krieger explained that Crandall was one of those rare cases where "the relief sought was entirely prospective and the factual issues in dispute largely concerned scientific and engineering principles. The subjective complaints of the plaintiffs themselves were largely incidental to the dispute, and thus, transcription of the plaintiffs' depositions may not have been necessary." Felix footnote 7. Like Crandall, the present case is prospective, however, instead of scientific and engineering principles; this case deals with constitutional claims. Consequently, it is not a forgone conclusion that all of the plaintiff's depositions are taxable.

As an employment discrimination case complicated by a pro se litigant, Felix is distinguished from the present case. In her analysis Judge Krieger explained why the transcripts of Ms. Felix and the "key witness" Ms. Murphey were taxable:

> [T]aking the deposition of the plaintiff in a case - particularly in an employment discrimination case - will almost always be necessary. This is particularly true in cases such as this one, where the plaintiff appears pro se and pleads numerous, lengthy, and factually-complex claims for relief.
> . . .
>
> Denver specifically used Ms. Murphey's deposition testimony in its own summary judgment motion, as did Ms. Felix in her motion. Given that both parties saw fit to rely on Ms. Murphey's deposition testimony to some degree, **the Court cannot say that it was not necessary for Denver to do so.** Accordingly, the Court finds that the Clerk properly taxed the costs of Ms. Murphey's depositions.

Felix at 34.

To find Ms. Murphey's transcript taxable, it had to be "necessary for Denver" to rely on the transcript in a pre-trial motion. Judge Krieger explained that "[t]ranscripts that are obtained for use in summary judgment responses, but not used at trial, may be taxed if the depositions were **'actually utilized by the court in considering the defendant's motion**.'" Felix at 30 (citing James v. Coors Brewing Co., 73 F.Supp.2d 1250, 1261 (D.Colo. 1999) . . .) (emphasis added). From the preceding, it follows that a transcript cited in a pre-trial motion but not "actually utilized by the court" would not be taxable.

Concerning witnesses whose depositions are not used in trial or for the defendant's pre-trial motions, Judge Krieger held:

> [Denver] requests that the Court tax the costs of obtaining deposition transcripts of 8 additional witnesses. Denver acknowledges that it did not use the depositions in its summary judgment motion or response, but argues that Ms. Felix cited to each of the depositions in her own moving papers. Denver does not provide any other explanation as to what it was necessary for it to obtain these transcripts. The fact that Ms. Felix saw fit to do so at her own expense is no justification for awarding the same costs to Denver, particularly in the absence of any evidence as to why Denver considered those depositions necessary. See Crandall, 594 F.Supp.2d at 1252-53. Accordingly, the Court will not tax these costs.

Felix at 36-37.

The holding in Felix is consistent with the holdings cited above regarding, "transcriptions that are obtained solely for discovery purposes or for the 'convenience of counsel' are generally not taxable. Felix at 30 (citing Battenfield of America Holding Co. v. Baird, Jurtz & Dobson, 196 F.R.D. 613, 618 (D.Kan. 2005).

Wherefore, for the reasons more specifically set forth above, Plaintiffs request that the Defendant's Bill of Costs seeking costs to be assessed for copies of deposition transcripts for all witnesses expect Hewson, Kleck, Eichler and Hamilton be denied.

*s/ Marc F. Colin*
Marc F. Colin
BRUNO, COLIN & LOWE, P.C.
1999 Broadway, Suite 3100
Denver, Colorado 80202
Tel:  (303) 831-1099
Fax:  (303) 831-1088
E-mail:  mcolin@brunolawyers.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of September, 2014, I served a true and complete copy of the foregoing upon all counsel of record listed below via the CM/ECF system for the United States District Court for the District of Colorado:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |
| John Suthers | |
| Kathleen Spalding | |

_____
Marc F. Colin