1                    THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
2
     Civil Action No. 13-CV-1300-MSK-MJW
3

     COLORADO OUTFITTERS ASSOCIATION,
4    COLORADO FARM BUREAU,
     NATIONAL SHOOTING SPORTS FOUNDATION,
5    MAGPUL INDUSTRIES,
     COLORADO YOUTH OUTDOORS,
6    USA LIBERTY ARMS,
     OUTDOOR BUDDIES, INC.,
7    WOMEN FOR CONCEALED CARRY,
     COLORADO STATE SHOOTING ASSOCIATION,
8    HAMILTON FAMILY ENTERPRISES, INC.,
     d/b/a FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK
9    DAVID STRUMILLO,
     DAVID BAYNE,
10   DYLAN HARRELL,
     ROCKY MOUNTAIN SHOOTERS SUPPLY,
11   2ND AMENDMENT GUNSMITH & SHOOTER SUPPLY, LLC,
     BURRUD ARMS INC. D/B/A JENSEN ARMS,
12   GREEN MOUNTAIN GUNS,
     JERRY'S OUTDOOR SPORTS,
13   SPECIALTY SPORTS & SUPPLY,
     GOODS FOR THE WOODS,
14   JOHN B. COOKE,
     KEN PUTNAM,
15   JAMES FAULL,
     LARRY KUNTZ,
16   FRED JOBE,
     DONALD KRUEGER,
17   STAN HILKEY,
     DAVE STONG,
18   PETER GONZALEZ,
     SUE KURTZ,
19   DOUGLAS N. DARR,

20       Plaintiffs,

21   vs.

22   JOHN W. HICKENLOOPER, GOVERNOR OF THE STATE OF COLORADO,

23       Defendant.
     _____
24
                          **REPORTER'S TRANSCRIPT**
25                      FINAL PRETRIAL CONFERENCE
     _____

1        Proceedings before the HONORABLE MARCIA S. KRIEGER,

2   Judge, United States District Court for the District of

3   Colorado, commencing at 3:03 p.m., on the 20th day of February,

4   2014, in Courtroom A901, United States Courthouse, Denver,

5   Colorado.

6

7                            **APPEARANCES**

8        RICHARD A. WESTFALL and PETER J. KRUMHOLZ, Attorneys
    at Law, Hale Westfall, LLP, 1600 Stout Street, Suite 500,
9   Denver, Colorado, 80202, appearing for the Plaintiffs.

10       DOUGLAS ABBOTT, Attorney at Law, Holland & Hart, LLP,
    555 17th Street, Suite 3200, Denver, Colorado, 80202, appearing
11  for the Plaintiffs.

12       MARC F. COLIN, Attorney at Law, Bruno, Colin & Lowe
    P.C., 1999 Broadway, Suite 3100, Denver, Colorado, 80202,
13  appearing for the Plaintiffs.

14       ANTHONY JOHN FABIAN, Attorney at Law, 510 Wilcox
    Street, Castle Rock, Colorado, 80104, appearing for the
15  Plaintiffs.

16       DAVID BENJAMIN KOPEL, Attorney at Law, Independence
    Institute, 727 East 16th Avenue, Denver, Colorado, 80203,
17  appearing for the Plaintiffs.

18       MATTHEW DAVID GROVE, LEEANN MORRILL, KATHLEEN L.
    SPALDING, and STEPHANIE LINDQUIST SCOVILLE, Assistant Attorneys
19  General, Colorado Attorney General's Office, Ralph L. Carr
    Colorado Judicial Center, 1300 Broadway, Denver, Colorado,
20  80203, appearing for the Defendant.

21

22

23

24               THERESE LINDBLOM, Official Reporter
                901 19th Street, Denver, Colorado 80294
25           Proceedings Reported by Mechanical Stenography
                Transcription Produced via Computer

1              **P R O C E E D I N G S**

2          *THE COURT:*  We're convened this afternoon in Case No.

3    13-cv-1300, that has a number of different named parties.  The

4    matter is before the Court for purposes of considering the

5    proposed final pretrial order.

6          Could I have entries of appearances, please.

7          *MR. COLIN:*  Good afternoon, Your Honor.  Mark Colin on

8    behalf U.S.A. Liberty Arms, Rocky Mountain Shooter Supply,

9    Second Amendment Gunsmith and Shooter Apply, Jensen Arms, Green

10   Mountain Guns, Jerry's Outdoor Sports, Specialty Sports and

11   Supply, and Goods for the Woods.

12         *THE COURT:*  Thank you.

13         *MR. WESTFALL:*  Good afternoon, Your Honor.  Richard

14   Westfall of Hale Westfall.  With me at counsel table, also of

15   Hale Westfall, is Peter Krumholz.  We are appearing David

16   Bayne, Dylan Harrell, Outdoor Buddies, Inc., Colorado

17   Outfitters Association, Colorado Farm Bureau, Women for

18   Concealed Carry, and Colorado Youth Outdoors.  Thank you, Your

19   Honor.

20         *THE COURT:*  Thank you.

21         *MR. KOPEL:*  Good afternoon, Your Honor.  David Kopel

22   appearing on behalf of David Strumillo, John B. Cooke, Ken

23   Putnam, James Faull, Larry Kuntz, Fred Jobe, Donald Krueger,

24   Stan Hilkey, Dave Stong, Peter Gonzalez, Sue Kurtz, and Douglas

25   N. Darr.

1          Pursuant to your instructions at the December 19

2   hearing, my Denver University Law School class is present to

3   see how federal courts really work.

4          THE COURT:  Good.  Welcome.

5          MR. ABBOTT:  I'm Doug Abbott.  Good afternoon, Your

6   Honor.  I'm here representing Magpul Industries and the

7   National Shooting Sports Foundation.

8          THE COURT:  Good afternoon and welcome.

9          MR. FABIAN:  Good afternoon, Your Honor.  I am Anthony

10  Fabian, representing Colorado State Shooting Association and

11  Hamilton Family Enterprises.

12         THE COURT:  Good afternoon and welcome.

13         MR. GROVE:  Matthew Grove, Your Honor, on behalf of

14  the Governor.  With me at counsel table are LeeAnn Morrill,

15  Kathleen Spalding, Stephanie Scoville.

16         THE COURT:  Good afternoon and welcome.

17         I've had an opportunity to look at your proposed final

18  pretrial order.  Without expressing any opinion as to whether

19  the elements of the claims have been appropriately denominated

20  or whether the defenses have been appropriately characterized

21  as affirmative defenses, I approve the proposed final pretrial

22  order.  It indicates that there are some issues that still need

23  to be resolved, and it appears to me that your list of

24  witnesses and estimated time and list of exhibits still exceeds

25  the amount allotted for trial.

1           What that means is, you all will have to cull out what
2    it is you're going to present.  You have 30 hours on each side.
3    As I told you before, that's for everything, so all the
4    argument you want to make, it's all the examination you want to
5    engage in, it's all of your objections, it's everything.  There
6    will not be any extensions of time, so you'll all have to
7    figure out how you want to do that.
8           And as to the plaintiffs, I expect you'll coordinate
9    so there are no repetitive questions asked, there is no
10   repetitive examination or arguing with regard to objections.
11   How you want to structure your presentation of your witnesses,
12   is entirely up to you, and maybe one attorney takes the lead
13   with one witness, another does with another witness.  The only
14   thing I ask is that you be sure to tell the opposing side, the
15   defendant, what witnesses you're going to be calling at least a
16   day before they appear.
17          In addition, you'll need to have your witnesses here.
18   If you don't have a witness available to testify, you lose that
19   time.
20          Now, we do have some issues that are noted in your
21   proposed final pretrial order.  First, I understand you want to
22   file trial briefs.  You're free to file trial briefs.  They
23   should be filed by March 14.
24          Secondly, apparently the defendant wants to raise
25   standing issues.  Is that right?

1      MR. GROVE:  Yes, Your Honor.  It would be

2  encompassed -- I think the facts need to come out before some

3  of the standing issues could be raised.

4      THE COURT:  Well, that's a problem, because generally

5  standing is determined before any evidence is received.

6  Whether this court has jurisdiction depends upon the facts as

7  they have been alleged, not the facts as established at trial.

8      So are you going to have standing issues before trial?

9      MR. GROVE:  Based on some of the stipulations, I do

10  think that we could raise them.

11      THE COURT:  Well, we're pretty far down this path.  If

12  you intend to raise standing issues -- the reason we raise

13  standing issues, let me start with, is so that we can avoid

14  having a trial if one is not appropriate.  If the Court doesn't

15  have jurisdiction to decide something, that's something the

16  Court has to decide before we get to the merits.  And that's

17  why I mentioned "standing" back in July.  If you want to

18  proceed with standing, you may file a brief addressing standing

19  issues.  That brief must be filed by March 7, and any

20  responsive brief must be filed by March 14.

21      Then we have -- it looks like a couple of outstanding

22  motions.  The ones that I have before me are an -- a motion for

23  leave to restrict at Docket No. 124 and a motion for an order

24  to close the courtroom, found at Docket No. 123.

25      Ms. Glover, were both of these motions -- would you

7

1    check and see if these were posted for public review on the

2    website?

3                You're not finding them on the website?

4                COURTROOM DEPUTY:  It's more my deficiency in doing

5    so.

6                THE COURT:  Counsel, were they posted?

7                MR. GROVE:  I haven't actually looked at that, Your

8    Honor.

9                THE COURT:  Okay.

10               MR. KOPEL:  Nor have I checked on that.

11               THE COURT:  Okay.  Our local rules provide that they

12   have to be posted on the website, and they have to be posted

13   for at least three days.  The reason is because the public has

14   a right to respond.  It's not good enough that the parties to a

15   lawsuit agree that something be restricted or that the

16   courtroom be closed, because the public has an interest in

17   having access to the proceedings and the evidence that is

18   presented here in the courtroom.  That's how the public can

19   double-check on the process, so we don't have a star chamber.

20   And that's why it's not sufficient for the parties to just

21   agree that certain evidence won't be made available to the

22   public or that the courtroom will be closed at a particular

23   period in time.

24               I don't know whether these have been posted for the

25   full amount of time required.  I'm guessing that they may have,

1   because they were filed on February 14.  But without being sure

2   that that's the case, I can't be sure that I can rule on them

3   today.

4          With regard to these, however, I will note this:  I am

5   disinclined toward closing the courtroom or restricting access

6   to evidence that is presented.  Our local rules provide that

7   that kind of restriction of public access will occur only when

8   there is no other viable means to serve the protective purpose

9   that has been articulated.

10         With regard to both of these motions, having looked

11   carefully at them, I am not satisfied that all other available

12   means have been considered.  So I strongly request that counsel

13   consider all available means other than the relief requested.

14         Let me give you some examples.  First of all, think

15   about whether or not the evidence is really relevant.

16   Secondly, to the extent it is relevant, is all of it relevant?

17   Third, has it been presented in some other time or place or

18   manner?

19         So, for example, testimony you would like to elicit

20   during the trial, if that is part of a record of something

21   else, perhaps that record can be used.

22         In addition, are these facts that can be stipulated

23   to?  Many of the references that are made in these motions are

24   of marginal relevance to the issues we're going to be dealing

25   with.  Certainly, not everything that is referred to is

1    relevant.  So the question is, what is relevant?

2            In addition to that, some of what the parties seek to

3    present may be able to be stipulated to without disclosure of

4    the portion of the information that you're most concerned about

5    keeping confidential.  So, creativity.

6            What I'm seeing now from my staff that's looking at

7    the website is, Docket No. 124, the motion to restrict, was

8    posted on February -- I'm sorry, February 18.  The objection

9    deadline for the public is February 21.  The motion at Docket

10   No. 123 was never posted.

11           Ms. Glover, would you please make a note in the

12   minutes that the clerk is directed to post Docket No. 123.

13           *COURTROOM DEPUTY:*  Sure.

14           *THE COURT:*  I will wait the requisite time period

15   before I consider these motions.  And if you would like to

16   amend the motion in that time period, you're free to do so.

17           Mr. Kopel.

18           *MR. KOPEL:*  Your Honor, I, too, found the record

19   showing that the motion on our side was filed on February 14

20   and posted on the 18th.  In light of your instructions, we

21   withdraw the motion, for the reasons you have suggested, that

22   the information has been presented elsewhere.

23           Thank you, Your Honor.

24           *THE COURT:*  All right.  Docket No. 124 is withdrawn.

25           Let me ask you if there is anything you want to know

```
 1    about the trial process that would assist you in preparing.
 2           MR. COLIN:  Your Honor, not so much in the form of a
 3    question about the trial process, but I think all of the
 4    parties have indicated in the proposed final pretrial order
 5    that we believe trial briefs are appropriate.  And I think the
 6    Court has dealt with that issue.  But we've also been
 7    discussing among ourselves potentially submitting closing
 8    arguments in writing and proposed findings of fact and
 9    conclusions of law.
10           THE COURT:  No, thank you.
11           MR. COLIN:  All right.  That's all I've got on that
12    issue, then.
13           THE COURT:  Thank you.
14           MR. KOPEL:  Your Honor, we have one ministerial
15    question on the filing of the pretrial briefs.  You had
16    suggested that the date was March 14.  Would that be March 14
17    at 11:59 or March 14 by the court's close of business at 5:00.
18           THE COURT:  That's governed by our local rules.
19           MR. KOPEL:  Thank you, Your Honor.  Then my
20    understanding is that would make it 11:59.  Thank you.
21           THE COURT:  Correct.
22           MR. GROVE:  I have a few, Your Honor.
23           THE COURT:  Sure.
24           MR. GROVE:  So just a couple of structural questions
25    to begin with.  As the Court knows, there are about half a
```

1    dozen -- I think there are half a dozen 702 motions that are

2    outstanding, and the Court has indicated we would take those in

3    stride as part of the trial.

4         THE COURT:  Let me explain how that works.  This is a

5    trial to the bench.  I will not be ruling on those 702 motions.

6    I will be taking your objections in mind when I make the final

7    determination on the issues.

8         MR. GROVE:  And does Your Honor anticipate -- in your

9    702 rules, the way that it is structured is -- for a 702

10   hearing, as I understand it, the experts list out the opinions,

11   and then for any that the opposing party objects to, they

12   conduct a voir dire on that, and then there is a ruling.  Does

13   the Court anticipate following that structure, understanding

14   that there wouldn't be a ruling from the bench?

15        THE COURT:  No.

16        MR. GROVE:  Just a general direct and then a cross?

17        THE COURT:  Right.  You've made your objections.

18   Since it's a trial to the bench, there is no need for going

19   through that exercise, because to the extent I agree with an

20   objection, I'll disregard the evidence.

21        MR. GROVE:  That makes sense.  Thank you for the

22   clarification.

23        THE COURT:  Uh-huh.

24        MR. GROVE:  I have a few other issues, if you don't

25   mind.

1           There is a -- sort of a lingering dispute between the

2    parties about the continued viability of Count 2 of the Fourth

3    Amended Complaint.  And we'd like an opportunity to either

4    argue it or file a motion in limine before we get to trial so

5    we know exactly what is at issue here and what is not.

6           THE COURT:  Well, you're welcome to argue it.  I don't

7    think there is a big issue here.  I know you think there is a

8    big issue, but for me it's not a big issue.  It's a matter of

9    how it's been styled.  I have not ruled on anything in a

10   substantive fashion.  I regarded two claims as a single claim

11   in my prior ruling.  I likely will do the same thing when I

12   rule on this here, but it doesn't change how you're going to be

13   presenting your evidence.  There has been no dispositive

14   determination with regard to that.

15           MR. GROVE:  Okay.

16           THE COURT:  Does that help?

17           MR. GROVE:  I think that's the clarification that we

18   needed, yes.

19           THE COURT:  Okay.

20           MR. GROVE:  A couple of other housekeeping issues.  I

21   don't know how closely we need to adhere to the witnesses who

22   are listed with respect to the pretrial order.  There is one

23   omission that I can tell you about now in one of the claims.

24           THE COURT:  I'm not sure what you mean.  There is

25   someone you didn't list that you would like to call?

1          MR. GROVE:  She's listed on the exhibit list, we just

2     did not list her with respect to a particular claim.

3          THE COURT:  It's not an issue.

4          MR. GROVE:  Legislative history is another issue for

5     this case.  It's voluminous.  We've got it all.  We've got it

6     on the exhibit list.  I presume the Court doesn't want to read

7     all 1,000 or 2,000 pages of it.  I was going to propose that we

8     submit it and highlight for the Court the sections that we

9     think are pertinent.

10         THE COURT:  No highlighting.

11         MR. GROVE:  Okay.

12         THE COURT:  And no repetitive information.  If it's in

13    the legislative history, then you shouldn't be presenting

14    evidence on it.

15         MR. GROVE:  Would the Court prefer that we don't

16    submit legislative history at all?

17         THE COURT:  It's up to you.  It's your case.  But we

18    don't need to have legislative history and duplicative

19    presentation of evidence.

20         MR. GROVE:  The difficulty for us, Your Honor, is that

21    we are -- the state is required to, at least in the plaintiffs'

22    view, advance the same rationale for the legislation as part of

23    our case as was advanced in the legislature.  And so what we'd

24    like to do is at least demonstrate that those two things are

25    the same.  We can do that in probably 10 or 15 pages of

1    legislative history.  If you'd prefer, we could excerpt that

2    and submit it.

3         THE COURT:  I'm not quite understanding, I'm sorry.  I

4    can never understand why you wanted to put on evidence in

5    addition to your legislative history, because you're exactly

6    right, you're bound by the rationale that was articulated at

7    the time that of the enactment.  So I presumed your case would

8    be your legislative history.  So I'm -- I mean, if your thought

9    is that somehow having people here to talk to me is going to be

10   more persuasive to me, it's not.

11        MR. GROVE:  I'm sorry.  I don't think I explained

12   myself very clearly.  All we want to do is make sure that the

13   record that presumably is going to go up to the Tenth Circuit

14   in this case reflects that in the event that we are required --

15   that the state is required to advance the same justifications

16   to the Court as it did in the legislature, that those two

17   things are essentially the same.  That for the large-capacity

18   magazine limitation, that the legislature talked about this and

19   this and this and that we present additional justification for

20   it here.  We explain that in more detail than perhaps -- and in

21   sworn testimony than perhaps got introduced in the legislature.

22   It's not -- the quality of the evidence, the type of the

23   evidence is not any different.  We just want to make sure that

24   we have the record and the Court has what it needs in order to

25   make the rational basis or intermediate scrutiny analysis it

1    needs to make.

2         *THE COURT:*  I understand you want to have a good

3    record for the Tenth Circuit.  We all do.  I don't want

4    duplicative evidence in the record.  So if there was testimony

5    by someone before a committee that is part of your legislative

6    history, then I don't want to have the testimony before the

7    committee in writing, as part of an exhibit, and then have the

8    same person come in here and testify before me.

9         *MR. GROVE:*  Now I understand.  I don't think that we

10   have any duplicative testimony of that type.

11        *THE COURT:*  Okay.

12        *MR. GROVE:*  It's more, the sponsor says this is why we

13   did this, in the legislative history.  We're not having any

14   bill sponsors or anything come in here.

15        *THE COURT:*  Okay.  I'm concerned about duplication.

16        *MR. GROVE:*  That's not a concern.

17        *THE COURT:*  Okay.  Good.

18        *MR. GROVE:*  Rebuttal witnesses, we had some discussion

19   amongst ourselves.  Obviously, it's hard to anticipate whether

20   you need a rebuttal witness.  I want to make sure, do rebuttal

21   witnesses need to be listed on our current witness list?

22        *THE COURT:*  No.

23        *MR. GROVE:*  Okay.  So we're not psychic, so I wanted

24   to make sure.

25             It sounds like from what you were saying about

 1    managing our own time, that you'll be flexible with this.  We

 2    have -- I think both sides have witnesses who are -- for

 3    example, we have a surgeon who has a surgery scheduled, and

 4    it -- he's only available for a few hours during one day.  Will

 5    the Court have some flexibility if we need to fit him in?

 6         THE COURT:  I have no concern about who testifies

 7    when.  I'm here to listen to what you want to present.  And how

 8    you want to coordinate the presentation of evidence is entirely

 9    up to you.  It's a good idea to be thoughtful of the people who

10    have schedules that have to be accommodated.

11         MR. GROVE:  Okay.

12         Can I have just a moment?

13         THE COURT:  Sure.

14         MR. GROVE:  There is one more thing, Your Honor.  With

15    respect to the 702 motions, we were very careful to comply with

16    the Court's restrictions on what can be raised and what can't.

17    We have a couple of concerns about whether at least one of

18    those experts has expressed, well, legal opinions.  And I

19    wanted to see if the Court had any interest in entertaining a

20    motion in limine on those.

21         THE COURT:  No.  Because if I think it's a legal

22    opinion, I'll disregard it.

23         MR. GROVE:  Fair enough.

24         That's all for the Government.

25         THE COURT:  Okay.  Thank you.

1            Yes, sir.

2            *MR. COLIN:*  If I may, Your Honor.

3            *THE COURT:*  Uh-huh.

4            *MR. COLIN:*  I apologize for not raising this a few

5   moments ago.

6            One minor procedural question, the due date for the

7   filing of the exhibits, the final exhibit exchange, falls on a

8   Saturday.  So would that move us to March 3, which would be the

9   following Monday?

10           *THE COURT:*  I don't care when you exchange your

11  exhibits.  You need to have them here for trial.

12           *MR. COLIN:*  Understood.

13           *THE COURT:*  And you need to be -- have them in

14  notebooks for Ms. Glover.  So however you're going to do that,

15  please do it.

16           *MR. COLIN:*  All right.

17           *THE COURT:*  It's most helpful if you don't put them in

18  separate notebooks.  It's most helpful if you don't put them in

19  large notebooks.  It's most helpful if you don't put all of

20  them in, only the ones that you really are going to admit.  If

21  you've got other exhibits that you think you might want to

22  admit, you might need to bring them in for rebuttal, or someone

23  says something unexpectedly -- I always call those comfort

24  exhibits -- keep them at counsel table.  We can mark them and

25  insert them when you need to admit them.

1            But for witnesses and, frankly, for me, trying to

2    handle large notebooks with lots of exhibits in them, most of

3    which are not being referred to by a witness, is very

4    difficult.  If you can put yourselves in the shoes of the

5    witness and my shoes with regard to those exhibits, we'd be

6    most appreciative.

7            MR. COLIN:  Understood.  We'll do that.

8            THE COURT:  Thank you.

9            And is anyone going to be relying upon deposition

10   testimony?

11           MR. COLIN:  You anticipated my next question.

12   Actually, it's not really a reliance on deposition testimony in

13   lieu of live testimony, but for one particular witness.  There

14   was an individual named Wagner who was identified as an expert

15   by the defense.  He was converted to a lay witness as the case

16   proceeded, and we had anticipated that the defense would be

17   calling him at trial.  He is not on their witness list.  We

18   have spoken to the defense.  They have an objection --

19   potential objection to the relevance of this testimony.  But

20   the bottom line is, the only purpose for calling him as a live

21   witness would be to introduce a couple of very brief excerpts

22   or recite a couple of very brief areas from his deposition,

23   less than a page apiece.

24           We, I think, have reached a tentative agreement, with

25   the Court's permission, in lieu of calling this witness as a

1  live witness.  We would simply offer these two excerpts,

2  subject, however to Mr. Grove and the defendant's objection to

3  relevance.

4      Would that be a procedure that would be acceptable to

5  the Court?

6      THE COURT:  With regard to deposition testimony, it

7  requires a reader.  I'm not going to take depositions back to

8  chambers and read them.  So if you plan on and agree to use

9  deposition testimony, you need somebody here to read the

10  deposition.  It's up to you to decide whether or not you think

11  that deposition testimony is admissible or you can agree to use

12  it.  I'm not going to tell you what to do on that.  That's

13  something that you all can work out.

14      MR. COLIN:  Understood.  Okay.  That was my question.

15  Thank you, Your Honor.

16      THE COURT:  Okay.

17      MR. GROVE:  One more issue.  I think both sides have

18  witnesses who are in wheelchairs.  I don't know if that's going

19  to be an issue, if the Court needs to know about in advance.

20      THE COURT:  Appreciate you letting us know.  We have

21  the ability to accommodate wheelchairs.  I would suggest that,

22  counsel, you not sit on both sides of the table, where you move

23  your seats when you have someone who is going to be testifying

24  by wheelchair.  There is an extension that extends from the

25  witness box to allow a person to sit there in a wheelchair, so

 1    that's not a difficulty.

 2            Any other accommodations we need to make, any

 3    accommodations for hearing, sight, things like that?

 4            MR. KOPEL:  Not from the plaintiffs, Your Honor.

 5            MR. GROVE:  No, Your Honor.

 6            THE COURT:  Okay.  Any other questions you have about

 7    the trial process that you would like to get resolved at this

 8    point?

 9            MR. GROVE:  I know these courts are technologically

10    advanced.

11            THE COURT:  Used to be.

12            MR. GROVE:  Would it be -- would it be possible to

13    schedule a time with court staff to come in and figure out what

14    we can do?

15            THE COURT:  That's a good idea.  You can talk with

16    Ms. Glover.  You make the appointment with her.  Don't send

17    your paralegals.  Come yourself.

18            Anybody else?  Any other questions?

19            Okay.  This promises to be an interesting trial.  I'll

20    look forward to seeing you on the first day of trial.  We will

21    start at 8:30 a.m. that first morning.  And I ask you to be

22    sure that everything's ready to roll so we can make the best

23    use of our time beginning that day and each day thereafter.

24            You've got a little bit of time for filing briefs, and

25    you can expect that I will have reviewed your briefs and also

1    all of your 702 objections, categorizing as to each witness

2    what your objections are.

3            Thank you very much.  We'll stand in recess.

4            (Recess at 3:37 p.m.)

5                         REPORTER'S CERTIFICATE

6

7        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.

8

9        Dated at Denver, Colorado, this 30th day of September,

10   2014.

11                                   s/Therese Lindblom

12                         _____

13                         Therese Lindblom,CSR,RMR,CRR

14

15

16

17

18

19

20

21

22

23

24

25